**Greg J. Fuller**
**Daniel S. Brown**
**FULLER LAW OFFICES**
Attorneys at Law
161 Main Avenue West
P. O. Box L
Twin Falls, ID 83303
Telephone: (208) 734-1602
Facsimile : (208) 734-1606
ISB #1442
ISB #7538
fullerlaw@cableone.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

* * * * *

| | | |
|---|---|---|
| JOHN and JANE DOES 1-104, | ) | Case No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | COMPLAINT FOR |
| vs. | ) | INJUNCTIVE AND |
| | ) | DECLARATORY RELIEF |
| LAWRENCE  WASDEN, Attorney General | ) | |
| of the State of Idaho; KEVIN KEMPF, | ) | |
| Director of the Idaho Department of | ) | |
| Correction; TERRY KIRKHAM, Chief | ) | |
| Department of Correction Probation and | ) | |
| Parole Division, SEXUAL OFFENDER | ) | |
| MANAGEMENT BOARD and its | ) | |
| members, JON BURNHAM, MICHAEL | ) | |
| JOHNSTON, Ph.d., MOIRA LYNCH, | ) | |
| JEFFREY BETTS, ERWIN | ) | |
| SONNENBERG, JEAN FISHER, PAULA | ) | |
| GARAY, SHERIFF MATTHEW THOMAS, | ) | |
| KIMBERLY SIMMONS, WILLIAM | ) | |
| CRAWFORD and CHRISTINA IVERSON, | ) | |
| in their official capacities; COLONEL | ) | |
| RALPH POWELL, Director,  IDAHO | ) | |
| STATE POLICE, STEVEN BARTLETT, | ) | |
| ADA COUNTY SHERIFF; LORIN | ) | |
| NIELSEN,  BANNOCK COUNTY | ) | |

SHERIFF; BRENT T. BUNN, BEAR LAKE)
COUNTY SHERIFF; CRAIG T.            )
ROWLAND, BINGHAM COUNTY             )
SHERIFF; PAUL J. WILDE,             )
BONNEVILLE COUNTY SHERIFF;          )
KIERAN DONAHUE, CANYON COUNTY)
SHERIFF; MICHAEL HADERLIE,          )
CARIBOU COUNTY SHERIFF; JAY         )
HEWARD, CASSIA COUNTY SHERIFF;  )
RICK LAYHER, ELMORE COUNTY          )
SHERIFF; DAVID FRYAR, FRANKLIN      )
COUNTY SHERIFF; CHARLES             )
ROLLAND, GEM COUNTY SHERIFF;        )
SHAUN GOUGH, GOODING COUNTY         )
SHERIFF; STEVE ANDERSON,            )
JEFFERSON COUNTY SHERIFF; DOUG  )
McFALL, JEROME COUNTY SHERIFF;   )
LYNN D. BOWERMAN, LEMHI COUNTY)
SHERIFF; KEVIN ELLIS, LINCOLN       )
COUNTY SHERIFF; ERIC SNARR,         )
MINIDOKA COUNTY SHERIFF; JOE        )
RODRIGUEZ, NEZ PERCE COUNTY         )
SHERIFF; TONY LIFORD, TETON         )
COUNTY SHERIFF; TOM CARTER,         )
TWIN FALLS COUNTY SHERIFF, and;     )
PATTI BOLEN, VALLEY COUNTY          )
SHERIFF,                            )
                                    )
        Defendants.                 )

*  *  *  *  *

COME NOW The Plaintiffs, John and Jane Does 1-104, by and through the

undersigned attorneys, Fuller Law Offices, and file this Complaint for Injunctive and

Declaratory Relief.   This is an action under 42 U.S.C. Section 1983 to address the

unconstitutionality of Idaho's Sexual Offender Registration Notification and Community

Right-to-Know Act (hereinafter referred to as Sex Offender Registry) as last amended by the

Idaho State Legislature July 1, 2016.  Plaintiffs challenge the Sex Offender Registry and

accompanying statutes/laws to be in violation of the U.S. and Idaho Constitutions and ask

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 2

to permanently enjoin the Defendants from enforcing said laws.

## NATURE OF THE ACTION

As alleged with greater particularity below, Plaintiffs allege that specific provisions of the Sex Offender Registry and accompanying statutes/laws are unconstitutionally vague in violation of the due process protections of the U.S. and Idaho Constitutions and amount to retroactive punishment, in violation of the *ex post facto* clause of the U.S. Constitution and the retroactivity clause of the Idaho Constitution. Plaintiffs also allege that the Sex Offender Registry and accompanying statutes/laws further violate the Due Process, Substantive Due Process, Equal Protection, Double Jeopardy, Contracts, and Takings clauses of the U.S. and Idaho Constitutions. Plaintiffs also allege that the Sex Offender Registry and accompanying statutes/laws violate their rights to acquire, possess and protect property; their rights to seek and obtain safety and happiness; their rights to travel, life and liberty; and their rights to freedom of association and religion protected by the First Amendment and Due Process Clause of the U.S. Constitution, as well as Article 1, Sections 4 and 13 of the Idaho Constitution. Additionally, Plaintiffs allege that the Sex Offender Registry and accompanying statutes/laws constitute cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and Article 1, Section 6 of the Idaho Constitution. Finally, Plaintiffs allege that the Sex Offender Registry and accompanying statutes/laws violate the Separation of Powers doctrine of the Idaho Constitution. Plaintiffs are challenging the Sex Offender Registry and laws both facially and as applied to them.

## I. JURISDICTION

1. This Court has original subject matter jurisdiction over the federal Constitutional violations alleged in this Complaint pursuant to the provisions of 42 U.S.C. Section 1983 and

28 U.S.C. Sections 1221 and 1343.  Pursuant to 28 U.S.C. Section 1367(a), this Court has supplemental jurisdiction over Plaintiffs state law claims.  This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. Section 2201 and 42 U.S.C. Section 1983.

2.  Venue is proper in the District of Idaho pursuant to 28 U.S.C. Section 1391.  All parties work and reside in Idaho, and all actions pertinent to this complaint occurred in the State of Idaho.

## II.  PARTIES

3.  Plaintiff, John Doe 1, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Elmore County, State of Idaho in 1984.  His offense was not considered aggravated until July 1, 2009, twenty-five (25) years after the conviction date. John Doe 1 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

4.  Plaintiff, John Doe 2, a resident of Ada County, State of Idaho, was convicted of two counts of a sexual offense in Ada County, State of Idaho in 1989.  His offense was not considered aggravated until July 1, 2009, twenty (20)  years after the date of conviction. John Doe 2 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.  John Doe 2 petitioned to be released from the Idaho Sex Offender Registry in 2007, but was denied.

5.  Plaintiff, John Doe 3, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 1999.  His offense was not considered aggravated until July 1, 2009, ten (10) years after the conviction date.  John Doe 3 is now required to register for life as an aggravated offender on the Idaho Sex

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 4

Offender Registry.

6. Plaintiff, John Doe 4, a resident of Bonneville County, State of Idaho, was convicted of a sexual offense in Cassia County, State of Idaho in 1988. His offense was not considered aggravated until July 1, 2009, twenty-one (21) years after the date of conviction. John Doe 4 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

7. Plaintiff, John Doe 5, a resident of Williamson County, State of Texas, was convicted of a sexual offense in Jerome County, State of Idaho in 1988. His offense was not considered aggravated until July 1, 2009, twenty-one (21) years after the date of conviction. John Doe 5 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

8. Plaintiff, John Doe 6, a resident of Cassia County, State of Idaho, was convicted of a sexual offense in Cassia County, State of Idaho in 1991. His offense was not considered aggravated until July 1, 2009, eighteen (18) years after the date of conviction. John Doe 6 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

9. Plaintiff, John Doe 7, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Bannock County, State of Idaho in 1992. His offense was not considered aggravated until July 1, 2009, seventeen (17) years after the date of conviction. John Doe 7 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

10. Plaintiff, John Doe 8, a resident of Jerome County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho and a sexual offense in Jerome

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 5

County, State of Idaho in 1994. John Doe 8 petitioned to be removed from the registry in 2011, but was denied. His offense was not considered aggravated until July 1, 2009, fifteen (15) years after the date of conviction. John Doe 8 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

11. Plaintiff, John Doe 9, a resident of Canyon County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1992. His offense was not considered aggravated until July 1, 2009, seventeen (17) years after the conviction date. John Doe 9 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

12. Plaintiff, John Doe 10, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Jerome County, State of Idaho in 1992. He petitioned to be released from the sex offender registry in 2004 and was denied. His offense was not considered aggravated until July 1, 2001, nine (9) years after the date of conviction. John Doe 10 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

13. Plaintiff, John Doe 11, a resident of Bingham County, State of Idaho, was convicted of a sexual offense in Cassia County, State of Idaho in 1993. His offense was not considered aggravated until July 1, 2001, eight (8) years after the conviction date. John Doe 11 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

14. Plaintiff, John Doe 12, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Nez Perce County, State of Idaho in 1995. His offense was not considered aggravated until July 1, 2009, fourteen (14) years after the conviction date. John

Doe 12 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

15. Plaintiff, John Doe 13, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Canyon County, State of Idaho in 1990. His offense was not considered aggravated until July 1, 2001, eleven (11) years after the conviction date. John Doe 13 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

16. Plaintiff, John Doe 14, a resident of Franklin County, State of Idaho, was convicted of a sexual offense in Franklin County, State of Idaho in 1993. His offense was not considered aggravated until July 1, 2009, sixteen (16) years after the date of conviction. John Doe 14 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

17. Plaintiff, John Doe 15, a resident of Minidoka County, State of Idaho, was convicted of a sexual offense in Cassia County, State of Idaho in 1996. He was released from incarceration in June, 2000 and began registering as a violent sexual predator on the Idaho Sex Offender Registry. John Doe 15 should have had standing to be released from the Sex Offender Registry in June, 2010 based on Smith v. State.

18. Plaintiff, John Doe 16, a resident of Bannock County, State of Idaho, was convicted of a sexual offense in Bannock County, State of Idaho in 2002. His offense was not considered aggravated until July 1, 2009, seven (7) years after the date of conviction. John Doe 16 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

19.  Plaintiff, John Doe 17, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 2002.  His offense was not considered aggravated until July 1, 2009, seven (7) years after the conviction date.  John Doe 17 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

20.  Plaintiff, John Doe 18, a resident of Lincoln County, State of Idaho, was convicted of a sexual offense in Lincoln County, State of Idaho in 1989.  His offense was not considered aggravated until July 1, 2001, twelve (12) years after the conviction date.  John Doe 18 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

21.  Plaintiff, John Doe 19, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 2002.  His offense was not considered aggravated until July 1, 2009, seven (7) years after the date of conviction.  John Doe 19 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

22.  Plaintiff, John Doe 20, a resident of Teton County, State of Idaho, was convicted of a sexual offense in Teton County, State of Idaho in 2001. John Doe 20's offense was not considered aggravated until July 1, 2009, eight (8) years after the conviction date.  John Doe 20 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

23.  Plaintiff, John Doe 21, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 2001. His offense was not considered aggravated until July 1, 2009, eight (8) years after the date of conviction.

John Doe 21 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

24.   Plaintiff, John Doe 22, a resident of Bonneville County, State of Idaho, was convicted of a sexual offense in Bonneville County, State of Idaho in 1991.  His offense was not considered aggravated until July 1, 2001, ten (10) years after the date of conviction.  John Doe 22 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

25.   Plaintiff, John Doe 23, a resident of Valley County, State of Idaho, was convicted of a sexual offense in Canyon County, State of Idaho in 2000.  His offense was not considered aggravated until July 1, 2009, nine (9) years after the date of conviction.  John Doe 23 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

26.   Plaintiff, John Doe 24, a resident of Lincoln County, State of Idaho, was convicted of a sexual offense in Lincoln County, State of Idaho in 2002.  His offense was not considered aggravated until July 1, 2009, seven (7) years after the date of conviction.  John Doe 24 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

27.   Plaintiff, John Doe 25, a resident of Butte County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 1990.  His offense was not considered aggravated until July 1, 2009, nineteen (19) years after the date of conviction.  John Doe 25 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

28.  Plaintiff, John Doe 26, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Bonneville County in 1988.  His offense was not considered aggravated until July 1, 2009, twenty-one (21) years after the conviction date. John Doe 26 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

29.  Plaintiff, John Doe 27, a resident of Minidoka County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1992.  His offense was not considered aggravated until July 1, 2009, seventeen (17) years after the date of conviction. John Doe 27 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

30.  Plaintiff, John Doe 28, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Gem County, State of Idaho in 1991.  His offense was not considered aggravated until July 1, 2009, eighteen (18) years after the date of conviction.  John Doe 28 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

31.  Plaintiff, John Doe 29, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Jerome County, State of Idaho in 1994.  His offense was not considered aggravated until July 1, 2009, fifteen (15) years after the date of conviction.  John Doe 29 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

32.  Plaintiff, John Doe 30, a resident of Jerome County, State of Idaho, was convicted of a sexual offense in Jerome County, State of Idaho in 1991.  His offense was not considered aggravated until July 1, 2001, ten (10) years after the date of conviction.  John

Doe 30 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

33. Plaintiff, John Doe 31, a resident of Franklin County, State of Idaho, was convicted of a sexual offense in Franklin County, State of Idaho in 1997. His offense was not considered aggravated until July 1, 2009, twelve (12) years after the date of conviction. John Doe 31 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

34. Plaintiff, John Doe 32, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 2005. His offense was not considered aggravated until July 1, 2009, four (4) years after the date of conviction. John Doe 32 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

35. Plaintiff, John Doe 33, a resident of Cassia County, State of Idaho, was convicted of a sexual offense in Cassia County, State of Idaho in 2003. His offense was not considered aggravated until July 1, 2009, six (6) years after the date of conviction. John Doe 33 is now required to register for life on the Idaho Sex Offender Registry.

36. Plaintiff, John Doe 34, a resident of Franklin County, State of Idaho, was convicted of a sexual offense in Franklin County, State of Idaho in 2003. His offense was not considered aggravated until July 1, 2009, six (6) years after the date of conviction. John Doe 34 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

37. Plaintiff Jane Doe 35, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1996. Her offense was not considered aggravated until July 1, 2009, thirteen (13) years after the date of conviction. Jane Doe 35

is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

38.   Plaintiff Jane Doe 36, a resident of Minidoka County, State of Idaho, was convicted of a sexual offense in Cassia County, State of Idaho in 2004.  Her offense was not considered aggravated until July 1, 2009, five (5) years after the date of conviction.  Jane Doe36 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

39.   Plaintiff, John Doe 37, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 2007.  His offense was not considered aggravated until July 1, 2009, two (2) years after the conviction date.  John Doe 37 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

40.   Plaintiff, John Doe 38, a resident of Twin Falls County, State of Idaho, was convicted of two counts of a sexual offense in Twin Falls County, State of Idaho in 2006.  His offense was not considered aggravated until July 1, 2009, three (3) years after the date of conviction.  John Doe 38 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

41.   Plaintiff, John Doe 39, a resident of Ada County, State of Idaho, was convicted of two counts of a sexual offense in 2013.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 39 is eligible to petition the Court to be removed from the Idaho Sex Offender Registry.

42.   Plaintiff, John Doe 40, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 2006.  He is not a recidivist, did not

commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 40 is eligible to petition the Court to be removed from the Idaho Sex Offender Registry.

43.   Plaintiff, John Doe 41, a resident of Franklin County, State of Idaho, was convicted of a sexual offense in Franklin County, State of Idaho in 1996.  His is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 41 will be eligible to petition to the Court to be removed from the Idaho Sex Offender Registry in 2018.

44.   Plaintiff, John Doe 42, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Elmore County, State of Idaho in 2004.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 42 will be eligible to petition to the Court to be removed from the Idaho Sex Offender Registry in 2021.

45.   Plaintiff, John Doe 43, a resident of Ada County, State of Idaho, was convicted of six (6) counts of a sexual offense in Valley County, State of Idaho in 2004. He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 43 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

46.   Plaintiff, John Doe 44, a resident of Twin Falls County, State of Idaho, was convicted of two (2) sexual crimes in Twin Falls County, State of Idaho in 1992.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 44 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.  However, John Doe 44 did attempt to be removed from the

registry in 2006 and was denied.

47.  Plaintiff, John Doe 45, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1999.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 45 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

48.  Plaintiff, John Doe 46, a resident of Boise County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1989.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 46 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

49.  Plaintiff, John Doe 47, a resident of Gooding County, State of Idaho, was convicted of a sexual offense in Bannock County, State of Idaho in 1993.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 47 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

50.  Plaintiff, John Doe 48, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1999.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 48 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

51. Plaintiff, John Doe 49, a resident of Caribou County, State of Idaho, was convicted of a sexual offense in Caribou County, State of Idaho, in 1989.  His offense was

not considered aggravated until July 1, 2009, twenty (20) years after the conviction date. John Doe 103 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

52.  Plaintiff, John Doe 50, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1991.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 50 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

53.  Plaintiff, John Doe 51, a resident of Bingham County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 2002.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 51 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

54.  Plaintiff, John Doe 52, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Canyon County, State of Idaho in 2002.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 52 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

55.  Plaintiff, John Doe 53, a resident of Elmore County, State of Idaho, was convicted of a sexual offense in Elmore County, State of Idaho in 1992.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 53 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 15

56.  Plaintiff, John Doe 54, a resident of Bonneville County, State of Idaho, was convicted of a sexual offense in Jefferson County, State of Idaho in 2003.  John Doe 54's offense was considered aggravated at the commission of the offense. John Doe 54 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry. John Doe 54 does not have standing under the present statutes to petition to be released from the Idaho Sex Offender Registry for the reasons that his duty to register as a sex offender is based solely on the fact that his conviction is a predicate offense, rather than a factual determination of probable future conduct, i.e., that John Doe 54 might pose a high risk of reoffending or engaging in predatory sexual conduct.

57.  Plaintiff, John Doe 55, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 2001.  John Doe 55's offense was considered aggravated at the commission of the offense.  John Doe 55 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry. John Doe 55 does not have standing under the present statutes to petition to be released from the Idaho Sex Offender Registry for the reasons that his duty to register as a sex offender is based solely on the fact that his conviction is a predicate offense, rather than a factual determination of probable future conduct, i.e., that John Doe 55 might pose a high risk of reoffending or engaging in predatory sexual conduct.

58.  Plaintiff, John Doe 56, a resident of Twin Falls, State of Idaho, was convicted of a sexual offense in Twin Falls County, State of Idaho in 2004.  John Doe 56's offense was considered aggravated at the commission of the offense.  John Doe 56 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.  John Doe 55 does not have standing under the present statutes to petition to be released from the Idaho

Sex Offender Registry for the reasons that his duty to register as a sex offender is based solely on the fact that his conviction is a predicate offense, rather than a factual determination of probable future conduct, i.e., that John Doe 56 might pose a high risk of reoffending or engaging in predatory sexual conduct.

59.    Plaintiff, John Doe 57, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Tulare County, State of California in 1993.  In 1996, John Doe 57 was informed that he must begin registering as a sex offender in the State of California.  John Doe 57 moved to Idaho in 2009 and began registering on the Idaho Sex Offender Registry. His offense was not considered aggravated until July 1, 2009, sixteen (16) years after the date of conviction.  John Doe 57 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

60.    Plaintiff, John Doe 58, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Mountain Home Air Force Base, State of Idaho in 1990.  His offense was not considered aggravated until July 1, 2009, nineteen (19) years after the date of conviction.  John Doe 58 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

61.    Plaintiff, John Doe 59, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Benton County, State of Washington in 1993.  He began registering as a sex offender in the State of Washington and continued to register in the State of Idaho when he moved in 2001.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 59 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

62.  Plaintiff, John Doe 60, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Maricopa County, State of Arizona in 1992.  He moved to the State of Idaho the same year and was informed in 1993 that he must begin registering on the Idaho Sex Offender Registry.  His offense was not considered aggravated until July 1, 2009, seventeen (17) years after the date of conviction.  John Doe 60 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

63.  Plaintiff, John Doe 61, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Shasta County, State of California in 1983.  In March 1991, John Doe 61 was placed on parole and moved to the State of Idaho.  He was advised in 1996 that he must begin registering as a sex offender in the State of Idaho.  His offense was not considered aggravated until July 1, 2001, eighteen (18) years after the date of conviction.  John Doe 61 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

64.  Plaintiff, John Doe 62, a resident of Bannock County, State of Idaho, was convicted of a sexual offense in Grand County, Colorado in 1988.  He moved to Idaho in 1992 and was informed that he must register as a sex offender in 1994.  His offense was not considered aggravated until July 1, 2009, twenty-one (21) years after the date of conviction.  John Doe 62 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

65.  Plaintiff, John Doe 63, a resident of Butte County, State of Idaho, was convicted of a sexual offense in Maricopa County, State of Arizona in 1987.  After being released from custody, John Doe 63 moved to the State of Nevada where he began registering as a sex offender.  In 2008, John Doe 63 moved to Idaho and began registering on the Idaho Sex

Offender Registry.  His offense was not considered aggravated until July 1, 2009, twenty-two (22) years after the date of conviction.  John Doe 63 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

66.  Plaintiff, John Doe 64, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Southern Canadian County, State of Oklahoma in 1988.  He began registering as a sex offender in the State of Oklahoma in 1988.  John Doe 64 moved to the State of Idaho in 2000 and began registering on the Idaho Sex Offender Registry.  His offense was not considered aggravated until July 1, 2009, twenty-one (21) years after the conviction date.  John Doe 64 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

67.  Plaintiff, John Doe 65, a resident of Ada County, State of Idaho, was convicted of a sexual offense in US Military Court, Fort Leavenworth, US in 1991.  He began registering on the Idaho Sex Offender Registry in 1995.  His offense was not considered aggravated until July 1, 2009, eighteen (18) years after the conviction date.  John Doe 65 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

68.  Plaintiff, John Doe 66, a resident of Bingham County, State of Idaho, was convicted of a sexual offense in San Joaquin County, State of California in 1987.  John Doe 66 moved to Idaho in 1998 and was advised that he must register as a sex offender in the State of Idaho in 1991, which he did.  His offense was not considered aggravated until July 1, 2001, fourteen (14) years after the date of conviction.  John Doe 66 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

69.   Plaintiff, John Doe 67, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Flathead County, State of Montana in 1988.  In 1993, John Doe 67 moved to the State of Idaho.  After returning to the State of Montana to complete probation, John Doe 67 returned to the State of Idaho in 1999 and began registering on the Idaho Sex Offender Registry.  John Doe 67 is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 67 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

70.   Plaintiff, John Doe 68, a resident of Franklin County, State of Idaho, was convicted of four (4) counts of a sexual offense in Logan County, State of Utah in 2004.  In 2004 he began registering in the State of Utah.  John Doe 68 moved to the State of Idaho in 2006 and began registering in the State of Idaho.  His offense was not considered aggravated until July 1, 2009, five (5) years after the date of conviction.  John Doe 66 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

71.   Plaintiff, John Doe 69, a resident of Bannock County, State of Idaho, was convicted of a sexual offense in US Marshal Court, Portland, State of Oregon in 1999.  He moved to Idaho in 1999 and was advised that he must begin registering as a sex offender in 2000. He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 69 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

72.   Plaintiff, John Doe 70, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 2005.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 70 is eligible to petition the Court to be removed from the Idaho Sex Offender

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 20

Registry.

73.  Plaintiff, John Doe 71, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Calaveras County, State of California in 2004.  John Doe 71's offense was considered aggravated at the commission of the offense.  He began registering as a sex offender in the State of California in 2007.  John Doe 71 moved to the State of Idaho in September, 2014 and has been registering since that date.  John Doe 71 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.  John Doe 71 does not have standing under the present statutes to petition to be released from the Idaho Sex Offender Registry for the reasons that his duty to register as a sex offender is based solely on the fact that his conviction is a predicate offense, rather than a factual determination of probable future conduct, i.e., that John Doe 71 might pose a high risk of reoffending or engaging in predatory sexual conduct.

74.  Plaintiff, John Doe 72, a resident of Bannock County, State of Idaho, was convicted of a sexual offense in Malheur County, State of Oregon in 1994.  He was advised in 1996 that he must begin registering as a sex offender in the State of Oregon.  John Doe 72 moved to the State of Idaho in 1998 and began registering on the Idaho Sex Offender Registry.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 72 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

75.  Plaintiff, John Doe 73, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Benton County, State of Washington in 2000.  John Joe 73 is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 73 is eligible to petition to the Court to be removed form the

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 21

Idaho Sex Offender Registry.

76.  Plaintiff, John Doe 74, a resident of Ada County, State of Idaho, was convicted as a juvenile of a sexual offense in Ada County, State of Idaho in 1995.  His offense was not considered aggravated until July 1, 2009, fourteen (14) years after the date of conviction.  John Doe 74 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

77.  Plaintiff, John Doe 75, a resident of Bonneville County, State of Idaho, was convicted as a juvenile of two (2) counts of sexual offense in Rawlins County, State of Wyoming in 2000.  In 2001, John Doe 75 began registering as a sex offender in the State of Wyoming.  He moved to the State of Idaho in 2004 and began registering on the Idaho Sex Offender Registry as a Violent Sexual Offender.  In 2005, he was no longer considered a Violence Sexual Offender.  His offense was not considered aggravated until July 1, 2009, nine (9) years after the date of conviction.  John Doe 75 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

78.  Plaintiff, John Doe 76, a resident of Ada County, State of Idaho, was convicted of a sexual offense through the United States Marine Corps, in San Diego County, State of California in 1999 and was not required to register as a sex offender in the State of California.  He moved to the State of Idaho in June 2000 and began registering as a sex offender.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 76 is eligible to petition to the Court to be removed from the Idaho Sex Offender Registry.

79.  Plaintiff, John Doe 77, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Duchesne County, State of Utah in 2002.  He began

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 22

registering as a sex offender in the State of Utah in 2002. John Doe 77 moved to the State of Idaho in 2008 and began registering on the Idaho Sex Offender Registry. He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 77 should be eligible to petition to the Court to be removed from the Idaho Sex Offender Registry but for the ex post facto application of the 2011 amendment. However, in 2013, John Doe 77 filed a petition to be released from registration requirements and was denied.

80. Plaintiff, John Doe 78, a resident of Jerome County, State of Idaho, was convicted of a sexual offense in Jerome County, State of Idaho in 1991. He moved to Washington and registered as a sex offender in the State of Washington from 1995 to 2011 before returning to Idaho. John Doe 78's offense was not considered aggravated until July, 1 2009, nineteen (19) years after the conviction date. John Doe 78 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

81. Plaintiff, John Doe 79, a resident of Gooding County, State of Idaho, was convicted of three (3) counts of a sexual offense in Gooding County, State of Idaho in 2004. His offense was not included in Idaho Code Section 18-8304 until July 1, 2005, a year after the date of conviction.

82. Plaintiff, John Doe 80, a resident of Lemhi County, State of Idaho, was convicted of a sexual offense in Lemhi County, State of Idaho in 1989. He was released from the Idaho State Board of Corrections in October 1993. In November 2013, twenty (20) years after being released from custody, John Doe 80 was informed that he must begin registering in the State of Idaho as a sex offender. John Doe 80 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

83.   Plaintiff, John Doe 81, a resident of Twin Falls County, State of Idaho, was convicted of a sexual offense in Davis-Monthan Air Force Base, United States in 1999.  He was not required to register as a sex offender in the State of Arizona, where he was residing.  In 2001, John Doe 81 moved to the State of Idaho and, in 2004, he was advised that he must begin registering on the Idaho Sex Offender Registry.   In 2013, the Court ruled that his offense was substantially similar to Lewd Conduct with a Minor Child Under 16 Years of Age.  However, he should have standing to petition because his offense was not considered aggravated until 2009, ten (10) years after his date of conviction.

84.   Plaintiff, John Doe 82, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Sitka County, State of Alaska in 1986.  He began registering as a sex offender in the State of Alaska in 1995.  John Doe 82 moved to the State of Florida in 2000 and began registering in the State of Florida.  In 2008, he was informed that he no longer had to register as a sex offender in the State of Florida.  John Doe 82 moved to the State of Idaho in 2013 and should not have had to register in the State of Idaho.

85.   Plaintiff, John Doe 83, a resident of Bonneville County, State of Idaho, was convicted of a sexual offense in Hillsdale County, State of Michigan in 1995.  Later that year, he legally married the alleged victim and began registering as a sex offender in the State of Michigan.  While in Michigan, Joe Doe 83 obtained a divorce.  In 2001, John Doe 83 moved to the State of Idaho and registered on the Idaho Sex Offender Registry. His conviction has not been determined to be substantially similar to an Idaho aggravated offense, therefore, he should have been eligible to petition to be released from the registry in 2011.

86.  Plaintiff, John Doe 84, a resident of Ada County, State of Idaho, was convicted of sexual offenses in 1980 and 1985 in Multnomah County, State of Oregon as well as two

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 24

(2) offenses in 1990 in Marion County, State of Oregon. John Doe 84 began registering as a sex offender in the State of Oregon in 1999.  In 2005, he moved to the State of Idaho.  John Doe 84's Due Process rights were violated as his conviction was never determined to be substantially similar to those in Idaho.  John Doe 84 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

87.   Plaintiff, John Doe 85, a resident of Gooding County, State of Idaho, was convicted of a sexual offense in Cape Girardeau County, State of Missouri in 1985.  In December, 1985, John Doe 85  moved to Idaho. John Doe 85 had completed parole in 1986, seven (7) years prior to the existence of the Sex Offender Registry.  It was not until 2009, twenty-four (24) years after the conviction date, that he was informed that he was required to register as a sex offender.

88.   Plaintiff, John Doe 86, a resident of Lincoln County, State of Idaho, was convicted of a sexual offense in Los Angeles County, State of California in 1986.  He began registering as a sex offender in the State of California in 1993.  He then registered on the Idaho Sex Offender Registry when he moved to Idaho in 1995.  Between December 2009 and March 2010, John Doe 86 petitioned to be removed from the registry and was successful, however, on June 14, 2010, John Doe 86 received a letter from the Idaho State Police revoking the earlier granted expungement.   John Doe 86's offense was not considered aggravated until July 1, 2009, twenty-three (23) years after the conviction date.  John Doe 86 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

89.   Plaintiff, John Doe 87, a resident of Bonneville County, State of Idaho, was convicted of a sexual offense in Bonneville County, State of Idaho in 1999. His offense was

not considered aggravated until July 1, 2001, two years after the date of conviction. John Doe 87 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

90.   Plaintiff, John Doe 88, a resident of Bonneville County, State of Idaho, was convicted of a sexual offense in Bonneville County, State of Idaho in 1989. His offense was not considered aggravated until July 1, 2001, twelve years after the conviction date. John Doe 88 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

91.   Plaintiff, John Doe 89, a resident of Jefferson County, State of Idaho, was convicted of a sexual offense in Jefferson County, State of Idaho in 2011.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 89 should be eligible to petition the Court to be removed from the Idaho Sex Offender Registry in August 2022.

92.   Plaintiff, John Doe 90, a resident of Franklin County, State of Idaho, was convicted of a sexual offense in Cache County, State of Utah in 1997 while he was a resident of the State of Idaho.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 90 is eligible to petition the Court to be removed from the Idaho Sex Offender Registry.

93.   Plaintiff, John Doe 91, a resident of Twin Falls, State of Idaho, was convicted of a sexual offense in Bonneville County, State of Idaho in 2013. John Doe 91's offense was considered aggravated at the commission of the offense. John Doe 91 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry. John Doe 91 does not have standing under the present statutes to petition to be released from the Idaho

Sex Offender Registry for the reasons that his duty to register as a sex offender is based solely on the fact that conviction of a predicate offense, rather than a factual determination of probable future conduct, i.e., that John Doe 91 poses a high risk of reoffending or engaging in predatory sexual conduct.

94.   Plaintiff, John Doe 92, a resident of Bonneville County, State of Idaho, was convicted of a sexual offense in Bonneville County, State of Idaho in 2000. His offense was not considered aggravated until July 1, 2001, a year after the conviction date. John Doe 92 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

95.   Plaintiff, John Doe 93, a resident of Lemhi County, State of Idaho, was convicted of a sexual offense in Germany in 2010 while he was a member of the military. In February 2011, John Doe 93 was moved to Fort Lewis, State of Washington, and was advised that he must begin registering on the Sex Offender Registry. After being released from incarceration in March 2012, John Doe returned to the State of Idaho and has continued to register. He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 93 should be eligible in 2021 to petition to the Court to be removed from the Idaho Sex Offender Registry.

96.   Plaintiff, John Doe 94, a resident of Bannock County, State of Idaho, was convicted of a sexual offense in Bear Lake County, State of Idaho in 1993. His offense was not considered aggravated until July 1, 2001, eight years after the date of conviction. John Doe 94 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

97.   Plaintiff, John Doe 95, a resident of Twin Falls County, State of Idaho, was convicted of a misdemeanor sexual offense in San Joaquin County, State of California in 2003.  His offense did not require registration in the State of California.  He moved to Idaho in 2004 and was not required to register until 2009 when Idaho authorities reclassified his offense as a felony rather than the original misdemeanor.  John Doe 95 should not have to register as a sex offender in the State of Idaho because his due process rights were violated because there was not a determination of substantial conformance.

98.   Plaintiff, John Doe 96, a resident of Dunn County, State of North Dakota, was convicted of a sexual offense in Lincoln County, State of Idaho in 1992.  In 1995, John Doe 96 underwent a castration procedure in order to block his sexual urges.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 96 is eligible to petition the Court to be removed from the Idaho Sex Offender Registry.

99.   Plaintiff, John Doe 97, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Bingham County, State of Idaho in 1997. His offense was not considered aggravated until July 1, 2001, a year after the conviction date.  John Doe 97 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

100.   Plaintiff, John Doe 98, a resident of Jerome County, State of Idaho, was convicted of a sexual offense in Jerome County, State of Idaho in 1989.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 98 is eligible to petition the Court to be removed from the Idaho Sex Offender Registry.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 28

101.  Plaintiff, John Doe 99, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Canyon County, State of Idaho in 2005.  His offense was not considered aggravated until July 1, 2001, a year after the conviction date.  John Doe 99 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

102.  Plaintiff, John Doe 100, a resident of Bannock County, State of Idaho, was convicted of a misdemeanor sexual offense in Cascade County, State of Montana, in 1996.  His offense did not require registration in the State of Montana.  He moved to Idaho in 2005 and was not required to register until 2007 when Idaho authorities reclassified his offense as a felony rather than the original misdemeanor.  John Doe 100 should not have to register as a sex offender in the State of Idaho because his due process rights were violated because there was not a determination of substantial conformance.

103.  Plaintiff, John Doe 101, a resident of Bingham County, State of Idaho, was convicted of a sexual offense in Minidoka County, State of Idaho in 1998.  His offense was not considered aggravated until July 1, 2001, three (3) years after the conviction date.  John Doe 101 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

104.  Plaintiff, John Doe 102, a resident of Ada County, State of Idaho, was convicted of a sexual offense in Ada County, State of Idaho in 1988.  He is not a recidivist, did not commit an aggravated offense, and is not classified as a violent sexual predator, therefore, John Doe 102 is eligible to petition the Court to be removed from the Idaho Sex Offender Registry.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 29

105.   Plaintiff, John Doe 103 a resident of Caribou County, State of Idaho, was convicted of sexual abuse of a minor under the age of 16, to-wit: 12 years, a felony, in Caribou County, State of Idaho in 1989. His offense was not considered aggravated until July 1, 2009, twenty (20) years after the conviction date.  John Doe 103 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

106.   Plaintiff, John Doe 104, a resident of Jerome County, State of Idaho, was convicted of Rape and Sexual Abuse of a Child Under 16 years, both felonies, in Twin Falls County, State of Idaho, in 2002.  His offense was not considered aggravated until July 1, 2009, seven (7) years after the date of conviction.  John Doe 104 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

107.   "Does" herein refers to John and Jane Does 1-104.

108.   Defendant, Lawrence Wasden, is the Attorney General for the State of Idaho. Defendant Wasden is sued in his official capacity.

109.   Defendant, Kevin Kempf, is Director of the Idaho Department of Correction. The Idaho Department of Correction is vested with the authority to enforce the Sex Offender Registry and accompanying statutes/laws.  Defendant Kempf is sued in his official capacity.

110.   Defendant, Terry Kirkham, is the Chief of the Parole and Probation Division of the Idaho Department of Correction.  The Parole and Probation division is vested with authority to enforce the Sex Offender Registry and accompanying statutes/laws.  Defendant Atencio is sued in his official capacity.

111.   Defendant, Sexual Offender Management Board, is vested with authority to develop, advance and oversee statewide sexual offender management policies and practices. Defendants Jon Burnham, Michael Johnston, Ph.D., Moira Lynch, Erwin Sonnenberg,

Jeffrey Betts, Jean Fisher, Paula Garay, Sheriff Matthew Thomas, Kimberly Simmons, William Crawford and Christina Iverson are sued in their official capacities as Members of the Sexual Offender Management Board.

112.   Defendant, Colonel Ralph Powell, is the Director of the IDAHO STATE POLICE.   The Idaho State Police is vested with authority to enforce the Sex Offender Registry and accompanying statutes/laws.   Defendant Powell is sued in his official capacity.

113.   Defendant Stephen Bartlett is Sheriff of the Ada County Sheriff's Office; Defendant Lorin Nielsen is Sheriff of the Bannock County Sheriff's Office; Sheriff Brent T. Bunn is the Sheriff of Bear Lake County Sheriff's Office; Defendant Craig T. Rowland is the Sheriff of the Bingham County Sheriff's Office; Defendant Paul J. Wilde is the Sheriff of the Bonneville County Sheriff's Office; Defendant Kieran Donahue is the Sheriff of the Canyon County Sheriff's Office; Defendant Michael Haderlie is the Sheriff of Caribou County Sheriff's Office; Defendant Jay Heward is the Sheriff of Cassia County Sheriff's Office; Defendant Rick Layher is the Sheriff of the Elmore County Sheriff's Office; Defendant David Fryar is the Sheriff of the Franklin County Sheriff's Office; Defendant Charles Rolland is the Sheriff of the Gem County Sheriff's Office; Defendant Shaun Gough is the Sheriff of the Gooding County Sheriff's Office; Defendant Steve Anderson is the Sheriff of the Jefferson County Sheriff's Office; Defendant Doug McFall is the Sheriff of the Jerome County Sheriff's Office; Defendant Lynn D. Bowerman is the Sheriff of the Lemhi County Sheriff's Office; Defendant Kevin Ellis is the Sheriff of the Lincoln County Sheriff's Office; Defendant Eric Snarr is the Sheriff of the Minidoka County Sheriff's Office; Defendant Joe Rodriguez is the Sheriff of the Nez Perce County Sheriff's Office; Defendant Tony Liford is the Sheriff of the Teton County Sheriff's Office; Defendant Tom Carter is the Sheriff of the Twin Falls County Sheriff's Office; and, Defendant Patti Bolen is the Sheriff of the

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 31

Valley County Sheriff's Office. Each individual Sheriff's Office is vested with authority to enforce the Sex Offender Registry and accompanying statutes/laws, including but not limited to the community notification provisions therein. Defendants Sheriffs are sued in their official capacity as the executive/enforcement agency of the Sex Offender Registry for the State of Idaho, on behalf of the respective Plaintiffs that reside in each of those counties.

### III.  STANDING

114.  All Doe Plaintiffs are directly affected by the Sex Offender Registry and accompanying statutes/laws and their unconstitutional enforcement. The Sex Offender Registry and accompanying statutes/laws and their enforcement have directly caused violations of Doe Plaintiffs' rights under the U.S. and Idaho Constitutions. Thus, the requirements for Article III standing have been met.

### IV.  FACTUAL ALLEGATIONS: HISTORICAL EVOLUTION OF SEX OFFENDER REGISTRY

#### 1993

115.  Sex offender registration in Idaho began on July 1, 1993. It established a statutory duty for persons convicted of certain felony sex crimes to register with their local sheriff. In 1998, the Legislature repealed the original act and enacted the "Sexual Offenders Registration Notification and Community Right-to-Know Act" to strengthen program administration and to expand public access to central registry information.

#### 1998

116.  The 1998 statute applied to any person who, on or after July 1, 1993, was convicted of a crime listed in Idaho Code Section 18-8304(1)(a), was incarcerated or on probation or parole on or after July 1, 1993 for crimes listed, or entered the State on or after July 1, 1993 and who has been convicted of any crime that is substantially equivalent to the

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 32

listed offenses.  This statute did not apply to any such person while they were incarcerated and a conviction in this chapter meant that the person had pled guilty or had been found guilty, notwithstanding the form of the judgment or withheld judgment.  The 1998 statute indicated that any person, other than one designated as a violent sexual predator, may, after a period of ten (10) years from the date the person was released from incarceration or placed on parole, supervised release or probation, whichever was greater, petition the District Court for a show cause hearing to determine whether the person shall be exempted from the duty to register as a sexual offender.  At that time, "violent sexual predator" meant a person who had been convicted of an offense listed in section 18-8312, Idaho Code, and who had been determined to pose a risk of committing an offense or engaging in predatory sexual conduct. The offender was required to provide clear and convincing evidence that he/she was not at risk to commit a crime identified in section 18-8304, provide an affidavit indicating that the petitioner did not have a criminal charge pending nor was he/she knowingly under criminal investigation for any crime identified in 18-8304, provide proof of service of petition to the prosecuting attorney, and provide a certified copy of the judgment of conviction.

117.  The 1998 statutes set forth that offenders were required to obtain psychosexual evaluations upon conviction as well as upon release from incarceration and offenders were required to pay for such evaluations, unless indigent (I.C. Section 18-8318, 1998)

118.  The 1998 statutes set out that offenders who failed to comply with registration requirements could be convicted of a felony and could be punished by imprisonment for a period not to exceed five (5) years and a fine not to exceed five thousand dollars ($5,000). If the offender was on probation or otherwise on supervised release during the violation of this chapter, the probation or supervised release could be revoked and the original sentence reinstated.  If an offender willfully provided false information to the registry, he/she could

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 33

be found guilty of a felony and punished by imprisonment for a period not to exceed five (5) years and a fine not to exceed five thousand dollars ($5,000).

### 2001

119. In 2001, amendments were made to Idaho Code Section 18-8303, 18-8304, 18-8310, and 18-8323. Specifically, those amendments included, among other things, the removal of petitioning rights of offenders who had been convicted of an "aggravated offense." The definition of an "aggravated offense" included 18-1508 (lewd conduct, when the victim is less than twelve (12) years of age); 18-4003(d) (murder committed in the perpetration of rape); 18-6101 (rape, but excluding section 18-3101(1) where the victim is at least twelve (12) years of age or the defendant is eighteen (18) years of age or younger); 18-6108 (male rape); and 18-6608 (forcible sexual penetration by use of a foreign object. Code Section 18-8323 added that the department may make the sex offender registry available to the public via the internet.

### 2002

120. In 2002, amendments were made to Idaho Code Section 18-8303, 18-8312, and 18-8314. Specifically, Idaho Code Section 18-8314 was the new reference as to whether an offender was considered a violent sexual predator and, in the same section, Idaho Code Section 18-6101(1) (when the offender is eighteen (18) years of age or younger) was excluded from said list.

### 2004

121. In 2004, amendments were made to Idaho Code Sections 18-8303, 18-8304, 18-8306, 18-8307, 18-8314, 18-8315, 18-8317, 18-8327, and 18-8328. Specifically, those amendments included, among other things, the addition of Idaho Code 18-6609 (video voyeurism) being included in the list of crimes that require registration. Idaho Code Section

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF - 34

18-8314(3) was added which stated that the classification board was to review offenders who were convicted out of state in order to determine if they are violent sexual predators. Code Section 18-8317 was amended so that only those sex offenders who were deemed appropriate for review by the classification board were subject to a psychosexual evaluation prior to release from incarceration. Idaho Code Section 18-8327 was added to the statute which stated that it was "a felony... for an offender to accept employment in any day care center, group day care facility or family day care home,... or to be upon or to remain on the premises of a day care center, group day care facility or family day care home while children are present, other than to drop off or pick up the offender's child or children." In addition, Code Section 18-8307(7) stated that all offenders would receive written notifications of duty to register which would include a warning of this Idaho Code Section. Idaho Code Section 18-8328 was also added which stated that offenders could petition to be excluded from the provisions in 18-8327 and 18-8314. To do so, offenders would have to show clear and convincing evidence that the offender does not pose a threat and it has been at least ten (10) years since the person's last conviction.

**2005**

122. In 2005, amendments were made to Idaho Code Sections 18-8304, 18-8307, and 18-8324. Specifically, those amendments included, among other things, the addition of Idaho Code Section 18-6110 (sexual contact with a prisoner) as a crime that requires registration. Additionally, Idaho Code 18-8304(1)( c ) was added which states that this chapter applies to any person who was convicted of any crime, an attempt, a solicitation, or a conspiracy to commit a crime in another state, territory, commonwealth, or other jurisdiction of the United States that is substantially equivalent to the offenses listed in 18-8304(1)(a) and was required to register as a sex offender in any other state or jurisdiction

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 35

when he established permanent or temporary residency in Idaho.

**2006**

123.  In 2006, amendments were made to Idaho Code Sections 18-8304, 18-8307, 18-8308, 18-8311, 18-8314, 18-8324, and 18-8329.  Specifically, those amendments included, among other things, the addition of 18-8304(4) which stated that if a defendant was nineteen or twenty years of age at the commission of the offence and no more than three (3) years older than the victim and was convicted of rape under section 18-6101(1), the Court may order that the defendant is exempt from the provisions in this chapter.  Code Section 18-8308 was amended to include address verification every thirty (30) days for violent sexual predators and every four (4) months for all other offenders.  Code Section 18-8308(1)(a)(iii) was added to allow the sheriff to verify the address of violent sexual predators once every six (6) months or at any other time if the offender fails to comply with other provisions.  Idaho Code Section 18-8311 was amended to include failure to verify address as a felony crime punishable by imprisonment for a period not to exceed ten (10) years and a fine not to exceed five thousand dollars ($5,000).  Additionally, punishment for providing misleading or false information as well as evasion of service was increased from incarceration not to exceed a period of five (5) years, to incarceration not to exceed a period of ten (10) years.  Code Section 18-8314 gave power to the members of the classification board to review offenders who had violated their duty to register.  Idaho Code Section 18-8324 was amended so that the sheriff not only was required to disseminate the name, address, and photograph of violent sexual predators through the newspaper, but also through local radio and television media.  Code Section 18-8329 was added this year and stated that it is a misdemeanor for a person who is required to register to be on school grounds where there are children under the age of eighteen (18) years, knowingly loiter on a public way within five hundred (500) feet

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 36

of a school building or school grounds in this state when children under the age of eighteen (18) years are present, be in any conveyance owned, leased or contracted by a school to transport students to or from school or a school-related activity when children under the age of eighteen (18) years are present in the conveyance, reside within five hundred (500) feet of the property on which a school is located, provided however, that this shall not apply if such person's residence was established prior to July 1, 2006.  However, this does not apply to offenders who are a student at the school, are attending academic conference or other scheduled school events with school officials as a parent or legal guardian of a child who is enrolled in the school and is participating in the conference or event, resides at a state licensed or certified facility for incarceration, health or convalescent care, are dropping off or picking up a child or children and the person is the child or children's parent or legal guardian, or are temporarily on school grounds, during school hours, for the purpose of making a mail, food or other delivery.

## 2008

124.  In 2008, amendments were made to Idaho Code Sections 18-8329 and 18-8331. Specifically, those amendments included, among other things, the provision that allowed registered offenders to be on school grounds for extracurricular activities, to vote, and to drop off mail at an official post office located on school grounds.  Idaho Code Section 18-8331 was added which stated that a person who is required to register as a sex offender may not reside with more than one other person who is required to register as a sex offender.  A person can petition this section, but must convince a judge of the District Court that these provisions would deprive the petitioner of a constitutionally guaranteed right and that such right is more compelling than the interest of the state and local government in protecting neighboring citizens from risk of physical or psychological harm.  Additionally, any city or

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 37

county may establish standards for the establishment and operation of residential houses for registered sex offenders which exceed the allowed number of registered sex offenders.  And any person who is violating this code section may be found guilty of a misdemeanor.

### 2009

125.  In 2009, amendments were made to Idaho Code Sections 18-8303, 18-8304, 18-8308, and 18-8310.  Those amendments included, among other things, the expansion of the definition of an "aggravated offense."  Specifically, 18-1508 (lewd conduct, when the victim is less than twelve (12) years of age) was changed to 18-1508 (lewd conduct).  Other sections were added to the list of aggravated offenders including 18-1506A (ritualized abuse of a child), 18-4502 (first-degree kidnaping committed for the purpose of rape, committing an infamous crime against nature, committing any lewd and lascivious act upon a child under the age of sixteen (16) years or for purposes of sexual gratification or arousal), 18-4503 (second degree kidnaping where the victim is an unrelated minor child and the kidnaping is committed for the purpose of rape, committing an infamous crime against nature, committing any lewd and lascivious act upon any child under the age of sixteen (16) years or for the purposes of sexual gratification or arousal), 18-8602(1) (sex trafficking), and any other offense set forth in section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years.  Additionally, Idaho Code Section 18-8304 was expanded so that this chapter applied to persons who were convicted of 18-919 (sexual exploitation by a medical care provider), 18-1505B (sexual abuse and exploitation of a vulnerable adult), 18-5609 (inducing persons under eighteen (18) years of age into prostitution), or 18-8602(1) (sex trafficking).  Idaho Code Section 18-8308 provided that all violent sexual predators will be monitored with electronic monitoring technology for the duration of the individual's probation or parole period.  Any person who, without

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 38

authority, intentionally alters, tampers with, damages or destroys any electronic monitoring equipment required to be worn or used by a violent sexual predator could be found guilty of a felony.

## 2010

126. In 2010, amendments were made to Idaho Code Sections 18-8303, 18-8304, 18-8308, and 18-8314. Specifically, those amendments included, among other things, 18-8303 where a section of the definition of an "aggravated offense" was amended from 18-6108 (male rape) to 18-8108 (male rape, but excluding section 18-6108(1) where the victim is at least twelve (12) years of age or the defendant is eighteen(18) years of age). This change was also made in Code Sections 18-8304 and 18-8314.

## 2011

127. In 2011, amendments were made to Idaho Code Sections 18-8302, 18-8303, 18-8304, 18-8305, 18-8306, 18-8307, 18-8308, 18-8309, 18-8310, 18-8311, 18-8312, 18-8314, 18-8315, 18-8316, 18-8318, 18-8323, 18-8324, and 18-8329. Additionally, 18-8317, 18-8319, 18-8320, 18-8321, and 18-8322 were repealed. Specifically, 18-8302 was amended to state that the legislature finds that sexual offenders present a danger, rather than that they present a significant risk of reoffense. Code Section 18-8303 was amended so that an offense that is substantially similar to any of the foregoing offenses under the laws of another jurisdiction or military court or the court of another country is considered an "aggravated offense." Additionally, the same code section altered the definition of "violent sexual predator" to mean a person who was designated as a violent sexual predator by the sex offender classification board where such designation has not been removed by judicial action or otherwise.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 39

128.  Idaho Code Section 18-8304 provided that this chapter shall now apply to people who are convicted of 18-5605 (detention for prostitution), 18-5611 (inducing person under eighteen (18) years of age to patronize a prostitute), 18-6609 (video voyeurism where the victim is a minor or upon a second or subsequent conviction), or 18-7804 (if the racketeering act involves kidnaping of a minor).

129.  Idaho Code Section 18-8305 stated that the registry must be in digital form or include links or identification numbers that provide access to the information in other databases in which it is included in digital form. The registry includes, but is not limited to, the following information:  name and all aliases, a complete physical description of the person including any identifying marks, such as scars or tattoos, the offender's date of birth, the offender's social security number, the criminal history of the offender, the name under which the offender was convicted of each offense, the status of parole, probation or supervised release, registration status, the existence of any outstanding arrest warrants for the offender, the criminal offense for which the sexual offender is registered, the name and location of each hospital, jail or penal institution to which the offender was committed for each offense covered under this chapter, the address or physical description of each residence at which the offender resides, the name and address of any place where the offender is a student or will be a student, the license plate number and a description of any vehicle owned or regularly operated by the sexual offender regardless of to whom the vehicle is registered, any e-mail or instant messaging address used by the offender, the offender's telephone numbers, the name and address of any place where the offender is employed or will be employed and the name and address of any place where the offender works as a volunteer or otherwise works, a description of normal travel routes or the general areas in which the offender works, information regarding any professional license maintained by the offender

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 40

that authorizes the offender to engage in an occupation or carry out a trade or business, information about the offender's passport, and if the offender is an alien, information about documents establishing the offender's immigration status including document type and number information for such documents and a digitized copy of the documents, a set of fingerprints and palm prints of the offender, a current photograph of the offender, and a photocopy of a valid driver's license or identification card issued to the offender.

130.  Idaho Code Section 18-8306 stated that the offender shall register within two (2) working days of the judgment of conviction if the offender was not sentenced to incarceration and was only placed on probation.  The same stated that if the offender was incarcerated, they must register prior to release.

131.  Idaho Code Section 18-8307 stated that registration documents will request the information set out in Idaho Code Section 18-8305.  It also amended the registration for violent sexual predators from annually to quarterly.  Idaho Code Section 18-8307(7) was added and states that an offender shall keep the registration current for the full registration period. The full registration period is for life; however, offenders may petition for release from the full registration period as set forth in section 18–8310, Idaho Code.

132.  Idaho Code Section 18-8309 was repealed and replaced with a new version. This required offenders to report any changes to their address, name, or employment status within two (2) working days of said change.  It also required offenders to notify the department of any lodging that will last longer than a period of seven (7) days and will notify the jurisdiction of the location the offender will be lodging.  Offenders are now required to give notice of any vehicle changes, as well as additional requirements.

133.  Idaho Code Section 18-8310 was amended to state that registration under this act is for life, however, any offender, other than a recidivist, an offender who has been

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 41

convicted of an aggravated offense, or an offender designated as a violent sexual predator, may, after a period of ten (10) years from the date the offender was released from incarceration or placed on parole, supervised release or probation, whichever is greater, petition the district court for a show cause hearing to determine whether the offender shall be exempted from the duty to register as a sexual offender.  In the petition, the offender shall provide clear and convincing evidence that the petitioner has completed any periods of supervised release, probation or parole without revocation, provide an affidavit indicating that the petitioner does not have a criminal charge pending or is knowingly under investigation for any crime identified in 18-8304, provide clear and convincing evidence that the petitioner has successfully completed a sexual offender treatment program, and provide an affidavit demonstrating that the petitioner has no felony convictions and has committed no sex offenses during the period of which the petitioner has been registered.  Idaho Code Section 18-8310(2) gives the prosecuting attorney and central registry the opportunity to submit evidence, affidavits, or other documents rebutting the assertions contained within the offender's petition.

134. Idaho Code Section 18-8311(3) was removed so the possible felony conviction for evasion of service was no longer an option.

135.  Idaho Code Section 18-8312 changed the name of the Sex Offender Classification Board to the Sex Offender Management Board.  The Board was increased from four (4) to nine (9) members and those members are now eligible for reappointment to the Board without limitations.   The amendments removed the section stating that the board was to assess the risk of reoffense of any offender convicted and incarcerated for commission of a crime that may classify them as a violent sexual predator, recidivist, or an aggravated offender.  It is now stated that the board shall be charged with the advancement and oversight

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 42

of sexual offender management policies and practices statewide.

136.  Idaho Code Section 18-8314 amendments removed all duties that involved evaluating and classifying offenders.  Instead, they are in charge of creating standards and procedures that evaluators have to follow as well as administering certifications to evaluators.

137.  Idaho Code Section 18-8315 was amended so that the management board has no exceptions to the open meeting law and there is no written record of the vote which classifies the offender.

138.  Idaho Code Section 18-8316 was amended to state that offenders may submit to an evaluation rather than they shall submit to an evaluation.

139.  Idaho Code Section 18-8323 was amended to state that the department or sheriff shall provide public access to sex offender registry information via the internet.  This information is now limited to the offender's name, date of birth, address of each residence, address of any place the offender may be a student, physical description, offense the offender is registering for, photograph, temporary lodging information.  In addition, this code section states that the identity of the victim, offender's social security number, any arrests of the offender that did not result in conviction, any internet identifier used by the offender, any passports and immigration documents, and any information identifying any person related to, living with, working for, employing, or otherwise associated with the offender will not be released to the public.

140.  Idaho Code Section 18-8324 was amended so that the department shall, within three (3) days, disseminate any registration information, including any changes in registry information, to: the attorney general of the United States, each school and public housing agency in each area the offender resides, each jurisdiction where the sexual offender resides,

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 43

criminal justice agencies through the public safety and security information system, social service entities, volunteer organizations, and any organization, company, or individual who requests notification of changes in registry information.

141.  Idaho Code Section 18-8329 was amended so that subsections (1)(a) and (1)(b) now applies to an offender who is attending an academic conference or other scheduled extracurricular school event, an offender who is dropping off or picking up a child or children and the person is the child or children's parent or legal guardian, an offender who is temporarily on school grounds, during school hours, for the purpose of making a mail, food, or other delivery unless they have contacted the school district office annually and has obtained written permission from the district. These also apply to an offender who has written permission from a school principal, vice-principal to be on the school grounds.

142.   In 2012, amendments were made to Idaho Code Section 18-8304 where subsection 18-8304(4) was removed which previously stated that when a defendant is convicted of rape under section 18-6101(2) at the time of the offense and the defendant is nineteen or twenty years of age and not more than three years older than the victim of the rape, the court may order that the defendant is exempt from the duty to register. Additionally, 18-8310A was added which stated that any person who was convicted under 18-6101(1) as it existed before July 1, 2010, where such person would not have been convicted under section 18-6101(1) or (2), may petition the district court for a determination to be exempt.

143.  In 2013, amendments were made to Idaho Code Section 18-8304 and 18-8307. Those amendments included, among other things, the addition of 18-5610 (utilizing a person under eighteen years of age for prostitution) as an offense that requires registration.  Idaho Code Section 18-8307 doubled the registration fee to a total of $80.00 per year.

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF  - 44