**Greg J. Fuller**
**Daniel S. Brown**
**FULLER LAW OFFICES**
**Attorneys at Law**
**161 Main Avenue West**
**P. O. Box L**
**Twin Falls, ID 83303**
**Telephone: (208) 734-1602**
**Facsimile : (208) 734-1606**
**ISB #1442**
**ISB #7538**
fullerlaw@cableone.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

* * * * *

| | | |
|---|---|---|
| JOHN and JANE DOES 1-134, | ) | Case No.: 1:16-CV-429 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | AMENDED COMPLAINT |
| vs. | ) | FOR INJUNCTIVE AND |
| | ) | DECLARATORY RELIEF |
| LAWRENCE WASDEN, Attorney | ) | |
| General of the State of Idaho; KEVIN | ) | |
| KEMPF Director of the Idaho | ) | |
| Department of Correction; TERRY | ) | |
| KIRKHAM, Chief Department of | ) | |
| Correction Probation and Parole | ) | |
| Division, SEXUAL OFFENDER | ) | |
| MANAGEMENT BOARD and its | ) | |
| members, JON BURNHAM, MICHAEL | ) | |
| JOHNSTON, Ph.d., MOIRA LYNCH, | ) | |
| JEFFREY BETTS, ERWIN | ) | |
| SONNENBERG, JEAN FISHER, | ) | |
| PAULA GARAY, SHERIFF | ) | |
| MATTHEW THOMAS, KIMBERLY | ) | |
| SIMMONS, WILLIAM CRAWFORD | ) | |
| and CHRISTINA IVERSON, in their | ) | |
| official capacities; COLONEL RALPH | ) | |
| POWELL, Director,   IDAHO STATE | ) | |
| POLICE, STEVEN BARTLETT, ADA | ) | |

COUNTY SHERIFF; LORIN                    )
NIELSEN,  BANNOCK COUNTY                 )
SHERIFF; BRENT T. BUNN, BEAR             )
LAKE COUNTY SHERIFF; CRAIG               )
T. ROWLAND, BINGHAM COUNTY               )
SHERIFF; JIM KACQMAREK, BOISE            )
COUNTY SHERIFFL PAUL J. WILDE,           )
BONNEVILLE COUNTY SHERIFF;               )
KIERAN DONAHUE, CANYON                   )
COUNTY SHERIFF; MICHAEL                  )
HADERLIE, CARIBOU COUNTY                 )
SHERIFF; JAY HEWARD, CASSIA              )
COUNTY SHERIFF; CHRIS GOETZ,             )
CLEARWATER COUNTY SHERIFF;               )
RICK LAYHER, ELMORE COUNTY               )
SHERIFF; DAVID FRYAR, FRANKLIN           )
COUNTY SHERIFF; CHARLES                  )
ROLLAND, GEM COUNTY SHERIFF;             )
SHAUN GOUGH, GOODING COUNTY              )
SHERIFF; STEVE ANDERSON,                 )
JEFFERSON COUNTY SHERIFF;                )
DOUG McFALL, JEROME COUNTY               )
SHERIFF; BEN WOLFINGER,                  )
KOOTENAI COUNTY SHERIFF;                 )
RICHARD SKILES, LATAH COUNTY             )
SHERIFF; LYNN D. BOWERMAN,               )
LEMHI COUNTY SHERIFF; KEVIN              )
ELLIS, LINCOLN COUNTY                    )
SHERIFF; ERIC SNARR, MINIDOKA            )
COUNTY SHERIFF; JOE                      )
RODRIGUEZ, NEZ PERCE COUNTY              )
SHERIFF; TONY LIFORD, TETON              )
COUNTY SHERIFF; TOM CARTER,              )
TWIN FALLS COUNTY SHERIFF,               )
and; PATTI BOLEN, VALLEY                 )
COUNTY SHERIFF,                          )
                                         )
         Defendants.                     )

* * * * *

COME NOW The Plaintiffs, John and Jane Does 1-134, by and through the

undersigned attorneys, Fuller Law Offices, and file this Complaint for Injunctive and

Declaratory Relief.  This is an action under 42 U.S.C. Section 1983 to address the

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 2

unconstitutionality of Idaho's Sexual Offender Registration Notification and Community

Right-to-Know Act (hereinafter referred to as "Sex Offender Registry" or as "Idaho

SORNA") as last amended by the Idaho State Legislature July 1, 2016.  Plaintiffs

challenge the Sex Offender Registry and accompanying statutes/laws to be in violation of

the U.S. and Idaho Constitutions and ask to permanently enjoin the Defendants from

enforcing said laws.

## NATURE OF THE ACTION

As alleged with greater particularity below, Plaintiffs allege that specific

provisions of the Sex Offender Registry and accompanying statutes/laws are

unconstitutionally vague in violation of the due process protections of the U.S. and Idaho

Constitutions and amount to retroactive punishment, in violation of the *ex post facto*

clause of the U.S. Constitution and the retroactivity clause of the Idaho Constitution.

Plaintiffs also allege that the Sex Offender Registry and accompanying statutes/laws

further violate the Due Process, Substantive Due Process, Equal Protection, Double

Jeopardy, Contracts, and Takings clauses of the U.S. and Idaho Constitutions.  Plaintiffs

also allege that the Sex Offender Registry and accompanying statutes/laws violate their

rights to acquire, possess and protect property; their rights to seek and obtain safety and

happiness; their rights to travel, life and liberty; and their rights to freedom of association

and religion protected by the First Amendment and Due Process Clauses of the U.S.

Constitution, as well as Article 1, Sections 4 and 13 of the Idaho Constitution and are

further unconstitutionally applied to plaintiffs under the residual grant of police powers to

the states by Article 1, Section 10 of the U.S. Constitution and of the specific grant of

Police Power rights set forth in Article 11, Section 8 of the Idaho Constitution .

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 3

Additionally, Plaintiffs allege that the Sex Offender Registry and accompanying statutes/laws constitute cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and Article 1, Section 6 of the Idaho Constitution. Finally, Plaintiffs allege that the Sex Offender Registry and accompanying statutes/laws violate the Separation of Powers doctrine of the Idaho Constitution. Plaintiffs are challenging the Sex Offender Registry and laws both facially and as applied to them.

## I.  JURISDICTION

1.     This Court has original subject matter jurisdiction over the federal Constitutional violations alleged in this Complaint pursuant to the provisions of 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1221 and 1343.  Pursuant to 28 U.S.C. Section 1367(a), this Court has supplemental jurisdiction over Plaintiffs state law claims. This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. Section 2201 and 42 U.S.C. Section 1983.

2.     Venue is proper in the District of Idaho pursuant to 28 U.S.C. Section 1391.  All parties work and reside in Idaho, and all actions pertinent to this complaint occurred in the State of Idaho.

## I.  PARTIES

3.     Plaintiff, John Doe 1, is a resident of Twin Falls County, state of Idaho. On November 15, 1984, John Doe 1 was convicted in Elmore County, state of Idaho, of the crime of Infamous Crime Against Nature, to-wit: the age of eleven (11) years.  John Doe 1 was granted a withheld judgment and probation and was placed on supervised probation for a period of ten (10) years.  At that time, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 1 was not then required to register as a

sex offender.  In 1993, John Doe 1 was informed by his probation officer that he was now required to register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 1 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 1 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 1 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 1 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

4.      Plaintiff, John Doe 2, is a resident of Ada County, State of Idaho.  On January 3, 1990, John Doe 2 was convicted of two (2) counts of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: the ages of twelve (12) years and eleven (11) years, respectively, both felonies.  On July 20, 1990, John Doe 2 was placed on probation for seven (7) years.  At that time, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 2 was not then required to register as a sex offender.  John Doe 2 was advised by his probation officer in 1993 that he must thereafter register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 2 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of

"aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years." John Doe 2 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 2 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 2 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

     5.     Plaintiff, John Doe 3, is a resident of Twin Falls County, State of Idaho. On July 19, 1999, John Doe 3 was convicted of the crime of Sexual Abuse of a Child Under the Age of sixteen (16) years, Incest, to wit: the age of eleven (11) years, a felony, in Twin Falls County, state of Idaho. Under the then existing language of the Idaho sex offender registration requirements, John Doe 3 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years." John Doe 3 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 3 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 3 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 6

6.      Plaintiff, John Doe 4, is a resident of Bonneville County, State of Idaho. On June 15, 1988, John Doe 4 was convicted in Cassia County, State of Idaho, of the crime of Lewd and Lascivious Conduct with a Minor, to-wit: the age of fourteen (14) years, a felony.  John Doe 4 was placed on probation for a period of five (5) years, completed sex offender treatment, and was released from probation on April 17, 1995. At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 4 was not then required to register as a sex offender.  In July, 1998, John Doe 4 was informed by his probation officer that he was now required to register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 4 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  John Doe 4 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 4 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 4 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

7.      Plaintiff, John Doe 5, is a resident of Williamson County, State of Texas. On August 30, 1988, John Doe 5 was convicted in Jerome County, State of Idaho, of the crime of Sexual Abuse of a Child Under Sixteen (16) Years of Age, to-wit: the age of seven (7) years, a felony.  John Doe 5 was sentenced to a period of incarceration and, in

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 7

1994, was placed on parole for a period of two (2) years, and began registering as a sex offender in Idaho. At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 5 was not then required to register as a sex offender. Under the then existing language of the Idaho sex offender registration requirements, John Doe 5 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years." John Doe 5 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 5 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 5 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

8. Plaintiff, John Doe 6, is a resident of Cassia County, State of Idaho. On November 15, 1991, John Doe 6 was convicted in Cassia County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under Sixteen (16) Years of Age, to-wit: the age of fourteen (14) years, a felony. John Doe 6 was thereafter placed on probation. In January of 1995, John Doe 6 was found to have violated his probation and the original five (5) year probationary term was reinstated. John Doe 6 was released from probation on October 19, 1996. John Doe 6 was at the time required to register as a sex offender. Under the then existing language of the Idaho sex offender registration requirements, John Doe 6 would later be eligible for release from the requirement to register as a sex

offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense." John Doe 6 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 6 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 6 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

9.      Plaintiff, John Doe 7, is a resident of Twin Falls County, State of Idaho. On December 11, 1992, John Doe 7 was convicted in Bannock County, State of Idaho, of the crime of Sexual Abuse of a Child Under Sixteen (16) Years of Age, to-wit: the age of ten (10) years, a felony. John Doe 7 was placed on probation for a period of ten (10) years. John Doe 7 completed a sex offender treatment program and was released from probation on August 24, 1998. In 1999, John Doe 7 was advised by his probation officer that he must begin registering as a sex offender in Idaho. Under the then existing language of the Idaho sex offender registration requirements, John Doe 7 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years." John Doe 7 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore,

John Doe 7 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 7 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

10.     Plaintiff, John Doe 8, is a resident of Jerome County, State of Idaho.  On August 1, 1994, John Doe 8 was convicted in Twin Falls County, State of Idaho, of the crime of Rape, a felony.  On that same date, John Doe 8 was convicted in Jerome County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under Sixteen (16) Years of Age, to-wit: the age of fifteen (15) years, a felony.  John Doe 8 was thereafter placed on probation in February of 1995, for a period of two (2) years, and began registering in Idaho as a sex offender.  John Doe 8 was released from probation on March 24, 1997.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 6 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  John Doe 8 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 8 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. In November of 2011, John Doe 8 petitioned the

sentencing court to be released from the Idaho Sex Offender Registry, which petition was denied by the court.  John Doe 8 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001 and July 1, 2009, amendments above stated.

11.     Plaintiff, John Doe 9, is a resident of Ada County, State of Idaho.  On April 14, 1992, John Doe 9 was convicted in Ada County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under Sixteen (16) Years of Age, to-wit: the age of fourteen (14) years, a felony.  John Doe 9 was thereafter placed on probation for a period of five (5) years.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 9 was not then required to register as a sex offender.  In 1993, John Doe 9 was informed by his probation officer that he was now required to register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 9 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  John Doe 9 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 9 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 9 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 11

12.     Plaintiff, John Doe 10, is a resident of Twin Falls County, State of Idaho. On April 24, 1992, John Doe 10 was convicted in Jerome County, State of Idaho, of the crime of Rape, to-wit: the age of sixteen (16) years, a felony, and was thereafter placed on probation for a period of two (2) years.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 10 was not then required to register as a sex offender.  In 1993, John Doe 10 was informed by his probation officer that he was now required to register as a sex offender.  John Doe 10 completed a sex offender treatment program and was released from probation on May 5, 1994.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 10 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  John Doe 10 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 10 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. In 2002, John Doe 10 petitioned the sentencing court to be released from the Idaho Sex Offender Registry, which petition was denied by the court. John Doe 10 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

13.     Plaintiff, John Doe 11, is a resident of Bingham County, State of Idaho. On July 9, 1993, John Doe 11 was convicted in Cassia County, State of Idaho, of the crime of Lewd Conduct with a Minor Under the Age of Sixteen (16) Years, to-wit: the age of three (3) years, a felony.  John Doe 11 was placed on probation for a period of five

(5) years and was required to register as a sex offender in Idaho.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 11 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  This exception included, inter alia, the offense of "lewd conduct when the victim is less than twelve (12) years of age."  John Doe 11 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 11 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 11 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

14.     Plaintiff, John Doe 12, is a resident of Ada County, State of Idaho.  On February 14, 1995, John Doe 12 was convicted in Nez Perce County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of twelve (12) years, a felony.  John Doe 12 was sentenced to a term of incarceration of fifteen (15) years.  John Doe 12 was released from custody in September of 2003, was placed on parole, and began registering as a sex offender in Idaho.  John Doe 12 completed sex offender treatment and was released from parole in February of 2010. Under the language of the Idaho sex offender registration requirements as they existed at the time of his conviction and release from custody, John Doe 12 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the

definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years." John Doe 12 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 12 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 12 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

15.     Plaintiff, John Doe 13, is a resident of Ada County, State of Idaho. In February of, 1990, John Doe 13 was convicted in Canyon County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of ten (10) years, a felony. John Doe 13 was released from custody or released from probation on April 29, 1996. At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 13 was not then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2001, John Doe 13 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry. This exception included, inter alia, the offense of "lewd conduct when the victim is less than twelve (12) years of age." John Doe 13 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 13 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender

Registry. John Doe 13 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

16.     Plaintiff, John Doe 14, is a resident of Franklin County, State of Idaho.  In June of, 1994, John Doe 14 was convicted in Franklin County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of nine (9) years, a felony.  John Doe 14 was released from custody or released from probation in December of 1999.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 14 was then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2001, John Doe 13 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  This exception included, inter alia, the offense of "lewd conduct when the victim is less than twelve (12) years of age."  John Doe 14 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 14 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 14 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

17.     Plaintiff, John Doe 15, is a resident of Minidoka County, State of Idaho. In June of 1996, John Doe 15 was convicted in Cassia County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of thirteen (13) years, a felony.  John Doe 15 was released from custody in June

of 2000, and not placed on probation.   At the time of his conviction, the Idaho Sex

Offender Registry requirements had been enacted and John Doe 15 was then required to

register as a sex offender.  Under the language of the Idaho sex offender registration

requirements as they existed prior to July 1, 2009, John Doe 15 would later be eligible for

release from the requirement to register as a sex offender.  The ex post facto amendments

to Idaho SORNA effective from and after July 1, 2009, expanded the definition of

"aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious

conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the

age of the victim as an "aggravated offense."  John Doe 15 is not a recidivist, did not

commit an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 15 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry. John Doe 15 was, and still is, foreclosed from ever

being removed from the Idaho sex offender registry by reason of the July 1, 2009,

amendment above stated.

18.      Plaintiff, John Doe 16, is a resident of Bannock County, State of Idaho.

In January of 2002, John Doe 16 was convicted in Bannock County, State of Idaho, of the

crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of

eleven (11) years, a felony.  John Doe 16 was released from custody or released from

probation on December 1, 2009.   Under the language of the Idaho sex offender

registration requirements as they existed at the time of his conviction and release from

custody, John Doe 16 would later be eligible for release from the requirement to register

as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and

after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other

offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 16 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 16 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 16 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

19.     Plaintiff, John Doe 17, is a resident of Twin Falls County, State of Idaho. In March of 2002, John Doe 17 was convicted in Twin Falls County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of eight (8) years, a felony.  John Doe 17 was released from custody or released from probation on November 8, 2012.   Under the language of the Idaho sex offender registration requirements as they existed at the time of his conviction and release from custody, John Doe 17 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 17 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 17 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 17 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 17

20.     Plaintiff, John Doe 18, is a resident of Lincoln County, State of Idaho.  In November of 1989, John Doe 18 was convicted in Lincoln County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of eleven (11) years, a felony.  John Doe 18 was released from custody or released from probation on August 28, 1995.   At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 18 was not then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2001, John Doe 18 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  This exception included, inter alia, the offense of "lewd conduct when the victim is less than twelve (12) years of age."  John Doe 18 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 18 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 18 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

21.     Plaintiff, John Doe 19, is a resident of Twin Falls County, State of Idaho. In September of 2002, John Doe 19 was convicted in Twin Falls County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of fifteen (15) years, a felony.  John Doe 19 was released from custody or released from probation on April 30, 2010.   At the time of his conviction, the Idaho Sex

Offender Registry requirements had been enacted and John Doe 15 was then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2009, John Doe 19 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  John Doe 19 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 19 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 19 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

22.     Plaintiff, John Doe 20, is a resident of Teton County, State of Idaho.  In March of 2001, John Doe 20 was convicted in Teton County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of twelve (12) years, a felony.  John Doe 20 was released from custody or released from probation in November of 2007.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 20 was then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his conviction and release from custody, John Doe 20 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded

the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 20 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 20 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 20 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

23.      Plaintiff, John Doe 21, is a resident of Twin Falls County, State of Idaho. In May of 2001, John Doe 21 was convicted in Twin Falls County, State of Idaho, of the crime of Lewd Conduct with a Minor Under the Age of Sixteen (16) Years, to-wit: the age of fourteen (14) years, a felony.  John Doe 21 was released from custody or released from probation on July 11, 2005.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 21 was then required to register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 21 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense." John Doe 21 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 21 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender

Registry. John Doe 21 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

24.     Plaintiff, John Doe 22, is a resident of Bonneville County, State of Idaho. In December of 1991, John Doe 22 was convicted in Bonneville County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of five (5) years, a felony.  John Doe 22 was released from parole on custody or released from probation on November 20, 2001.   At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 22 was not then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2001, John Doe 22 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  This exception included, inter alia, the offense of "lewd conduct when the victim is less than twelve (12) years of age."  John Doe 22 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 22 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 22 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

25.     Plaintiff, John Doe 23, is a resident of Valley County, State of Idaho.  In April of 1999, John Doe 23 was convicted in Canyon County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of nine

(9) or ten (10) years, a felony.  John Doe 23 was released from custody or released from supervised probation on April 24, 2009, for the remainder of his sentence and was later released from probation in 2011.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 23 was then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his conviction and release from custody, John Doe 23 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 23 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 23 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 23 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

26.     Plaintiff, John Doe 24, is a resident of Lincoln County, State of Idaho.  In December of 2002, John Doe 24 was convicted in Lincoln County, State of Idaho, of the crime of Lewd Conduct with a Minor Under the Age of Sixteen (16) Years, to-wit: the age of fifteen (15) years, a felony.  John Doe 24 was released from custody or released from probation on January 16, 2009.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 24 was then required to register as a sex offender.  Under the then existing language of the Idaho sex offender

registration requirements, John Doe 24 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense." John Doe 24 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 24 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 24 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

      27.     Plaintiff, John Doe 25, is a resident of Butte County, State of Idaho.  In April of 1990, John Doe 25 was convicted in Twin Falls County, State of Idaho, of the crime of Lewd Conduct with a Minor Under the Age of Sixteen (16) Years, to-wit: the age of twelve (12) years, a felony.  John Doe 25 was released from parole in May of 2000.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 25 was not then required to register as a sex offender. Under the then existing language of the Idaho sex offender registration requirements at the time of his release from custody/probation, John Doe 25 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the

age of the victim as an "aggravated offense." John Doe 25 is not a recidivist, did not

commit an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 25 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry. John Doe 25 was, and still is, foreclosed from ever

being removed from the Idaho sex offender registry by reason of the July 1, 2009,

amendment above stated.

      28.    Plaintiff, John Doe 26, is a resident of Ada County, State of Idaho.  In

January of 1988, John Doe 26 was convicted in Bonneville County, State of Idaho, of the

crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of

four (4) years, a felony.  John Doe 26 was released from custody or released from

probation in 2000.  At the time of his conviction, the Idaho Sex Offender Registry

requirements had not been enacted and John Doe 26 was not then required to register as a

sex offender. Under the language of the Idaho sex offender registration requirements as

they existed at the time of his release from custody/probation, John Doe 26 would later be

eligible for release from the requirement to register as a sex offender.  The ex post facto

amendments to Idaho SORNA effective from and after July 1, 2009, expanded the

definition of "aggravated offense" to include, "any other offense set forth in Section 18-

8304, Idaho Code, if at the time of the commission of the offense the victim was below

the age of thirteen (13) years." John Doe 26 is not a recidivist, did not commit an

aggravated offense, and has not been classified as a violent sexual predator.  Therefore,

John Doe 26 should be eligible to petition the sentencing court to be removed from the

Idaho Sex Offender Registry.  John Doe 26 was, and still is, foreclosed from ever being

removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment

above stated.

29.    Plaintiff, John Doe 27, is a resident of Minidoka County, State of Idaho. In April of 1992, John Doe 27 was convicted in Ada County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of six (6) or seven (7) years, a felony.  John Doe 27 was released from custody or released from probation on April 14, 2002.   At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 27 was not then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 27 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 27 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 27 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 27 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

30.    Plaintiff, John Doe 28, is a resident of Ada County, State of Idaho.  In April of 1991, John Doe 28 was convicted in Gem County, State of Idaho, of the crime of Lewd Conduct with a Minor Under the Age of Sixteen (16) Years, to-wit: the age of twelve (12) or thirteen (13) years, a felony.  John Doe 28 was discharged from parole on

March 11, 2006.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 28 was not then required to register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements at the time of his release from custody/probation, John Doe 28 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense." John Doe 28 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 28 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 28 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

      31.    Plaintiff, John Doe 29, is a resident of Twin Falls County, State of Idaho. In March of 1994, John Doe 29 was convicted in Jerome County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of seven (7) years, a felony.  John Doe 29 was released from custody on March 20, 2003.  At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 29 was then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 29 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho

SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years." John Doe 29 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 29 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 29 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

32.     Plaintiff, John Doe 30, is a resident of Jerome County, State of Idaho. In May of 1990, John Doe 30 was convicted in Jerome County, State of Idaho, of the crime of Lewd Conduct with a Minor Under the Age of Sixteen (16) Years, to-wit: the age of nine (9) years, a felony. John Doe 30 was released from probation on May 10, 1996. At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 28 was not then required to register as a sex offender. Under the then existing language of the Idaho sex offender registration requirements at the time of his release from custody/probation, John Doe 30 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry. This exception included, inter alia, the offense of "lewd conduct when the victim is less than twelve (12) years of age." John Doe 30 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 30 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John

Doe 30 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

33.    Plaintiff, John Doe 31, is a resident of Franklin County, State of Idaho. On November 14, 1997, John Doe 31 was convicted in Franklin County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of seven (7) years, a felony.  John Doe 31 was (released from custody or released from probation in December of 2002.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 31 was then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 31 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 31 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 31 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 31 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

34.    Plaintiff, John Doe 32, is a resident of Ada County, State of Idaho.  In June of 2005, John Doe 32 was convicted in Ada County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of six (6)

years, a felony.  John Doe 32 was released from probation on February 7, 2012.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 32 was then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 32 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 32 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 32 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 32 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

35.     Plaintiff, John Doe 33, is a resident of Cassia County, State of Idaho.  In November of 2003, John Doe 33 was convicted in Cassia County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of twelve (12) years, a felony.  John Doe 33 was released from probation in January of 2010.  At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 33 was then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 33 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho

SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 33 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 33 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 33 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

36.    Plaintiff, John Doe 34, is a resident of Franklin County, State of Idaho.  In May of 2003, John Doe 34 was convicted in Franklin County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of five (5) years, a felony.  John Doe 34 was (released from custody or released from probation on April 23, 2013.  At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 34 was then required to register as a sex offender. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 34 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 34 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 34 should be eligible to petition the sentencing court to be removed from the

Idaho Sex Offender Registry.  John Doe 34 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

37.     Plaintiff, Jane Doe 35, is a resident of Ada County, State of Idaho.  In January of 1996, John Doe 35 was convicted in Ada County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of fourteen (14) years, a felony.  Jane Doe 35 was released from probation in January of 2011.  At the time of her conviction, the Idaho Sex Offender Registry requirements had been enacted and Jane Doe 35 was then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2009, Jane Doe 35 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  Jane Doe 35 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, Jane Doe 35 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. Jane Doe 35 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

38.     Plaintiff, Jane Doe 36, is a resident of Minidoka County, State of Idaho.  In August of 2004, John Doe 36 was convicted in Cassia County, State of Idaho, of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit:

the age of fourteen (14) years, a felony.  Jane Doe 36 was released from parole on August 16, 2012.  At the time of her conviction, the Idaho Sex Offender Registry requirements had been enacted and Jane Doe 35 was then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2009, Jane Doe 36 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  Jane Doe 36 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, Jane Doe 36 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. Jane Doe 36 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

39.    Plaintiff, John Doe 37, is a resident of Twin Falls County, State of Idaho.  In April of 2007, John Doe 37 was convicted in Twin Falls County, State of Idaho, of two (2) counts of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of fifteen (15) years, a felony.  John Doe 37 was released from probation on December 2, 2010.   At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 37 was then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2009, John Doe 37 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA

effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense." John Doe 37 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 37 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 37 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

40.     Plaintiff, John Doe 38, is a resident of Twin Falls County, State of Idaho.  In May of 2006, John Doe 38 was convicted in Twin Falls County, State of Idaho, of two (2) counts of the crime of Lewd Conduct with a Minor Child Under the Age of Sixteen (16) Years, to wit: the age of twelve (12) years, a felony.  John Doe 38 was released from probation in December of 2010.  At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 38 was then required to register as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed prior to July 1, 2009, John Doe 38 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense." John Doe 38 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 38

should be eligible to petition the sentencing court to be removed from the Idaho Sex

Offender Registry. John Doe 38 was, and still is, foreclosed from ever being removed

from the Idaho sex offender registry by reason of the July 1, 2009, amendment above

stated.

41.     Plaintiff, John Doe 39, is a resident of Ada County, State of Idaho.  In

February of 2013, John Doe 39 was convicted in Ada County, State of Idaho, of two (2)

counts of the crime of Sexual Exploitation of a Child, a felony.  John Doe 39 was

sentenced to a period of custody of ten (10) years, consisting of a determinate term of

three (3) years, followed by an indeterminate term of seven (7) years, with the sentencing

court retaining its jurisdiction for a period of three hundred sixty-five (365) days.  John

Doe 39 was thereafter placed on probation in July of 2013, for a period of twenty (20)

years, and began registering in Idaho as a sex offender.   John Doe 39 is not a recidivist,

did not commit an aggravated offense, and has not been classified as a violent sexual

predator.  Therefore, John Doe 39 should be eligible to petition the sentencing court to be

removed from the Idaho Sex Offender Registry.

42.     Plaintiff, John Doe 40, is a resident of Ada County, State of Idaho.  In

February of 2006, John Doe 40 was convicted in Ada County, State of Idaho, of the crime

of Sexual Contact With A Prisoner, to-wit: an Adult, a felony.  John Doe 40 was

sentenced to a period of custody of ninety (90) days.  John Doe 40 was thereafter placed

on probation on March 13, 2006 for a period of five (5) years, and began registering in

Idaho as a sex offender in March of 2006.   John Doe 40 is not a recidivist, did not

commit an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 40 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.

43.     Plaintiff, John Doe 41, is a resident of Franklin County, State of Idaho.  In December of 1996, John Doe 41 was convicted in Franklin County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: the age of fifteen (15) years, a felony.  John Doe 41 was sentenced to a period of incarceration and, after serving a period in custody of eleven (11) years, was released from custody on December 12, 2008.  At that time, the Idaho Sex Offender Registry requirements had been enacted and John Doe 41was then required to register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 41 would later be eligible for release from the requirement to register as a sex offender. John Doe 41 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 41 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  The version of this biography I was provided made an allegation that this plaintiff was foreclosed from release from registration requirements due to the fact that under the 2009 amendments to the registration act, it became an "aggravated offense."

44.     Plaintiff, John Doe 42, is a resident of Ada County, State of Idaho.  In September of 2004, John Doe 42 was convicted in Elmore County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: the age of thirteen (13) years, a felony.  John Doe 42 was sentenced to a period of incarceration and was released from custody in September of 2011, was placed on parole for a period of seven (7) years thereafter, and began registering as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 42 would

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 35

later be eligible for release from the requirement to register as a sex offender.   John Doe 42 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 42 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

45.     Plaintiff, John Doe 43, is a resident of Ada County, State of Idaho.  In April of 2004, John Doe 43 was convicted in Valley County, State of Idaho, of six (6) counts of the crime of Possession of Sexually Exploitative Material For Other Than Commercial Purposes, each a felony.  John Doe 43 was sentenced to a period of probation of eight (8) years thereafter, and began registering as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 43 would later be eligible for release from the requirement to register as a sex offender.   John Doe 43 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 43 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

46.     Plaintiff, John Doe 44 is a resident of Twin Falls County, State of Idaho.  In March of 1992, John Doe 44 was convicted in Twin Falls County, State of Idaho, of one (1) count of Crime Against Nature and one (1) count of Rape, to-wit: the victim was an adult, both felonies.  John Doe 44 was placed on probation for two (2) years.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 44 was not then required to register as a sex offender.  John Doe 44 was advised by his probation officer in 1993 that he must thereafter register as a sex offender. Under the then existing language of the Idaho sex offender registration requirements, John Doe 44 would later be eligible for release from the requirement to register as a sex

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 36

offender.   The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry. John Doe 44 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 44 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 44 petitioned the sentencing court for release from sex offender registration requirements in 2006, and the petition was denied.  John Doe 44 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above Stated.  Need to know the victim ages if available.

47.    Plaintiff, John Doe 45, is a resident of Ada County, State of Idaho.  In October of 1999, John Doe 45 was convicted in Ada County, State of Idaho, of the crime of Possession of Sexually Exploitative Material For Other Than Commercial Purposes, a felony.  John Doe 45 was sentenced, received a withheld judgment, was placed on probation for a period of five (5) years, and began registering as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 45 would later be eligible for release from the requirement to register as a sex offender. John Doe 45 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 45 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

48.    Plaintiff, John Doe 46, is a resident of Boise County, State of Idaho.  In April of 1989, John Doe 46 was convicted of the crime of Sexual Abuse of a Child Under the Age of sixteen (16) years, Incest, to wit: the age of fourteen (14) years, a felony, in

Ada County, State of Idaho.  John Doe 46 completed a sex offender treatment program and was placed on probation for a period of five (5) years.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 46 was not then required to register as a sex offender.  In 1993, John Doe 46 was advised by his probation officer that he must register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 46 would later be eligible for release from the requirement to register as a sex offender.  John Doe 46 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 46 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

49.    Plaintiff, John Doe 47 is a resident of Gooding County, State of Idaho.  In June of 1993, John Doe 47 was convicted in Bannock County, State of Idaho, of Rape (victim was fourteen (14) years of age at the time of the commission of the offense), a felony.  John Doe 47 was placed on probation and released from probation on November 27, 1996.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 47 was not then required to register as a sex offender.  John Doe 47 was advised by his probation officer in September of 1993 that he must thereafter register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 47 would later be eligible for release from the requirement to register as a sex offender.   The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry. John Doe 47 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent

sexual predator.  Therefore, John Doe 47 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 47 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

50.     Plaintiff, John Doe 48, is a resident of Ada County, State of Idaho.  In November of 1999, John Doe 48 was convicted in Ada County, State of Idaho, of the crime of Sexual Battery of a Minor Sixteen (16) or Seventeen (17) Years of Age, a felony.  John Doe 48 was placed on probation for a period of ten (10) years, and was required to register as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 48 would later be eligible for release from the requirement to register as a sex offender.  Plaintiff, John Doe 48 was released from probation in November of 2009.  John Doe 48 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 48 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

51.     Plaintiff, Jane Doe 49, is a resident of Ada County, state of Idaho.  On July 27, 2003, Jane Doe 49 was convicted in Payette County, state of Kentucky, of the crime of Use of a Minor in Sexual Performance, to-wit: victim sixteen (16) years of age at the time of commission of the offense, a felony.  Jane Doe 49 was sentenced to a term of incarceration of twenty-three (23) months in the custody of a Kentucky state prison facility, and was released from custody in 2005.  During that time, Jane Doe 49 successfully completed a sex offender treatment program.  Commencing November 30, 2003, Jane Doe 49 was required to register as a sex offender in the state of Kentucky.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 39

Subsequent to her release from custody in 2005, Jane Doe 49 moved to the state of Idaho, where she has continued to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2005, expanded the offenses for which sex offender registration was required to include all substantially similar offenses for which convictions have been entered in another jurisdiction.  In the event the Kentucky conviction is determined to be a substantially similar offense to Idaho criminal statutes requiring sex offender registration, the Idaho sex offender registration requirements should apply to Jane Doe 49.  Jane Doe 49 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, Jane Doe 49 should either not have been required to register as a sex offender in Idaho, or in the alternative, should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

52.     Plaintiff, John Doe 50 is a resident of Twin Falls County, State of Idaho.  In April of 1991, John Doe 50 was convicted in Ada County, State of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) years, to wit: the age of thirteen (13) years, a felony.  John Doe 50 was sentenced to and served seven (7) years in the custody of the Idaho Department of Correction and was released on March 28, 1998.  At the time of his conviction, the Idaho Sex Offender Registry requirements had not been enacted and John Doe 50 was not then required to register as a sex offender.  In 1998, John Doe 50 began registering as a sex offender.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 50 would later be eligible for release from the requirement to register as a sex offender.  John Doe 50 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual

predator.  Therefore, John Doe 50 should be eligible to petition the sentencing court to be

removed from the Idaho Sex Offender Registry.

53.     Plaintiff, John Doe 51 is a resident of Bingham County, State of Idaho.  In

2002, John Doe 51 was convicted in Twin Falls County, State of Idaho, of Rape (victim

was sixteen (16) years of age at the time of the commission of the offense), a felony.

John Doe 51 was placed on probation for a period of five (5) years.  At the time of his

conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe

51 began registering as a sex offender in September of 2002.  John Doe's offense was

considered "aggravated" at the time of commission of the offense.  John Doe 51 is now

required to register for life as an aggravated offender on the Idaho Sex Offender Registry.

John Doe 51 does not have standing under the present sex offender registration statutes to

petition to be released from sex offender registration requirements for the reason that his

duty to register as a sex offender is based solely on the fact that his conviction is a

predicate offense, rather than pursuant to a factual determination having been made of

probable future conduct, (i.e., that John Doe 51 poses a potentially high risk of

reoffending or engaging in predatory sexual conduct).  John Doe 51 is not a recidivist and

has not been classified as a violent sexual predator.  Therefore, John Doe 51 should be

eligible to petition the sentencing court to be removed from the Idaho Sex Offender

Registry.

54.     Plaintiff, John Doe 52, is a resident of Ada County, State of Idaho.  On

September 20, 2002, John Doe 52 was convicted in Canyon County, State of Idaho, of the

crime of Sexual Battery of a Minor Under the Age of Sixteen (16) Years, to-wit: the age

of fourteen (14) years, a felony.  John Doe 52 was sentenced to a withheld judgment, was

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 41

placed on probation for a period of seven (7) years in March of 2003, and began

registering as a sex offender.  Under the then existing language of the Idaho sex offender

registration requirements, John Doe 52 would later be eligible for release from the

requirement to register as a sex offender.   John Doe 52 is not a recidivist, did not commit

an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 52 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.

      55.    Plaintiff, John Doe 53, is a resident of Elmore County, State of Idaho.  On

March 19, 1992, John Doe 53 was convicted in Elmore County, State of Idaho, of Battery

W/Intent To Commit A Rape, to-wit: the age of 15 years, a felony.  John Doe 53's

sentence was suspended and he was placed on probation for four (4) years.  He was

advised at that time that he must register as a sex offender.  He completed a sex offender

treatment.  John Doe 53 was released from probation in late 1993.   John Doe 53 is not a

recidivist, did not commit an aggravated offense, and has not been classified as a violent

sexual predator.  Therefore, John Doe 53 should be eligible to petition the sentencing

court to be removed from the Idaho Sex Offender Registry.

      56.    Plaintiff, John Doe 54, is a resident of Bonneville County, State of Idaho.

In 2003, John Doe 54 was convicted in Jefferson County, State of Idaho, of a felony

sexual offense.  At the time of his conviction, the Idaho Sex Offender Registry

requirements had been enacted and John Doe 54 began registering as a sex offender in

2003.  John Doe 54's offense was considered "aggravated" at the time of commission of

the offense.  John Doe 54 is now required to register for life as an aggravated offender on

the Idaho Sex Offender Registry.  John Doe 54 does not have standing under the present

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 42

sex offender registration statutes to petition to be released from sex offender registration requirements for the reason that his duty to register as a sex offender is based solely on the fact that his conviction is a predicate offense, rather than pursuant to a factual determination having been made of probable future conduct, (i.e., that John Doe 54 poses a potentially high risk of reoffending or engaging in predatory sexual conduct).  John Doe 54 is not a recidivist and has not been classified as a violent sexual predator.  Therefore, John Doe 54 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

57.     Plaintiff, John Doe 55, is a resident of Twin Falls County, State of Idaho.  In 2001, John Doe 55 was convicted in Twin Falls County, State of Idaho, of a felony sexual offense.  At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 55 began registering as a sex offender in 2001.  John Doe 55's offense was considered "aggravated" at the time of commission of the offense.  John Doe 55 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.  John Doe 55 does not have standing under the present sex offender registration statutes to petition to be released from sex offender registration requirements for the reason that his duty to register as a sex offender is based solely on the fact that his conviction is a predicate offense, rather than pursuant to a factual determination having been made of probable future conduct, (i.e., that John Doe 55 poses a potentially high risk of reoffending or engaging in predatory sexual conduct).  John Doe 55 is not a recidivist and has not been classified as a violent sexual predator.  Therefore, John Doe 55 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 43

58.    Plaintiff, John Doe 56, is a resident of Twin Falls County, State of Idaho.  In 2004, John Doe 56 was convicted in Twin Falls County, State of Idaho, of Lewd Conduct W/Minor Child Under the age of 16 years, to-wit: eleven (11) years of age, a felony.  At the time of his conviction, the Idaho Sex Offender Registry requirements had been enacted and John Doe 56 began registering as a sex offender in 2004.  John Doe 56's offense was considered "aggravated" at the time of commission of the offense.  John Doe 56 is now required to register for life as an aggravated offender on the Idaho Sex Offender Registry.  John Doe 56 does not have standing under the present sex offender registration statutes to petition to be released from sex offender registration requirements for the reason that his duty to register as a sex offender is based solely on the fact that his conviction is a predicate offense, rather than pursuant to a factual determination having been made of probable future conduct, (i.e., that John Doe 56 poses a potentially high risk of reoffending or engaging in predatory sexual conduct).  John Doe 56 is not a recidivist and has not been classified as a violent sexual predator.  Therefore, John Doe 56 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

59.    Plaintiff, John Doe 57, is a resident of Ada County, State of Idaho.  In 1993, John Doe 57 was convicted in Tulare County, State of California, of a non-aggravated felony sexual offense.  In 1996, John Doe 57 was advised by his probation officer of the requirement that he register as a sex offender in the State of California.  John Doe 57 thereafter moved to the State of Idaho in 2009 and began registering there as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 31 would later be

eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 57 was convicted in the State of California.  John Doe 57 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 57 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 57 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

60.     Plaintiff, John Doe 58, is a resident of Ada County, State of Idaho.  In 1990, John Doe 58 was convicted at Mountain Home Air Force Base, State of Idaho, of a non-aggravated felony sexual offense.  After 1993, John Doe 58 was advised by his probation officer of the requirement that he register as a sex offender in the State of Idaho.  Idaho sex offender registry requirements had not yet been enacted at the time of the conviction of John Doe 58.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 58 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 58 was convicted at the Mountain Home military base.  John Doe 58 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 58 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 58 was,

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 45

and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

61.    Plaintiff, John Doe 59, is a resident of Twin Falls County, State of Idaho. On January 29, 1993, John Doe 59 was convicted in Benton County, State of Washington, of a non-aggravated felony sexual offense (Rape of a Child 2nd Degree, to-wit: thirteen (13) years of age).  John Doe 59 began registering as a sex offender in the State of Washington and continued to do so in the State of Idaho after moving here in 2001.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 59 would later be eligible for release from the requirement to register as a sex offender.  John Doe 59 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 59 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

62.    Plaintiff, John Doe 60, is a resident of Twin Falls County, State of Idaho. On January 31, 1992, John Doe 60 was convicted in Maricopa County, State of Arizona, of a non-aggravated felony sexual offense (Attempted Child Molestation in the 3rd degree, to-wit: ten (10) years of age).  John Doe 60 thereafter moved to the State of Idaho in 1992 and was advised by his probation officer in 1993 of the requirement that he register as a sex offender in the State of Idaho.  Idaho sex offender registry requirements had not yet been enacted at the time of the conviction of John Doe 60.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 60 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 46

from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 60 was convicted in the State of Arizona. John Doe 60 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 60 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 60 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

    63.    Plaintiff, John Doe 61, is a resident of Twin Falls County, State of Idaho. In June of 1983, John Doe 61 was convicted in Shasta County, State of California, of two (2) counts of Lewd and Lascivious Acts with a Child Under Fourteen (14) Years of Age, to-wit: ten (10) or eleven (11) years. In March of 1991, John Doe 61 was placed on parole and he moved to the State of Idaho. At the request of his parole officer, in 1996, John Doe 61 began registering as a sex offender in Idaho. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 61 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 61 was convicted in the State of California. John Doe 61 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 61 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 61 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

64.     Plaintiff, John Doe 62, is a resident of Bannock County, State of Idaho. In January of 1988, John Doe 62 was convicted in Grand County, State of Colorado, of Sexual Assault of a Minor, to-wit: nine (9) years of age, a felony. John Doe 62 was placed on probation for a period of for (4) years. In 1992, John Doe 62 moved to the State of Idaho while still on probation. John Doe 62 was released from probation on January 5, 1994, and was informed by his probation officer of the requirement that he register as a sex offender in Idaho. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 62 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 62 was convicted in the State of Colorado. John Doe 62 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 62 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 62 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

65.     Plaintiff, John Doe 63, is a resident of Butte County, State of Idaho. On July 28, 1987, John Doe 63 was convicted in Maricopa County, State of Arizona, of Attempted Molestation of a Child, to-wit: ten (10) years of age, a felony. John Doe 63 was placed on probation and moved to the State of Nevada on December 26, 1997, and commenced registering as a sex offender in that State. In 2008, John Doe 63 moved to the State of Idaho and began registering with the Idaho Sex Offender Registry. Under the

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 48

language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 63 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 63 was convicted in the State of Arizona. John Doe 63 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 63 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 63 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

66.     Plaintiff, John Doe 64, is a resident of Ada County, State of Idaho. On February 25, 1988, John Doe 64 was convicted in Canadian County, State of Oklahoma, of Lewd Acts to a Child, to-wit: fourteen (14) years of age, a felony. John Doe 64 was placed on probation and began registering as a sex offender in the State of Oklahoma in 1988. John Doe 64 moved to the State of Idaho in 2000 and began registering with the Idaho Sex Offender Registry. Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 64 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 64 was convicted in the State of Oklahoma. John Doe 64 is not a recidivist, did not commit an aggravated offense, and has not been classified as a

violent sexual predator.  Therefore, John Doe 64 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 64 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

67.    Plaintiff, John Doe 65, is a resident of Ada County, State of Idaho.  On March 27, 1992, John Doe 65 was convicted by Military Court Martial, Fort Ord, California, of the crime of Indecent Acts with a Child Under Sixteen (16) Years of Age, to-wit: twelve (12) years of age, a felony.  In 1995, John Doe 65 moved to the State of Idaho and began registering as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 65 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 65 was convicted in military court in the State of California.  John Doe 65 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 65 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 65 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

68.    Plaintiff, John Doe 66, is a resident of Bingham County, State of Idaho.  On July 20, 1987, John Doe 66 was convicted in San Joaquin County, State of California, of Sexual Penetration With A Foreign Object with Force, involving a victim of the age of

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 50

eight (8) months to one (1) year, a felony.  John Doe 66 moved to Idaho in 1998 and was advised at the time by his probation/parole officer that he was required to register in Idaho as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 66 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the category of offenses excluded from the petitioner's ability to obtain release from sex offender registry requirements and labeled those offenses "aggravated offenses."  The statutory definition of "aggravated offense" included the substantially equivalent offense for which John Doe 66 was convicted in the State of California.  John Doe 66 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 66 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 66 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendment above stated.

69.     Plaintiff, John Doe 67, is a resident of Twin Falls County, State of Idaho. On August 5, 1988, John Doe 67 was convicted in Flathead County, State of Montana, of the crime of Sexual Assault, to-wit: five (5) or six (6) years of age, a felony.  In 1999, John Doe 67 moved to the State of Idaho and began registering as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 67 would later be eligible for release from the requirement to register as a sex offender.  John Doe 67 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual

predator.  Therefore, John Doe 67 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

70.    Plaintiff, John Doe 68, is a resident of Franklin County, State of Idaho.  In 2004, John Doe 68 was convicted in Logan County, State of Utah, of four (4) counts of the crime of Sexual Abuse of a Child, to-wit: the age of seven (7) years, a felony.  In 2006, John Doe 68 moved to the State of Idaho and began registering with the Idaho Sex Offender Registry.  Under the then existing language of the Idaho sex offender registration requirements, John Doe 68 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include the substantially equivalent offense for which John Doe 68 was convicted in the State of Utah.  John Doe 68 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 65 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 68 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

71.    Plaintiff, John Doe 69, is a resident of Bannock County, State of Idaho.  On July 9, 1999, John Doe 69 was convicted by U.S. Marshall Court, Portland, State of Oregon, of the crime of Sex Exploitation of a Child, a felony.  In 1999, John Doe 69 moved to the State of Idaho and began registering as a sex offender.  Under the language of the Idaho sex offender registration requirements as they existed at the time of his release from custody/probation, John Doe 69 would later be eligible for release from the

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 52

requirement to register as a sex offender.  John Doe 69 is not a recidivist, did not commit

an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 69 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.

72.     Plaintiff, John Doe 70, is a resident of Ada County, State of Idaho.  On

September 21, 2005, John Doe 70 was convicted in Ada County, State of Idaho, of the

crime of Sexual Exploitation of a Child, a felony.  He was sentenced to the United States

Bureau of Prisons for a period of sixty (60) months.  John doe 70 was released in March,

2010, placed on probation for a period of three (3) years, and began registering in the

State of Idaho as a sex offender.  Under the then existing language of the Idaho sex

offender registration requirements, John Doe 70 would later be eligible for release from

the requirement to register as a sex offender.   John Doe 70 is not a recidivist, did not

commit an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 70 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.

73.     Plaintiff, John Doe 71, is a resident of Ada County, State of Idaho.  On

August 10, 2004, John Doe 71 was convicted in Calaveras County, State of California, of

the crime of Lewd or Lascivious Conduct, to-wit: ten (10) years of age, an aggravated

offense.  In 2007, John Doe 71 began registering as a sex offender in the State of

California.  In September of 2014, John Doe 71 moved to the State of Idaho and began

registering with the Idaho Sex Offender Registry.  John Doe 71's offense was considered

"aggravated" at the time of commission of the offense.  John Doe 71 is now required to

register for life as an aggravated offender on the Idaho Sex Offender Registry.  John Doe

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 53

71 does not have standing under the present sex offender registration statutes to petition

to be released from sex offender registration requirements for the reason that his duty to

register as a sex offender is based solely on the fact that his conviction is a predicate

offense, rather than pursuant to a factual determination having been made of probable

future conduct, (i.e., that John Doe 71 poses a potentially high risk of reoffending or

engaging in predatory sexual conduct).  John Doe 71 is not a recidivist and has not been

classified as a violent sexual predator.  Therefore, John Doe 71 should be eligible to

petition the sentencing court to be removed from the Idaho Sex Offender Registry.

74.    Plaintiff, John Doe 72, is a resident of Bannock County, State of Idaho.  On

October 24, 1994, John Doe 72 was convicted in Malheur County, State of Oregon, of the

crime of Rape in the Third Degree, to-wit: thirteen (13) years of age.  He was placed on

probation for a period of thirty-six (36) months.  John Doe 72 violated his probation and

in February, 1996, was sentenced to serve six (6) months in a correctional institution in

the State of Oregon.  John Doe 72 was released in July, 1996, after serving the full six (6)

months and was placed on probation.  In 1996, John Doe 72 began registering as a sex

offender in the State of Oregon.  In 1998, John Doe 72 moved to the State of Idaho and

began registering with the Idaho Sex Offender Registry.  John Doe 72 is not a recidivist,

has not committed an aggravated offense and has not been classified as a violent sexual

predator.  Therefore, John Doe 72 should be eligible to petition the sentencing court to be

removed from the Idaho Sex Offender Registry.

75.    Plaintiff, John Doe 73, is a resident of Ada County, State of Idaho.  On

January 25, 2000, John Doe 73 was convicted in Benton County, State of Washington, of

the crime of Communication with a Minor for Immoral Purposes, to-wit: thirteen (13)

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 54

years of age, a misdemeanor.  In 2009, John Doe 73 began registering as a sex offender in

the State of Washington.  In 2010, John Doe 73 moved to the State of Idaho and began

registering with the Idaho Sex Offender Registry.  John Doe 73 is not a recidivist, has not

committed an aggravated offense and has not been classified as a violent sexual predator.

Therefore, John Doe 73 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.

76.     Plaintiff, John Doe 74, is a resident of Ada County, State of Idaho.  On June

26, 1995, John Doe 74 was convicted, as a juvenile, in Ada County, State of Idaho, of the

crime of Lewd Conduct with a Minor Under the Age of Sixteen (16) Years, to-wit: the

age of twelve (12) years, a felony.  John Doe 74 began registering as a juvenile sex

offender at that time.  Under the then existing language of the Idaho sex offender

registration requirements at the time of his release from custody/probation, John Doe 74

would later be eligible for release from the requirement to register as a sex offender.  The

ex post facto amendments to Idaho SORNA effective from and after July 1, 2009,

expanded the definition of "aggravated offense" to exclude any age demarcation to the

crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious

Conduct" with no reference to the age of the victim as an "aggravated offense."  John

Doe 74 is not a recidivist, did not commit an aggravated offense, and has not been

classified as a violent sexual predator.  Therefore, John Doe 74 should be eligible to

petition the sentencing court to be removed from the Idaho Sex Offender Registry. John

Doe 74 was, and still is, foreclosed from ever being removed from the Idaho sex offender

registry by reason of the July 1, 2009, amendment above stated.

77.     Plaintiff, John Doe 75, is a resident of Bonneville County, State of Idaho.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 55

On June 14, 2000, John Doe 75 was convicted, as a juvenile, in Sweetwater County, State of Wyoming, of two (2) counts of the crime of Sexual Assault in the Second Degree, to-wit: seven (7) years of age, a felony.  In 2001, John Doe 75 began registering as a juvenile sex offender in the State of Wyoming.  In 2004, John Doe 75 moved to the State of Idaho and began registering under the Idaho Sex Offender Registry as a Violent Sexual Offender; however, that designation was removed from his registration status in 2005. Under the then existing language of the Idaho sex offender registration requirements at the time of his release from custody/probation, John Doe 75 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include all registration offenses where the victim was less than thirteen (13) years of age.  John Doe 75 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 75 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 75 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

78.     Plaintiff, John Doe 76, is a resident of Ada County, state of Idaho.  On February 2, 1999, John Doe 76 was convicted in Military Court proceedings in San Diego County, state of California, of the crime of Sodomy, to-wit: victim fifteen (15) years of age, a felony.  In June of 2000, John Doe 76 moved to the state of Idaho and he began registering under the Idaho Sex Offender Registry.  Under the then existing language of the Idaho sex offender registration requirements at the time of his release from

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 56

custody/probation, John Doe 76 would later be eligible for release from the requirement to register as a sex offender.  John Doe 76 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 76 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

79.     Plaintiff, John Doe 77, is a resident of Twin Falls County, state of Idaho. On July 12, 2002, John Doe 77 was convicted in Duchesne County, state of Utah, of the crime of Unlawful Sexual Conduct with a 16 or 17 Year Old, to-wit: victim 16 years of age, a felony.  In 2002, John Doe 77 began registering as a sex offender in the state of Utah.  In 2008, John Doe 77 moved to the state of Idaho and began registering under the Idaho Sex Offender Registry.  Under the then existing language of the Idaho sex offender registration requirements at the time of his release from custody/probation, John Doe 77 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2011, expanded the definition of "aggravated offense" to include as "aggravated offenses" substantially similar offenses from another jurisdiction. John Doe 77 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 77 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 77 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2011, amendment above stated.

80.     Plaintiff, John Doe 78, is a resident of Jerome County, state of Idaho.  On May 14, 1991, John Doe 78 was convicted in Jerome County, state of Idaho, of the crime

of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of nine (9) years, a felony.  John Doe 78 moved to the state of Washington in 1995, where he remained until 2011, at which time he moved back to the state of Idaho.  John Doe 78 registered as a sex offender during the time he resided in the state of Washington.  John Doe 78 has registered as a sex offender in Idaho since his return.  Under the terms of Idaho SORNA registration requirements as they existed at the time of his release from custody/probation, John Doe 78 would later be eligible for release from the requirement to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include, "any other offense set forth in Section 18-8304, Idaho Code, if at the time of the commission of the offense the victim was below the age of thirteen (13) years."  John Doe 78 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 78 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 78 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above

81.    Plaintiff, John Doe 79, is a resident of Gooding County, state of Idaho.  On May 14, 2004, John Doe 79 was convicted in Gooding County, state of Idaho, three (3) counts of the crime of Sexual Contact with a Prisoner, a felony.  John Doe 79 was released from custody in 2009, and began registering as a sex offender in May of 2009.  At the time of the conviction of John Doe 79, this offense was not a registration offense under Idaho SORNA, that amendment to Idaho SORNA becoming effective July 1, 2005.  John Doe 79 is not a recidivist, did not commit an aggravated offense, and has not been

classified as a violent sexual predator.  Therefore, John Doe 79 should be eligible to

petition the sentencing court to be removed from the Idaho Sex Offender Registry.

82.     Plaintiff, John Doe 80, is a resident of Lemhi County, state of Idaho.  On

June 8, 1989, John Doe 80 was convicted in Lemhi County, state of Idaho, of the crime of

Lewd Conduct with a Minor Child Under Sixteen (16) Years of Age, to-wit: the age of

fourteen (14) years, a felony.  On June 8, 1989, John Doe 80 was granted probation for a

period of five (5) years.  On February 19, 1992, his probation was revoked due to a

probation violation and John Doe 80 was sentenced to the custody of the Idaho State

Board of Corrections for a fixed period of one (1) year followed by an indeterminate

period not to exceed four (4) years.  John Doe 80 received a reduced sentence which

consisted of a fixed period of one (1) year followed by an indeterminate period not to

exceed one (1) year.  John Doe 80 was released from custody in October of 1993.  John

Doe 80 was then required to begin registering as a sex offender commencing November

of 2013.  At the time of his conviction, the Idaho Sex Offender Registry requirements had

not been enacted and John Doe 80 was not then required to register as a sex offender.

Under the then existing language of the Idaho sex offender registration requirements,

John Doe 80 would later be eligible for release from the requirement to register as a sex

offender. The ex post facto amendments to Idaho SORNA effective from and after July 1,

2009, expanded the definition of "aggravated offense" to exclude any age demarcation to

the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious

Conduct" with no reference to the age of the victim as an "aggravated offense."  John

Doe 80 is not a recidivist, did not commit an aggravated offense, and has not been

classified as a violent sexual predator.  Therefore, John Doe 80 should be eligible to

petition the sentencing court to be removed from the Idaho Sex Offender Registry. John

Doe 80 was, and still is, foreclosed from ever being removed from the Idaho sex offender

registry by reason of the July 1, 2009, amendment above stated.

83.    Plaintiff, John Doe 81, is a resident of Twin Falls County, state of Idaho.

On November 3, 1999, John Doe 81 was convicted in a Military Court at Davis-Monthan

Air Force Base, state of Arizona, of the crime of Indecent Acts with a Child Under the

Age of Sixteen (16) Years, to-wit: victim fifteen (15) years of age, a misdemeanor.  John

Doe 81 was sentenced to thirty (30) days in military custody by reason of the conviction.

John Doe 81 was not required to register as a sex offender in the state of Arizona as a

result of the conviction. In 2001, John Doe 81 moved to the state of Idaho and was

required to register under the Idaho Sex Offender Registry commencing in 2004.  Under

the then existing language of the Idaho sex offender registration requirements at the time

of his release from custody/probation, John Doe 81 would later be eligible for release

from the requirement to register as a sex offender.  The ex post facto amendments to

Idaho SORNA effective from and after July 1, 2009, expanded the definition of

"aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious

conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the

age of the victim as an "aggravated offense."  The ex post facto amendments to Idaho

SORNA effective from and after July 1, 2011, expanded the definition of "aggravated

offense" to same or similar offenses committed in other jurisdictions.  In 2013, in

response to a petition filed by John Doe 81, the Court found that the Arizona offense was

the same or similar to Idaho's Lewd Conduct statute and denied the petition.  John Doe

81 is not a recidivist, did not commit an aggravated offense, and has not been classified as

a violent sexual predator.  Therefore, John Doe 81 should be eligible to petition the

sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 81 was,

and still is, foreclosed from ever being removed from the Idaho sex offender registry by

reason of the July 1, 2009 and July 1 2011 amendments above stated.

84.     Plaintiff, John Doe 82, is a resident of Ada County, state of Idaho.  On May

12, 1986, John Doe 82 was convicted in Sitka County, state of Alaska, of the crime of

Sexual Abuse of a Minor in the 2nd Degree, to-wit: Sixteen (16) or Seventeen (17) Years,

a felony.  John Doe 82 began registering as a sex offender in the state of Alaska in 1995.

John Doe 82 moved to the state of Florida in 2000 and began registering as a sex offender

in that state.  In 2008, John Doe 82 was advised by his probation/parole officer he was no

longer required to register as a sex offender in the state of Florida.  John Doe 82 is not a

recidivist, has not committed an aggravated offense and has not been classified as a

violent sexual predator.  Therefore, John Doe 82 should be eligible to petition the

sentencing court to be removed from the Idaho Sex Offender Registry.

85.     Plaintiff, John Doe 83, is a resident of Bonneville County, state of Idaho.

On July 10, 1995, John Doe 83 was convicted in Hillsdale County, state of Michigan, of

the crime of Criminal Sexual Conduct in the 3rd Degree, to-wit: victim's age fourteen (14)

years.  In 1995, John Doe 83 began registering as a sex offender in the state of Michigan.

In 2001, John Doe 83 moved to the state of Idaho and began registering with the Idaho

Sex Offender Registry.  John Doe 83 is not a recidivist, has not committed an aggravated

offense and has not been classified as a violent sexual predator.  Therefore, John Doe 83

should be eligible to petition the sentencing court to be removed from the Idaho Sex

Offender Registry.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 61

86.     Plaintiff, John Doe 84, is a resident of Ada County, state of Idaho.  On

January 23, 1980 and in a second proceeding on February 27, 1985, John Doe 84 was

convicted in Multnomah County, state of Oregon, of the crime of Attempted Sexual

Abuse 1st Degree, and, in 1990, John Doe 84 was convicted of two (2) other offenses in

Marion County, state of Oregon.  John Doe 84 began registering as a sex offender in the

state of Oregon in 1999.  In 2005, John Doe 84 moved to the state of Idaho.  Under the

then existing language of the Idaho sex offender registration requirements at the time of

his release from custody/probation, John Doe 74 would later be eligible for release from

the requirement to register as a sex offender.  The ex post facto amendments to Idaho

SORNA effective from and after July 1, 2011, expanded the definition of "aggravated

offense" to include same or similar offenses committed by the petitioner in other

jurisdictions.  No court in Idaho has addressed whether John Doe 84's convictions in the

state of Oregon are the same or similar to offenses defined as "aggravated offenses" in

Idaho for sex offender registration purposes.  Notwithstanding, John Doe 84's probation

officer has advised him the Idaho Department of Correction has taken the position his

convictions are the equivalent of aggravated offenses and he will be required to register as

a sex offender the remainder of his life. John Doe 84 is not a recidivist, did not commit an

aggravated offense, and has not been classified as a violent sexual predator.  Therefore,

John Doe 84 should be eligible to petition the sentencing court to be removed from the

Idaho Sex Offender Registry.

87.     Plaintiff, John Doe 85, is a resident of Gooding County, state of Idaho.  On

July 1, 1985, John Doe 85 was convicted in Cape Girardeau County, state of Missouri, of

the crime of Sexual Abuse in the 1st Degree, to-wit: victim twelve (12) years of age, a

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 62

felony.  In December of 1985, John Doe 85 moved to the state of Idaho where John Doe 85 completed probation/parole and was released in 1986.  The sex offender registry requirements had not been enacted at the time John Doe 85 was released from probation/parole requirements.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include all registration offenses where the victim was less than thirteen (13) years of age.  Based on that amendment, John Doe 85 was required to start registering as a sex offender in Idaho.  John Doe 85 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 85 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

88.     Plaintiff, John Doe 86, is a resident of Lincoln County, state of Idaho.  On June 27, 1986, John Doe 86 was convicted in Los Angeles County, state of California, of the crime of Lewd or Lascivious Conduct with a Child Under Fourteen (14) Years of Age, to-wit: at or below the age of five (5) years, a felony.  In 1993, John Doe 86 began registering as a sex offender in the state of California.  In 1995, John Doe 86 moved to the state of Idaho and registered as a sex offender.  In 2010, John Doe 86 petitioned the Court in Idaho for removal from the Idaho Sex Offender Registry.  That application was granted; however, citing the July 1, 2009 amendment to Idaho SORNA, the Court reconsidered its ruling and placed John Doe 86 back on the Idaho Sex Offender Registry. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include all registration offenses where the victim was less than thirteen (13) years of age.  John Doe 86 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 86 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

89.     Plaintiff, John Doe 87, is a resident of Bonneville County, state of Idaho. On March 9, 1999, John Doe 87 was convicted in Bonneville County, state of Idaho, of the crime of Rape, to-wit: victim fourteen (14) years of age, a felony.  John Doe 87 was thereafter placed on probation. Under the then existing language of the Idaho sex offender registration requirements, John Doe 87 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry, which included the crime of "Rape".  John Doe 87 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 87 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 87 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendments above stated.

90.     Plaintiff, John Doe 88, is a resident of Bonneville County, state of Idaho. On October 4, 1989, John Doe 88 was convicted in Bonneville County, state of Idaho, of the crime of Lewd Conduct with a Child Under the Age of Sixteen (16) Years, to-wit: victim four (4) years of age.  Idaho had not yet enacted a sex offender registry at the time of this conviction.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry, which included the crime above-referenced.  John Doe 88 is not a recidivist, did not commit an aggravated offense, and has not been

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 64

classified as a violent sexual predator.  Therefore, John Doe 88 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 88 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendments above stated.  Plaintiff, John Doe 88, is a resident of Jefferson County, state of Idaho.  On December 19, 2011, John Doe 88 was convicted in Jefferson County, state of Idaho, of the crime of Sexual Exploitation of a Child, a felony.  John Doe 89 began registering with the Idaho Sex Offender Registry in August of 2012.  John Doe 88 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 89 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

91.    Plaintiff, John Doe 89, is a resident of Jefferson County, state of Idaho.  On December 19, 2011, John Doe 89 was convicted in Jefferson County, state of Idaho, of the crime of Sexual Exploitation of a Child, a felony.  He was sentenced to the Idaho State Board of Corrections for a minimum period of two (2) years followed by an indeterminate period of eight (8) years.  However, this sentence was suspended and, after successfully completing the Rider program, John Doe 89 was placed on probation for a period of ten (10) years. John Doe 89 began registering with the Idaho Sex Offender Registry in August of 2012.  This particular crime, sexual exploitation of a child, was listed as a register-able offense since 1998, but has never been listed as an aggravated offense unless the child was less than thirteen (13) years of age according to the most recent laws.  There is no evidence whatsoever in the record that is available to the sex offender registry to determine that any victim was under the age of thirteen (13) years.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 65

Based on the above-cited facts, John Doe 89 would have standing to petition to be released from the registration requirements in August 2022, ten (10) years after beginning registration John Doe 89 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 89 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

92.     Plaintiff, John Doe 90, is a resident of Franklin County, state of Idaho. On August 20, 1997, John Doe 90 was convicted in Cache County, state of Utah, of the crime of Attempted Sexual Abuse of a Minor, to-wit: victim thirteen (13) years of age. John Doe 90 was a resident of the state of Idaho at the time of entry of the conviction. John Doe 90 began registering as a sex offender in the state of Utah. Upon his release by the state of Utah, John Doe 90 returned to the state of Idaho and was placed on probation for a period of five (5) years. John Doe 90 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 90 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

93.     Plaintiff, John Doe 91, is a resident of Bonneville County, State of Idaho. On November 12, 2012, John Doe 91 was convicted of Rape in Bonneville County, State of Idaho, to-wit the age of 17 years, a felony. He was sentenced to the Idaho State Penitentiary for a determinate period of one (1) year, six (6) months followed by an indeterminate period of five (5) years, six (6) months. However, John Doe 91 was granted a withheld judgment and, after a rule 35, was sentenced to the custody of the Bonneville County Jail for a determinate period of ten (10) days, followed by an

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 66

indeterminate period of 180 days.  In addition, John Doe 91 was required to do 100 hours

of community service.  On January 10, 2013, John Doe 91 was placed on probation for a

period of eight (8) years and began registering as a sex offender in the State of Idaho.

John Doe 91 is currently attending a sex offender treatment program with New

Beginnings.  John Doe 91 does not have standing under the present statutes to petition to

be released from the Idaho Sex Offender Registry nor would he have for the rest of his

life.  He would be subject to the amendment to the registration in 2009 and 2011 wherein

his crime was considered aggravated and requires a lifetime registration which violates

his constitutional rights for the reasons that his duty to register as a sex offender is based

solely on the fact of conviction of a predicate offense, rather than a factual determination

of probable future conduct.  In other words, that John Doe 91 poses a high risk of

reoffending or engaging in predatory sexual conduct.  John Doe 91 expects to be released

from probation in 2021.  For the above reasons, John Doe 91 should have standing to

petition to be released from the registry in January 2023.

94.     Plaintiff, John Doe 92, is a resident of Bonneville County, state of Idaho.

On May 8, 2000, John Doe 92 was convicted in Bonneville County, state of Idaho, of the

crime of Lewd Conduct with a Child Under the Age of Sixteen (16) Years, to-wit: victim

nine (9) years of age.  The ex post facto amendments to Idaho SORNA effective from and

after July 1, 2001, created the "aggravated offense" exception to eligibility for release

from the Idaho Sex Offender Registry, which included the crime above-referenced where

the victim was less than twelve (12) years of age.  John Doe 92 is not a recidivist, did not

commit an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 92 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.  John Doe 92 was, and still is, foreclosed from

ever being removed from the Idaho sex offender registry by reason of the July 1, 2001,

amendments above stated.

95.     Plaintiff, John Doe 93, is a resident of Lemhi County, state of Idaho.  On

March 24, 2010, John Doe 93 was convicted in a German court, of the crime of

Attempted Rape, to-wit: victim was nineteen (19) years of age at the time of the

commission of the offense, a felony.  At the time of conviction, John Doe 93 was a

member of the United States military and was stationed in Germany.  John Doe 93 was

sentenced to incarceration for three (3) months in a German jail, followed by seven and

one-half (7 ½) months of incarceration in a military jail.  John Doe 93 returned to a

military base in the state of Washington in February of 2011, and was required to register

as a sex offender in the state of Washington.  In March of 2012, John Doe 93 moved to

the state of Idaho and has continued to register as a sex offender in the state of Idaho.

John Doe 93 is not a recidivist, has not committed an aggravated offense and has not been

classified as a violent sexual predator.  Therefore, John Doe 93 should be eligible to

petition the court to be removed from the Idaho Sex Offender Registry.

96.     Plaintiff, John Doe 94, is a resident of Bannock County, state of Idaho.  On

June 24, 1993, John Doe 94 was convicted in Bear Lake County, state of Idaho, of the

crime of Lewd Conduct with a Child Under the Age of Sixteen (16) Years, to-wit: victim

five (5) years of age; and of the crime of Sexual Abuse of a Child Under the Age of

Sixteen (16) Years, to-wit: victim five (5) years of age at the time of commission of the

offense, both felonies.  The state of Idaho had not yet adopted sex offender registration

requirements at the time of the conviction of John Doe 94.  The ex post facto

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 68

amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry, which included the crime of Lewd and Lascivious Conduct where the victim was less than twelve (12) years of age. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include all registration offenses where the victim was less than thirteen (13) years of age. John Doe 94 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 94 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 94 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001 and July 1, 2009, amendments above stated.

97.    Plaintiff, John Doe 95, is a resident of Twin Falls County, state of Idaho. On January 9, 2003, John Doe 95 was convicted in San Joaquin County, state of California, of the crime of Attempted Statutory Rape, to-wit: victim age fifteen (15) years at the time of commission of the offense, a misdemeanor. John Doe 95 was not required to register as a sex offender in the state of California as a result of the conviction. John Doe 95 moved to Idaho in 2004 and was required to register under the Idaho Sex Offender Registry commencing in 2009, when Idaho authorities reclassified the conviction as a felony for registration purposes. John Doe 95 should not be required to register as a sex offender in the state of Idaho by reason of the violation of his due process rights in reclassifying his conviction from a misdemeanor to a felony for registration purposes. John Doe 95 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 95 should be

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 69

eligible to petition the court to be removed from the Idaho Sex Offender Registry.

98.     Plaintiff, John Doe 96, is a resident of Dunn County, state of North Dakota. In December of 1992, John Doe 96 was convicted in Lincoln County, state of Idaho, of the crime of Sexual Abuse of a Minor to-wit: victim thirteen (13) years of age at time of commission of crime, a felony.  In 1995, John Doe 96 underwent a castration procedure in order to curb his sexual urges.  At the time of the conviction entered against John Doe 96, Idaho had not yet adopted sex offender registration procedures.  In September of 1996, John Doe 96 was advised by state of Idaho authorities that he would be required to register as a sex offender thereafter.  John Doe 96 is not a recidivist, has not committed an aggravated offense and has not been classified as a violent sexual predator.  Therefore, John Doe 96 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

99.     Plaintiff, John Doe 97, is a resident of Ada County, state of Idaho.  On March 24, 1997, John Doe 97 was convicted in Bingham County, state of Idaho, of the crime of Lewd Conduct with a Child Under the Age of Sixteen (16) Years, to-wit: victim ten (10) years of age, a felony.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry, which included the crime of Lewd and Lascivious Conduct where the victim was less than twelve (12) years of age.  John Doe 97 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 97 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 97 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 70

reason of the July 1, 2001, amendment above stated.

100.    Plaintiff, John Doe 98, is a resident of Jerome County, state of Idaho.  On December 6, 1989, John Doe 98 was convicted in Jerome County, state of Idaho, of the crime of two (2) counts of Statutory Rape, to-wit: the age of 12 – 18 years, a felony.  In 1994, John Doe 98 was released and placed on probation for a period of six (6) years, and began registering as a sex offender in the state of Idaho at that time.  John Doe 98 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 98 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

101.    Plaintiff, John Doe 99, is a resident of Ada County, state of Idaho.  On January 3, 2005, John Doe 99 was convicted in Canyon County, state of Idaho, of the crime of Enticement of Minor Child Online, a felony.  John Doe 99 was incarcerated for a period of six (6) years as a result of this conviction commencing on March 7, 2006, and ending on February 17, 2012, with a requirement that John Doe 99 register in the state of Idaho as a sex offender.  John Doe 99 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 99 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

102.    Plaintiff, John Doe 100, is a resident of Bannock County, state of Idaho.  On April 1, 1996, John Doe 100 was convicted in Cascade County, state of Montana, of the crime of Sexual assault, to-wit: victim age ten (10) years at the time of commission of the offense, a misdemeanor.  John Doe 100 was not required to register as a sex offender

in the state of Montana as a result of the conviction.  John Doe 100 moved to Idaho in 2005 and was required to register under the Idaho Sex Offender Registry commencing in 2007, when Idaho authorities reclassified the conviction as a felony for registration purposes.  John Doe 100 should not be required to register as a sex offender in the state of Idaho by reason of the violation of his due process rights in reclassifying his conviction from a misdemeanor to a felony for registration purposes.  John Doe 100 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 100 should be eligible to petition the court to be removed from the Idaho Sex Offender Registry.

103.    Plaintiff, John Doe 101, is a resident of Bingham County, state of Idaho. In March of 1998, John Doe 101 was convicted in Minidoka County, state of Idaho, of the crime of Rape, to-wit: victim thirteen (13) years of age at the time of the commission of the offense, a felony.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry, which included the crime above-referenced.  John Doe 101 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 101 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 101 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendments above stated.

104.    Plaintiff, John Doe 102, is a resident of Ada County, state of Idaho.  On October 31, 1988, John Doe 102 was convicted in Ada County, state of Idaho, of the crime of Lewd Conduct with a Child Under the Age of Sixteen (16) Years, to-wit: victim

eleven (11) years of age at the time of the commission of the offense, a felony.  John Doe 102 was released from probation between November of 1998 and January of 1999, and has been registering as a sex offender in the state of Idaho since that time.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry, which included the crime above-referenced where the victim was less than twelve (12) years of age.  John Doe 102 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 102 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 102 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, amendments above stated.

105.    Plaintiff, John Doe 103, is a resident of Caribou County, state of Idaho.  On October 20, 1989, John Doe 103 convicted in Caribou County, state of Idaho, of the crime of Sexual Abuse of a Minor Child Under the Age of Sixteen (16) Years, to-wit: victim was twelve (12) years of age at the time of the commission of the offense, a felony.  John Doe 103 has continued to register as a sex offender in the state of Idaho since July of 1999.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include all registration offenses where the victim was less than thirteen (13) years of age, including the offense above-referenced.  John Doe 103 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 103 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender

Registry.  John Doe 103 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

106.    Plaintiff, John Doe 104, is a resident of Jerome County, state of Idaho.  In 2002, John Doe 104 was convicted in Twin Falls County, state of Idaho, of the crimes of Rape, a felony, and of Sexual Abuse of a Minor Child Under the Age of Sixteen (16) Years, to-wit: victim was fifteen (15) years of age at the time of the commission of the offense, a felony.  John Doe 104 has continued to register as a sex offender in the state of Idaho since 2002.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to include all registration offenses where the victim was less than thirteen (13) years of age, including the offenses above-referenced.  John Doe 104 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 104 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 104 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

107.    Plaintiff, John Doe 105, is a resident of Canyon County, state of Idaho.  In 1992, John Doe 105 was convicted in Ada County, state of Idaho, of the crime of Sexual Abuse of a Minor Child Under the Age of Sixteen (16) Years, to-wit: victim was fourteen (14) years of age at the time of the commission of the offense, a felony.  John Doe 105 was sentenced to the custody of the Idaho State Board of Corrections, Boise, Idaho, for a minimum fixed period of one (1) year followed by an indeterminate period of four (4) years.  John Doe 105 was placed on probation for five (5) years, but violated his

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 74

probation and on April 6, 1995, he was convicted of one count of Driving While Intoxicated, and sentenced to imprisonment with Idaho Department of Correction for a term of five (5) years, to run concurrent with the Sexual Abuse conviction.  John Doe 105 began registering in June, 1998, while on parole, and completed a sex offender.  Idaho had not yet enacted the sex offender registry requirements at the time of the commission of this offense.  John Doe 105 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 105 should be eligible to petition the court to be removed from the Idaho Sex Offender Registry.

108.    Plaintiff, John Doe 106, is a resident of Latah County, state of Idaho.  In 1990, John Doe 106 was convicted in King County, state of Washington, of the crimes of Rape of a Child, First Degree, and of Child Molestation, First Degree, to-wit:  victim was three (3) years of age at the time of the commission of the offense, both felonies.  He was sentenced to forty-eight (48) months at the King County Jail.  John Doe 106 was released in September, 1994, and was then placed on probation for a period of one (1) year.  In 1995, John Doe 106 completed a sex offender treatment program with Marsh and Associates.  In 1994, John Doe 106 was advised that he must begin registering as a sex offender in the State of Washington.  John Doe 106 was released from probation in October, 1995.  John Doe 106 moved to Idaho in 2007 and began registering in the State of Idaho.   At the time of the conviction entered against John Doe 106, Idaho had not yet adopted sex offender registration procedures.  In 1994, John Doe 106 was advised by state of Washington authorities that he would be required to register as a sex offender thereafter.  John Doe 106 moved to the state of Idaho in 2007 and began registering as a sex offender thereafter.  The ex post facto amendments to Idaho SORNA effective from

and after July 1, 2011, expanded the definition of "aggravated offense" to include all substantially similar offenses for which convictions have been entered in another jurisdiction. John Doe 106 is not a recidivist, has not committed an aggravated offense and has not been classified as a violent sexual predator.  Therefore, John Doe 96 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 106 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2011, amendment above stated.

109.     Plaintiff, John Doe 107, is a resident of Canyon County, state of Idaho.  In 1997, John Doe 107 was convicted in Ada County, state of Idaho, of three (3) counts of the crime of Second Degree Kidnapping of an Unrelated Minor, to-wit: victim fifteen (15) years of age, all felonies.  He was sentenced to a period of eleven (11) years, five (5) months, and five (5) days, at the Idaho Maximum State Institution.  John Doe 107 began registering when his parole began in July, 2008. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry, which included the crime above-referenced.  John Doe 107 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 107 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 107 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2009, amendment above stated.

110.     Plaintiff, John Doe 108, is a resident of Bannock County, state of Idaho. In 2005, John Doe 108 was convicted in Calaveras County, state of California, of the

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 76

crime of Unlawful Sexual Intercourse With A Minor, to-wit: the Ages of Fourteen (14) Years, Fifteen (15) Years, and Sixteen (16) Years, all felonies.  John Doe 108 began registering as a sex offender in the state of California in 2005.  The California court subsequently reduced the conviction of John Doe 108 to a misdemeanor.  In 2007, John Doe 108 moved to the state of Idaho and began registering as a sex offender, despite his conviction having been reduced to a misdemeanor, as above-stated.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense"  Finally, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2011, expanded the definition of "aggravated offense" to include all substantially similar offenses for which convictions have been entered in another jurisdiction.  In the event the California conviction is determined to be a substantially similar offense to the Idaho crime of Lewd Conduct, the Idaho "aggravated offense" criteria would apply.  Finally, John Doe 108 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 108 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  In the event it is determined this is an "aggravated offense" under Idaho law, John Doe 108 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, 2009 and 2011 amendments above stated.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 77

111.     Plaintiff, John Doe 109, is a resident of Boise County, state of Idaho.  In 2002, John Doe 109 was convicted in the federal district court for the District of Connecticut of the crime of Possession of Child Pornography, a felony.  He served thirteen (13) months at the Tucson Federal Prison, State of Arizona.  John Doe 109 moved to the state of Idaho in 2002 and has been registering as a sex offender in the state of Idaho since 2010.  Subsequent ex post facto amendments to Idaho SORNA made possession of child pornography a registration offense.  Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2005, required those persons convicted in another jurisdiction of an offense substantially similar to an Idaho registration offense to register as a sex offender in the state of Idaho.  John Doe 109 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 109 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

112.     Plaintiff, John Doe 110, is a resident of Bannock County, state of Idaho. Prior to 2003, John Doe 110 was convicted in Queen's Village, state of New York, of the crime of Sodomy, to-wit: the age of seven (7) to eight (8) years, a felony.  John Doe 110 was sentenced to twenty-eight (28) months in the Oneida Correctional Facility in Rome, New York, where he attended a Sexual Offender Treatment Program.  He was released from prison in 1995, and placed on three (3) years probation.  John Doe 110 began registering as a sex offender on February 8, 1994.  At the time of Sentencing, John Doe 110 was told that he could petition the Court to get off the Registry, which he later attempted but was denied.  John Doe 110 moved to the state of Idaho in 2003 and has been registering as a sex offender since that time.  The ex post facto amendments to Idaho

SORNA effective from and after July 1, 2005, required those persons convicted in another jurisdiction of an offense substantially similar to an Idaho registration offense to register as a sex offender in the state of Idaho.  John Doe 110 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 110 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

113.     Plaintiff, John Doe 111, is a resident of Bannock County, state of Idaho. In 1997, John Doe 111 was convicted in Caribou County, state of Idaho, of two (2) counts of the crime of Battery with the Intent to Commit Lewd Conduct and the crime of Battery with the Intent to Commit Rape with a Minor Child, to-wit: the ages of Fourteen (14) Years and Sixteen (16) Years, each a felony.  John Doe 111 was sentenced to a period of incarceration of two (2) years and was thereafter placed on parole for a period of four (4) years.  John Doe 111 began registering as a sex offender in the state of Idaho in 2001. John Doe 111 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 111 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

114.     Plaintiff, John Doe 112, is a resident of Canyon County, state of Idaho.  In 1996, John Doe 112 was convicted in Ada County, state of Idaho, and in 1997, in Valley County, state of Idaho, of the crime(s) of Lewd Conduct With a Minor, to-wit: victim thirteen (13) years of age at the time of commission of the offense, a felony.  He was sentenced to two (2) years fixed, twelve (12) years indeterminate, of which he served seven (7), and then placed on parole for a period of seven (7) years.  He

began registering on May 13, 2003. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense." Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  While on probation, John Doe 112 attended a sex offender treatment program with S.A.N.E., and successfully completed same.  Finally, John Doe 112 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 112 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 112 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, and 2009 amendments, above-stated.

115.    Plaintiff, John Doe 113, is a resident of Ada County, state of Idaho.  In 1998, John Doe 113 was convicted in Riverside County, state of California, of the crime of Unlawful Sexual Intercourse With Person Under 16, to-wit: a felony.  John Doe 113 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 113 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

116.    Plaintiff, John Doe 114, is a resident of Bannock County, state of Idaho. In 1989, John Doe 114 was convicted Bannock County, state of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: victim thirteen (13) years of age at the time of the commission of the offense, a felony.  He was sentenced to the custody of the Idaho State Board of Corrections, Boise, State of Idaho, for a minimum fixed period of four (4) years followed by an indeterminate period of eleven (11) years, to be served concurrently.  However the Court retained jurisdiction for 120 days and John Doe 114 was placed in Cottonwood for the Sexual Offender Program.  At this time, the Sex Offender Registry was not in place and John Doe 114 was not required to register. John Doe 114 was contacted in 1993 and informed that he must register as a sex offender. John Doe 114 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 114 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

117.    Plaintiff, John Doe 115, is a resident of Clearwater County, state of Idaho. In 1995, John Doe 115 was convicted in Valley County, state of Idaho, of the crime of Assault with Intent to Commit a Serious Felony, to-wit: victim fifteen (15) years of age at the time of the commission of the offense, a felony.  John Doe 115 was sentenced to a five (5) year unified sentence consisting of one (1) year determinate, followed by four (4) years indeterminate.  John Doe 115 has been registering as a sex offender in the state of Idaho since 2006.  John Doe 115 completed a sex offender treatment program while at Cottonwood, entitled SOAG, graduating in 2008.  John Doe 115 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 115 should be eligible to petition the sentencing court to

be removed from the Idaho Sex Offender Registry.

118.    Plaintiff, John Doe 116, is a resident of Nez Perce County, state of Idaho. In March of 2004, John Doe 116 was convicted in Nez Perce County, state of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: the age of fifteen (15) years at the time of the commission of the offense, a felony.  John Doe 116 was placed on probation in 2004 for a period of ten (10) years after successfully completing the retained jurisdiction program.  John Doe 116 began registering in the state of Idaho as a sex offender in December of 2004, and has continued to do so.  He completed a sex offender treatment program with Dave Neistrom, Valley Treatment Specialties, Clarkston, WA, in 2009, and was released from felony probation in December of 2013.  John Doe 116 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 116 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

119.    Plaintiff, John Doe 117, is a resident of Canyon County, state of Idaho.  In 2002, John Doe 117 was convicted in Canyon County, state of Idaho, of the crime of Lewd Conduct With a Minor, to-wit: victim fifteen (15) years of age at the time of commission of the offense, a felony.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense." Furthermore, the ex post facto amendments to Idaho SORNA effective from and after

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 82

July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  Finally, John Doe 117 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 117 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 117 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, and 2009 amendments, above-stated.

120.    Plaintiff, John Doe 118, is a resident of Canyon County, state of Idaho.  In 1991, John Doe 118 was convicted in Canyon County, state of Idaho, of the crime of Lewd Conduct With a Child Under the Age of Sixteen (16) Years, to-wit: victim fourteen (14) years of age at the time of commission of the offense, a felony.  John Doe 118 was incarcerated for a period of four (4) months at the County Jail, was released on probation, and began registering at that time. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense." Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 83

offense." Finally, John Doe 118 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 118 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 118 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, and 2009 amendments, above-stated.

121. Plaintiff, John Doe 119, is a resident of Canyon County, state of Idaho. On November 1, 2004, John Doe 119 was convicted in Canyon County, state of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: the age of fourteen (14) years at the time of the commission of the offense, a felony. He was sentenced to the Idaho State Board of Corrections for a determinate period of five (5) years followed by an indeterminate period of five (5) years. However, this sentence was suspended and John Doe 119 was placed on supervised probation for a period of six (6) years. John Doe 119 began registering in November 2004 and has continued to do so. John Doe 119 completed a sex offender treatment program with SANE Counseling in Boise in 2009. John Doe 119 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 119 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

122. Plaintiff, John Doe 120, is a resident of Ada County, state of Idaho. In 2001, John Doe 120 was convicted in Ada County, state of Idaho, of the crime of Battery With the Intent to Commit Rape, to-wit: an adult Correctional Officer, a felony. He was sentenced to a determinate period of six (6) years at the Idaho State Board of Correctional

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 84

Institute, Orofino, Idaho.  John Doe 120 was placed on probation for a period of ten (10)

years.  He began registering in Idaho in 2004.  John Doe 120 completed a sex offender

treatment program while incarcerated in Orofino, Idaho.   John Doe 120 is not a

recidivist, did not commit an aggravated offense, and has not been classified as a violent

sexual predator.  Therefore, John Doe 120 should be eligible to petition the sentencing

court to be removed from the Idaho Sex Offender Registry.

123.    Plaintiff, John Doe 121, is a resident of Nez Perce County, state of Idaho.

In 1989, John Doe 121 was convicted in San Diego County, state of California, of the

crime of Lewd Acts With a Child Under the Age of Fourteen (14) Years, to-wit: victim

eight (8) years of age at the time of commission of the offense, a felony.  John Doe 121

was on active duty in the military at the time of the commission of the offense.  In

December of 1989, John Doe 121, was required to commence registering as a sex

offender in the state of California.  After completion of his sentence, John Doe 121

moved to the state of Idaho and began registering as a sex offender.  The state of Idaho

had not yet enacted sex offender registration requirements at the time of the conviction of

John Doe 121.  The ex post facto amendments to Idaho SORNA effective from and after

July 1, 2001, created the "aggravated offense" exception to eligibility for release from the

Idaho Sex Offender Registry.  Furthermore, the ex post facto amendments to Idaho

SORNA effective from and after July 1, 2009, expanded the definition of "aggravated

offense" to exclude any age demarcation to the crime of lewd and lascivious conduct,

leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the

victim as an "aggravated offense"  Finally, the ex post facto amendments to Idaho

SORNA effective from and after July 1, 2011, expanded the definition of "aggravated

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 85

offense" to include all substantially similar offenses for which convictions have been

entered in another jurisdiction.  In the event the California conviction is determined to be

a substantially similar offense to the Idaho crime of Lewd Conduct, the Idaho "aggravated

offense" criteria would apply.  Finally, John Doe 121 is not a recidivist, did not commit

an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 121 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.  In the event it is determined this is an "aggravated

offense" under Idaho law, John Doe 121 was, and still is, foreclosed from ever being

removed from the Idaho sex offender registry by reason of the July 1, 2001, 2009 and

2011 amendments above stated.

124.     Plaintiff, John Doe 122, is a resident of Nez Perce County, state of Idaho.

In 1998, John Doe 122 was convicted in Nez Perce County, state of Idaho, of the crime of

Lewd Conduct With a Child Under the Age of Sixteen (16) Years, to-wit: victim fifteen

(15) years of age at the time of commission of the offense, a felony.  The ex post facto

amendments to Idaho SORNA effective from and after July 1, 2001, created the

"aggravated offense" exception to eligibility for release from the Idaho Sex Offender

Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the

victim was under twelve (12) years of age at the time of commission of the offense was

classified as an "aggravated offense."  Furthermore, the ex post facto amendments to

Idaho SORNA effective from and after July 1, 2009, expanded the definition of

"aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious

conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the

age of the victim as an "aggravated offense."  John Doe 122 petitioned the court to be

released from the Idaho Sex Offender Registry requirements in 2011; however, that petition was denied.  John Doe 122 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 122 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 122 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, and 2009 amendments, above-stated.

125.     Plaintiff, John Doe 123, is a resident of Nez Perce County, state of Idaho.  In 1997, John Doe 123 was convicted in Nez Perce County, state of Idaho, of the crime of Lewd Conduct With a Child Under the Age of Sixteen (16) Years, to-wit: victim fifteen (15) years of age at the time of commission of the offense, a felony.  John Doe 123 was placed on probation for a period of seven (7) years beginning August 29, 1997, as well as registering as sex offender in the state of Idaho at that same time.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense."  Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  While on probation, John Doe 123 completed a sex offender treatment program through Steve Lindsey of Valley Treatment

Specialists.  John Doe 123 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 123 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 123 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, and 2009 amendments, above-stated.

126.   Plaintiff, John Doe 124, is a resident of Nez Perce County, state of Idaho. In 2007, John Doe 124 was convicted in Nez Perce County, state of Idaho, of two (2) counts of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: the age of thirteen (13) years at the time of the commission of the offense, each a felony.  He was sentenced to the custody of the Idaho State Penitentiary for a determinate period of five (5) years, followed by an indeterminate period of fifteen (15) years.  John Doe 124 was released from incarceration in October, 2007, was placed on probation for a period of twenty (20) years, and began registering as a sex offender in the State of Idaho.  John Doe 124 was granted an early termination from probation on July 1, 2016.  John Doe 124 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 116 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

127.   Plaintiff, John Doe 125, is a resident of Nez Perce County, state of Idaho. On July 31, 2007, John Doe 125 was convicted in Bannock County, state of Idaho, of two (2) counts of the crime of Lewd Conduct With a Child Under the Age of Sixteen (16)

Years, to-wit: victim fourteen (14) years of age at the time of commission of the offense, each a felony.  He was sentenced to the custody of the Idaho State Board of Corrections, Boise, Idaho, to a determinate term of three (3) years, together with an additional but indeterminate term not to exceed five (5) years, for a total of eight (8) years, including both fixed and indeterminate, on each Count, to run concurrently.  The court retained jurisdiction for a period of six (6) months and John Doe 125 spent three (3) days in county jail.  Upon completion of the three (3) days, John Doe 125 was placed on probation for a period of ten (10) years.  John Doe 125 began registering as a sex offender in March of 2001.  John Doe 125 did attend sexual offender treatment with Dr. Rodger Groves and completed said treatment in 2001.  In September of 2011, a motion was filed on behalf of John Doe 125 to be released from the sexual registration requirements, however, the motion was denied The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense." Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  John Doe 125 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 125 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender

Registry.  John Doe 125 was, and still is, foreclosed from ever being removed from the

Idaho sex offender registry by reason of the July 1, 2001, and 2009 amendments, above-

stated.

128.    Plaintiff, John Doe 126, is a resident of Clearwater County, state of Idaho.

On November 27, 2001, John Doe 126 was convicted in Pontiac County, state of

Michigan, of the crime of Child Sexually Abusive Activity, and on March 1, 2002, he

was convicted of Criminal Sexual Conduct 1st Degree Person of the Age of Thirteen (13)

to Fifteen (15) Years, each a felony.  After completion of his sentence, John Doe 126 was

placed on probation for a period of two (2) years, and began registering as a sex offender

in October of 2001.  John Doe 126 was released from probation in 2004, moved to the

state of Idaho and began registering as a sex offender.  The ex post facto amendments to

Idaho SORNA effective from and after July 1, 2005, expanded the offenses for which sex

offender registration was required to include all substantially similar offenses for which

convictions have been entered in another jurisdiction.  In the event the Michigan

convictions are determined to be substantially similar offenses to Idaho criminal statutes

requiring sex offender registration, the Idaho sex offender registration requirements

should apply to John Doe 126.  John Doe 126 is not a recidivist, did not commit an

aggravated offense, and has not been classified as a violent sexual predator.  Therefore,

John Doe 126 should either not have been required to register as a sex offender in Idaho,

or in the alternative, should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.

129.    Plaintiff, John Doe 127, is a resident of Twin Falls County, state of Idaho.

On November 4, 1997, John Doe 127 was convicted in Twin Falls County, state of Idaho,

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 90

of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to-wit: the age of fourteen (14) years at the time of the commission of the offense, a felony.  He was sentenced to the custody of the Idaho State Board of Corrections, Boise, Idaho, for a mandatory minimum period of one (1) year, followed by an indeterminate period of four (4) years.  However the Court retained jurisdiction for 180 days and John Doe 127 was placed at  Cottonwood for the Sexual Offender Program.  In May of 1998, John Doe 127 was placed on probation for a period of four (4) years. John Doe 127 completed a sex offender treatment program while incarcerated at Cottonwood, and in July of 2002, John Doe 127 was released from probation.  John Doe 127 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 127 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

130.    Plaintiff, John Doe 128, is a resident of Kootenai County, state of Idaho. In 1993, John Doe 128 was convicted in Kootenai County, state of Idaho, of the crime of Lewd Conduct With a Child Under the Age of Sixteen (16) Years, to-wit: victim thirteen (13) years of age at the time of commission of the offense, a felony.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense."  Furthermore, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 91

"aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense."  John Doe 128 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 128 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 128 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001, and 2009 amendments, above-stated.

131.    Plaintiff, John Doe 129, is a resident of Kootenai County, state of Idaho. In 1988, John Doe 129 was convicted in Kootenai County, state of Idaho, of the crime of Lewd Conduct With a Child Under the Age of Sixteen (16) Years, to-wit: victim eleven (11) years of age at the time of commission of the offense, a felony.  The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense."  John Doe 129 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 129 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 129 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001 amendment, above-stated.

132.    Plaintiff, John Doe 130, is a resident of Kootenai County, state of Idaho.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 92

On January 30, 2004, John Doe 130 was convicted in Kootenai County, state of Idaho, of the crime of Sexual Battery of a Minor of the Age of Sixteen (16) or Seventeen (17) Years, to-wit: the age of sixteen (16) years at the time of the commission of the offense, a felony. John Doe 130 was sentenced to a thirteen (13) year unified sentence consisting of a three (3) year determinate term, followed by a ten (10) year indeterminate term; however, the sentence was suspended and John Doe 130 was placed on probation commencing July 26, 2004, for a period of six (6) years. During his probationary term, John Doe 130 successfully completed sex offender treatment. John Doe 130 was released from probation in April of 2010. Thereafter, on November 13, 2014, John Doe 130 filed a petition seeking release from his obligation to register as a sex offender; however, the petition was denied by the court. John Doe 130 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator. Therefore, John Doe 130 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.

133.    Plaintiff, John Doe 131, is a resident of Kootenai County, state of Idaho. On June 7, 1995, John Doe 131 was convicted in Kootenai County, state of Idaho, of the crime of Sexual Abuse of a Child Under the Age of Sixteen (16) Years, to wit: the age of eleven (11) years, a felony. John Doe 131 was sentenced to a unified sentence of ten (10) years, consisting of a determinate term of three (3) years followed by an indeterminate term of seven (7) years; however, the court retained its jurisdiction for a period of one hundred twenty (120) days and John Doe 131 entered and completed the sex offender treatment program. John Doe 131 was released from custody in November of 1995, was placed on probation, and began registering as a sex offender in Idaho. John Doe 131 was

released from probation in 1998.  Under the language of the Idaho sex offender

registration requirements as they existed at the time of his conviction and release from

custody/probation, John Doe 131 would later be eligible for release from the requirement

to register as a sex offender.  The ex post facto amendments to Idaho SORNA effective

from and after July 1, 2009, expanded the definition of "aggravated offense" to include,

"any other offense set forth in Section 18-8304, Idaho Code, if at the time of the

commission of the offense the victim was below the age of thirteen (13) years".  John

Doe 131, petitioned the court to be released from sex offender registration requirements

in 2011; however, that petition was denied.  John Doe 131 is not a recidivist, did not

commit an aggravated offense, and has not been classified as a violent sexual predator.

Therefore, John Doe 131 should be eligible to petition the sentencing court to be removed

from the Idaho Sex Offender Registry.  John Doe 131 was, and still is, foreclosed from

ever being removed from the Idaho sex offender registry by reason of the July 1, 2009,

amendment above stated.

134.    Plaintiff, John Doe 132, is a resident of Bannock County, state of Idaho.

On May 11, 1988, John Doe 132 was convicted in Santa Barbara County, state of

California, of the crime of Lewd and Lascivious Act w/Child Under Fourteen (14) Years,

to-wit: victim eight (8) years of age at the time of commission of the offense, a felony.

John Doe 132 was sentenced to a term of incarceration of six (6) years in the custody of a

California state prison facility, but was released from custody in February of 1991.  John

Doe 132 was released from parole in March of 1992.  John Doe 132 was not required to

register as a sex offender in the state of California.  John Doe 132 moved to the state of

Idaho in 2000, and was informed of his obligation to register as a sex offender at that

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 94

time.  In 2011, John Doe 132 petitioned the Idaho court to be released from sex offender registration requirements; however, that petition was denied. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2001, created the "aggravated offense" exception to eligibility for release from the Idaho Sex Offender Registry.  Under this designation, the crime of Lewd Conduct With a Minor where the victim was under twelve (12) years of age at the time of commission of the offense was classified as an "aggravated offense".  Finally, the ex post facto amendments to Idaho SORNA effective July 1, 2011, provided that an offense for which a conviction was entered in another jurisdiction which is substantially similar to any Idaho offense considered to be an "aggravated offense", will also be considered an "aggravated offense" in Idaho for purposes of sex offender registration requirements.   John Doe 132 is not a recidivist, did not commit an aggravated offense, and has not been classified as a violent sexual predator.  Therefore, John Doe 132 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry.  John Doe 132 was, and still is, foreclosed from ever being removed from the Idaho sex offender registry by reason of the July 1, 2001 and 2011 amendments, above-stated.

135.  Plaintiff, John Doe 133, is a resident of Bonneville County, State of Idaho. On June 21, 2004, John Doe 133 was convicted in Bingham County, State of Idaho, of Sexual Abuse of a Child Under Age 16, to-wit: 15 years of age, a felony.  He was sentenced to a withheld judgment and placed on probation for ten (10) years.  Upon expiration of his probationary term, he petitioned the Court to set aside his plea of guilty or conviction, and to dismiss the case.  This application was denied by the sentencing court due to a change in the language of Section 19-2604, Idaho Code, occurring after the

date of conviction.  John Doe 133 began registering in June of 2004 and has continued to

do so.  John Doe 133 completed a sex offender treatment program while on probation.

Sexual Abuse of a Child Under 16 years of age, is an offense which has required

registration as a sex offender since 1998, but has never been included as an aggravated

offense except in those cases where the child victim was under the age of thirteen (13)

years at the time of the commission of the offense.  Based on the above-cited facts, John

Doe 133 would have had standing to petition to be released from the registration

requirements in June 2014.  Pursuant to the 2011 Idaho SORNA requirements:

"registration under this act is for life; however, any offender, other than a recidivist, an

offender who has been convicted of an aggravated offense, or an offender designated as a

violent sexual predator, may, after a period of ten (10) years from the date the offender

was released from incarceration or placed on parole, supervised release or probation,

whichever is greater, petition the district court for a show cause hearing to determine

whether the offender shall be exempted from the duty to register as a sexual offender."

John Doe 133 petitioned the Court to be released from registration requirements in

February of 2014; however, the Court denied his petition. John Doe 133 is not a

recidivist, did not commit an aggravated offense, and is not classified as a violent sexual

predator and is not classified as a violent sexual predator and is entitled to be released

from sex offender registration requirements.

 136.  Plaintiff, John Doe 134, is a resident of Canyon County, state of Idaho.  On

February 24, 1998, John Doe 134 was convicted in Washoe County, state of Nevada, of

the crime of Statutory Sexual Seduction and Open or Gross Lewdness, to-wit: both

victims were age 15 years at the time of the commission of the offense.  John Doe 134

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 96

was sentenced to five (5) years probation on July 10, 1998, whereupon he obtained a transfer of his probation to the state of Idaho, attended a sex offender treatment program, and began registering on the Idaho Sexual Offender Registry. Under the then existing language of the Idaho Sex Offender Registration requirements, John Doe 134 would later be eligible for release from the requirement to register as a sex offender. The ex post facto amendments to Idaho SORNA effective from and after July 1, 2005, expanded the offenses for which convictions have been entered in another jurisdiction. The Nevada conviction in this case has never been determined to be a substantially similar offense to Idaho criminal statutes requiring sex offender registration. Therefore, John Doe 134 should either not have been required to register as a sex offender in Idaho, or in the alternative, should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. Additionally, in the event the Nevada crime for which conviction was entered is determined to be substantially similar to the Idaho offense of lewd and lascivious conduct, the ex post facto amendments to Idaho SORNA effective from and after July 1, 2009, expanded the definition of "aggravated offense" to exclude any age demarcation to the crime of lewd and lascivious conduct, leaving the crime of "Lewd and Lascivious Conduct" with no reference to the age of the victim as an "aggravated offense." John Doe 134 is not a recidivist, did not commit an aggravated offense, and is not a violent sexual predator. Therefore, John Doe 134 should be eligible to petition the sentencing court to be removed from the Idaho Sex Offender Registry. John Doe 134 was, and still is, foreclosed from ever being removed from the Idaho Sex Offender Registry by reason of the July 1, 2009 amendment above stated.

137.   "Does" herein refers to John and Jane Does 1-134.

138.   Defendant, Lawrence Wasden, is the Attorney General for the State of Idaho. Defendant Wasden is sued in his official capacity.

139.   Defendant, Kevin Kempf, is Director of the Idaho Department of Correction. The Idaho Department of Correction is vested with the authority to enforce the Sex Offender Registry and accompanying statutes/laws.  Defendant Kempf is sued in his official capacity.

140.   Defendant, Terry Kirkham, is the Chief of the Parole and Probation Division of the Idaho Department of Correction.  The Parole and Probation division is vested with authority to enforce the Sex Offender Registry and accompanying statutes/laws.  Defendant Kirkham is sued in his official capacity.

141.   Defendant, Sexual Offender Management Board, is vested with authority to develop, advance and oversee statewide sexual offender management policies and practices. Defendants Jon Burnham, Michael Johnston, Ph.d., Moira Lynch, Erwin Sonnenberg, Jeffrey Betts, Jean Fisher, Paula Garay, Sheriff Chad Huff, Kimberly Simmons, William Caldwell and Christina Iverson are sued in their official capacities as Members of the Sexual Offender Management Board.

142.   Defendant, Colonel Ralph Powell, is the Director of the IDAHO STATE POLICE.  The Idaho State Police is vested with authority to enforce the Sex Offender Registry and accompanying statutes/laws.  Defendant Powell is sued in his official capacity.

143.     Defendant Stephen Bartlett is Sheriff of the Ada County Sheriff's Office; Defendant Lorin Nielsen is Sheriff of the Bannock County Sheriff's Office; Sheriff Brent T. Bunn is the Sheriff of Bear Lake County Sheriff's Office; Defendant Craig T. Rowland is the Sheriff of the Bingham County Sheriff's Office; Defendant Jim Kacqmarek is the Sheriff of the Boise County Sheriff's Office;   Defendant Paul J. Wilde is the Sheriff of the Bonneville County Sheriff's Office; Defendant Kieran Donahue is the Sheriff of the Canyon County Sheriff's Office; Defendant Michael Haderlie is the Sheriff of Caribou County Sheriff's Office; Defendant Jay Heward is the Sheriff of Cassia County Sheriff's Office; Defendant Chris Goetz is the Sheriff of Clearwater County; Defendant Rick Layher is the Sheriff of the Elmore County Sheriff's Office; Defendant David Fryar is the Sheriff of the Franklin County Sheriff's Office; Defendant Charles Rolland is the Sheriff of the Gem County Sheriff's Office; Defendant Shaun Gough is the Sheriff of the Gooding County Sheriff's Office; Defendant Steve Anderson is the Sheriff of the Jefferson County Sheriff's Office; Defendant Doug McFall is the Sheriff of the Jerome County Sheriff's Office; Defendant Ben Wolfinger is the Sheriff of the Kootenai County Sheriff's Office; Defendant Richard Skiles is the Sheriff of the Latah County Sheriff's Office; Defendant Lynn D. Bowerman is the Sheriff of the Lemhi County Sheriff's Office; Defendant Kevin Ellis is the Sheriff of the Lincoln County Sheriff's Office; Defendant Eric Snarr is the Sheriff of the Minidoka County Sheriff's Office; Defendant Joe Rodriguez is the Sheriff of the Nez Perce County Sheriff's Office; Defendant Tony Liford is the Sheriff of the Teton County Sheriff's Office; Defendant Tom Carter is the Sheriff of the Twin Falls County Sheriff's Office; and, Defendant Patti Bolen is the Sheriff of the Valley County Sheriff's Office.  Each individual Sheriff's Office is vested

with authority to enforce the Sex Offender Registry and accompanying statutes/laws, including but not limited to the community notification provisions therein.  Defendants Sheriffs are sued in their official capacity as the executive/enforcement agency of the Sex Offender Registry for the State of Idaho, on behalf of the respective Plaintiffs that reside in each of those counties.

## III.  STANDING

144.    All Doe Plaintiffs are directly affected by the Sex Offender Registry and accompanying statutes/laws and their unconstitutional enforcement.  The Sex Offender Registry and accompanying statutes/laws and their enforcement have directly caused violations of Doe Plaintiffs' rights under the U.S. and Idaho Constitutions.  Thus, the requirements for Article III standing have been met.

## IV.  FACTUAL ALLEGATIONS: HISTORICAL EVOLUTION OF SEX OFFENDER REGISTRY

### 1993

145.  Sex offender registration in Idaho began on July 1, 1993. It established a statutory duty for persons convicted of certain felony sex crimes to register with their local sheriff.

146.    In 1998, the Legislature repealed the original Sex Offender Registration Act and enacted the "Sexual Offenders Registration Notification and Community Right-to-Know Act" with the intended purpose of strengthening program administration and to expand public access to central registry information.  The 1998 statute applied to any person who, on or after July 1, 1993, was convicted of a crime listed in Idaho Code Section 18-8304(1)(a), was

incarcerated or on probation or parole on or after July 1, 1993 for crimes listed therein, or entered the State on or after July 1, 1993, and who had been convicted of any crime that was substantially equivalent to the listed offenses in Idaho Code Section 18-8304(1)(a).  This statute did not apply to any such person while they were incarcerated; however, a conviction in this chapter did apply to all such persons who had pled guilty, or had been found guilty, notwithstanding the form of the judgment or withheld judgment.  The 1998 statute indicated that any person, other than one designated as a violent sexual predator, could, after a period of ten (10) years from the date the person was released from incarceration or placed on parole, supervised release or probation, whichever was greater, petition the District Court for a show cause hearing to determine whether the person shall be exempted from the duty to register as a sexual offender.  At that time, "violent sexual predator" meant a person who had been convicted of an offense listed in Idaho Code Section 18-8312, and who had been determined to pose a risk of committing a future offense or engaging in predatory sexual conduct. The offender was required to provide clear and convincing evidence that he/she was not at risk to commit a crime identified in Idaho Code Section 18-8304, provide an affidavit indicating that the petitioner did not have a criminal charge pending nor was he/she knowingly under criminal investigation for any crime identified in Idaho Section  Code 18-8304, provide proof of service of the petition to the prosecuting attorney, and provide a certified copy of the judgment of conviction.

147.    The 1998 statutes set forth that offenders were required to obtain a psychosexual evaluation upon conviction, as well as upon release from incarceration, and offenders were required to pay for such evaluations, unless indigent (Idaho Code Section 18-8318, 1998)

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 101

148.    The 1998 statutes further set out that offenders who failed to comply with registration requirements could be convicted of a felony and could be punished by imprisonment for a period not to exceed five (5) years and a fine not to exceed five thousand dollars ($5,000). If the offender was on probation or otherwise on supervised release during the violation of this chapter, the probation or supervised release could be revoked and the original sentence reinstated.  Also, if an offender willfully provided false information to the registry, he/she could be found guilty of a felony and punished by imprisonment for a period not to exceed five (5) years and a fine not to exceed five thousand dollars ($5,000).

**2001**

149.    In 2001, amendments were made to Idaho Code Sections 18-8303, 18-8304, 18-8310, and 18-8323.  Specifically, those amendments included among other things, the removal of the right of offenders who had been convicted of an "aggravated offense" to petition for release from registration requirements.   The definition of an "aggravated offense" included Idaho Code Sections 18-1508 (lewd conduct, when the victim is less than twelve (12) years of age); 18-4003(d) (murder committed in the perpetration of rape); 18-6101 (rape, but excluding section 18-3101(1) where the victim is at least twelve (12) years of age or the defendant is eighteen (18) years of age or younger); 18-6108 (male rape); and 18-6608 (forcible sexual penetration by use of a foreign object.  Idaho Code Section 18-8323 added that the Idaho State Police be empowered to make the sex offender registry available to the public via the internet.

**2002**

150.  In 2002, amendments were made to Idaho Code Sections 18-8303, 18-8312, and 18-8314.  Specifically, Idaho Code Section 18-8314 was amended to exclude offenders

eighteen (18) years of age or younger, under subsection (1) of Idaho Code Section 18-6101, from the designation "violent sexual predator presenting a high risk of reoffense".

## 2004

151.  In 2004, amendments were made to Idaho Code Sections 18-8303, 18-8304, 18-8306, 18-8307, 18-8314, 18-8315, 18-8317, 18-8327, and 18-8328.  Specifically, those amendments included, among other things, the addition of Idaho Code Section 18-6609 (video voyeurism) as an included offense in the roster of crimes requiring registration. Subsection (3) was added to Idaho Code Section 18-8314 providing that the sex offender classification board was to review offenders who were convicted out of state in order to determine if they were violent sexual predators.  Idaho Code Section 18-8317 was amended limiting only those sex offenders deemed appropriate for review by the sex offender management board  to be subject to a psychosexual evaluation prior to release from incarceration.  Idaho Code Section 18-8327 was added to Idaho SORNA.  It created a new felony crime, setting forth that it was "a felony... for an offender to accept employment in any day care center, group day care facility or family day care home,... or to be upon or to remain on the premises of a day care center, group day care facility or family day care home while children are present, other than to drop off or pick up the offender's child or children."  In addition, subsection (7) was added to Idaho Code Section 18-8307, requiring that all offenders subject to the duty of registration would receive written notifications of their duty to register, including a warning as to the consequences of an offender's failure to comply. Idaho Code Section 18-8328 was added which stated that offenders could petition to be excluded from the prohibited employment provisions of Idaho Code Sections 18-8327 and 18-8414.  To do so, offenders were required to show clear and convincing evidence that the

offender does not pose a threat and it has been at least ten (10) years since the person's last conviction.

## 2005

152.    In 2005, amendments were made to Idaho Code Sections 18-8304, 18-8307, and 18-8324.  Specifically, those amendments included, among other things, the addition of Idaho Code Section 18-6110 (sexual contact with a prisoner) as a crime that required registration.  Also, Idaho Code 18-8304(1)(c) was added which stated that this chapter applies to any person who was convicted of any crime, an attempt, a solicitation, or a conspiracy to commit a crime in another state, territory, commonwealth, or other jurisdiction of the United States that was substantially equivalent to the offenses listed in Idaho Code Section 18-8304(1)(a) and was required to register as a sex offender in any other state or jurisdiction when he established permanent or temporary residency in Idaho, per Idaho Code Section 18-8304(1)(c).

## 2006

153.    In 2006, amendments were made to Idaho Code Sections 18-8304, 18-8307, 18-8308, 18-8311, 18-8314, 18-8324, and 18-8329.  Specifically, those amendments included, among other things, the addition of subsection(4) to Idaho Code Section 18-8304 which stated that if a defendant was nineteen (19) or twenty (20) years of age at the commission of the offense and no more than three (3) years older than the victim and was convicted of rape under Idaho Code Section 18-6101(1), the Court may order that the defendant is exempt from the provisions in this chapter.  Idaho Code Section 18-8308 was amended to include address verification every thirty (30) days for violent sexual predators

and every four (4) months for all other offenders.  Idaho Code Section 18-8308(1)(a)(iii) was added to allow the sheriff to verify the address of violent sexual predators once every six (6) months, or at any other time, if the offender failed to comply with other provisions. Idaho Code Section 18-8311 was amended to include failure to verify address as a felony crime punishable by imprisonment for a period not to exceed ten (10) years and a fine not to exceed five thousand dollars ($5,000).  Additionally, punishment for providing misleading or false information as well as evasion of service was increased from incarceration not to exceed a period of five (5) years, to incarceration not to exceed a period of ten (10) years. Idaho Code Section 18-8314 gave power to the members of the Sex Offender Classification Board to review offenders who had violated their duty to register.  Idaho Code Section 18-8324 was amended so that the sheriff not only was required to disseminate the name, address, and photograph of violent sexual predators through the newspaper, but also through local radio and television media.  Idaho Code Section 18-8329 was added this year and stated that it is a misdemeanor for a person who is required to register to be on school grounds where there are children under the age of eighteen (18) years, knowingly loiter on a public way within five hundred (500) feet of a school building or school grounds in this state when children under the age of eighteen (18) years are present, be in any conveyance owned, leased or contracted by a school to transport students to or from school or a school-related activity when children under the age of eighteen (18) years are present in the conveyance, reside within five hundred (500) feet of the property on which a school is located, provided however, that this shall not apply if such person's residence was established prior to July 1, 2006.  However, these amendments did not apply to offenders who were a student at the school, were attending academic conference or other scheduled school events with school

officials as a parent or legal guardian of a child who was enrolled in the school and was participating in the conference or event, resided at a state licensed or certified facility for incarceration, health or convalescent care, were dropping off or picking up a child or children and the person was the child or children's parent or legal guardian, or was temporarily on school grounds, during school hours, for the purpose of making a mail, food or other delivery.

**2008**

154.    In 2008, amendments were made to Idaho Code Sections 18-8329 and 18-8331. Specifically, those amendments included, among other things, the provision that allowed registered sex offenders to be on school grounds for extracurricular activities, to vote, and to drop off mail at an official post office located on school grounds.  Idaho Code Section 18-8331 was added which stated that a person who was required to register as a sex offender could not reside with more than one (1) other person who was required to register as a sex offender.  Pursuant to Idaho Code Section 18-8331(3)(A), authority was given to a judge of the district court, upon petition from a person required to register as a sex offender, and after hearing, to allow the petitioner to reside in a residential dwelling with more than one (1) other person who is also required to register as a sex offender if the judge determined the provisions of the statute would deprive the petitioner of a constitutionally guaranteed right and that such right was more compelling than the interest of the state and local government in protecting neighboring citizens from risk of physical or psychological harm. Any person found to be in violation of this code section could be found guilty of a misdemeanor.

**2009**

155.  In 2009, amendments were made to Idaho Code Sections 18-8303, 18-8304, 18-8308, and 18-8310.  Those amendments included, among other things, the expansion of the definition of an "aggravated offense."  Specifically, Idaho Code Section 18-1508 (lewd conduct, when the victim is less than twelve (12) years of age) was changed to Idaho Code Section 18-1508 (lewd conduct).  Other sections were added to the list of aggravated offenders including Idaho Code Sections 18-1506A (ritualized abuse of a child), 18-4502 (first-degree kidnaping committed for the purpose of rape, committing an infamous crime against nature, committing any lewd and lascivious act upon a child under the age of sixteen (16) years or for purposes of sexual gratification or arousal), 18-4503 (second degree kidnaping where the victim is an unrelated minor child and the kidnaping is committed for the purpose of rape, committing an infamous crime against nature, committing any lewd and lascivious act upon any child under the age of sixteen (16) years or for the purposes of sexual gratification or arousal), 18-8602(1) (sex trafficking), and any other offense set forth in Idaho Code Section 18-8304, if at the time of the commission of the offense the victim was below the age of thirteen (13) years.  Additionally, Idaho Code Section 18-8304 was expanded so that this chapter applied to persons who were convicted of Idaho Code Sections 18-919 (sexual exploitation by a medical care provider), 18-1505B (sexual abuse and exploitation of a vulnerable adult), 18-5609 (inducing persons under eighteen (18) years of age into prostitution), or 18-8602(1) (sex trafficking).  Idaho Code Section 18-8308 provided that all violent sexual predators will be monitored with electronic monitoring technology for the duration of the individual's probation or parole period.  Any person who, without authority, intentionally

alters, tampers with, damages or destroys any electronic monitoring equipment required

be worn or used by a violent sexual predator could be found guilty of a felony.

**2010**

156.  In 2010, amendments were made to Idaho Code Sections 18-8303, 18-8304,

18-8308, and 18-8314.  Specifically, those amendments included, among other things,

Idaho Code Sections 18-8303 where a section of the definition of an "aggravated offense"

was amended from 18-6108 (male rape) to 18-8108 (male rape, but excluding section 18-

6108(1) where the victim is at least twelve (12) years of age or the defendant is

eighteen(18) years of age).  This change was also made in Idaho Code Sections 18-8304

and 18-8314.

**2011**

157.   In 2011, amendments were made to Idaho Code Sections 18-8302, 18-

8303, 18-8304, 18-8305, 18-8306, 18-8307, 18-8308, 18-8309, 18-8310, 18-8311, 18-

8312, 18-8314, 18-8315, 18-8316, 18-8318, 18-8323, 18-8324, and 18-8329.

Additionally, 18-8317, 18-8319, 18-8320, 18-8321, and 18-8322 were repealed.

Specifically, 18-8302 was amended to state that the legislature finds that sexual offenders

present a danger, rather than that they present a significant risk of reoffense.  Idaho Code

Section 18-8303 was amended so that an offense that is substantially similar to any of the

foregoing offenses under the laws of another jurisdiction or military court or the court of

another country is considered an "aggravated offense."  Additionally, the same code

section altered the definition of "violent sexual predator" to mean a person who was

designated as a violent sexual predator by the sex offender classification board where

such designation has not been removed by judicial action or otherwise.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 108

158.    Idaho Code Section 18-8304 provided that this chapter shall now apply to people who are convicted of Idaho Code Sections 18-5605 (detention for prostitution), 18-5611 (inducing person under eighteen (18) years of age to patronize a prostitute), 18-6609 (video voyeurism where the victim is a minor or upon a second or subsequent conviction), or 18-7804 (if the racketeering act involves kidnaping of a minor).

159.    Idaho Code Section 18-8305 stated that the registry must be in digital form or include links or identification numbers that provide access to the information in other databases in which it is included in digital form. It required to include, but not be limited to, the following information:  name and all aliases, a complete physical description of the person including any identifying marks, such as scars or tattoos, the offender's date of birth, the offender's social security number, the criminal history of the offender, the name under which the offender was convicted of each offense, the status of parole, probation or supervised release, registration status, the existence of any outstanding arrest warrants for the offender, the criminal offense for which the sexual offender is registered, the name and location of each hospital, jail or penal institution to which the offender was committed for each offense covered under this chapter, the address or physical description of each residence at which the offender resides, the name and address of any place where the offender is a student or will be a student, the license plate number and a description of any vehicle owned or regularly operated by the sexual offender regardless of to whom the vehicle is registered, any e-mail or instant messaging address used by the offender, the offender's telephone numbers, the name and address of any place where the offender is employed or will be employed and the name and address of any place where the offender works as a volunteer or otherwise works, a description of normal travel routes or the

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 109

general areas in which the offender works, information regarding any professional license maintained by the offender that authorizes the offender to engage in an occupation or carry out a trade or business, information about the offender's passport, and if the offender is an alien, information about documents establishing the offender's immigration status including document type and number information for such documents and a digitized copy of the documents, a set of fingerprints and palm prints of the offender, a current photograph of the offender, and a photocopy of a valid driver's license or identification card issued to the offender.

160.    Idaho Code Section 18-8306 stated that the offender shall register within two (2) working days of entry of judgment of conviction if the offender was not sentenced to incarceration and was only placed on probation.  The same stated that if the offender was incarcerated, he/she must register prior to release.

161.    Idaho Code Section 18-8307 stated that registration documents were to request the information set out in Idaho Code Section 18-8305.  It also amended the required frequency of registration for violent sexual predators from annually to quarterly. Idaho Code Section 18-8307(7) was added and stated that an offender shall keep the registration current for the full registration period. The full registration period was for life; however, offenders could petition for release from the full registration period as set forth in Idaho Code Section 18–8310.

162.    Idaho Code Section 18-8309 was repealed and replaced with a new version. This required offenders to report any changes to their address, name, or employment status within two (2) working days of said change.  It also required offenders

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 110

to notify the department of any lodging that would last longer than a period of seven (7) days and were to notify the jurisdiction of the location the offender would be lodging. Offenders were required to give notice of any vehicle changes, as well as additional requirements.

163.   Idaho Code Section 18-8310 was amended to state that registration under this act is for life, however, any offender, other than a recidivist, an offender who has been convicted of an aggravated offense, or an offender designated as a violent sexual predator, could, after a period of ten (10) years from the date the offender was released from incarceration or placed on parole, supervised release or probation, whichever is greater, petition the district court for a show cause hearing to determine whether the offender should be exempted from the duty to register as a sexual offender.  In the petition, the offender was required to provide clear and convincing evidence that the petitioner had completed any periods of supervised release, probation or parole without revocation, provide an affidavit indicating that the petitioner did not have a criminal charge pending or was knowingly under investigation for any crime identified in Idaho Code Section 18-8304, provide clear and convincing evidence that the petitioner had successfully completed a sexual offender treatment program, and provided an affidavit demonstrating that the petitioner had no felony convictions and had committed no sex offenses during the period of which the petitioner had been registered.  Idaho Code Section 18-8310(2) gave the prosecuting attorney and central registry the opportunity to submit evidence, affidavits, or other documents rebutting the assertions contained within the offender's petition.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 111

164.     Idaho Code Section 18-8311(3) was removed so the possible felony conviction for evasion of service was no longer an option.

165.     Idaho Code Section 18-8312 changed the name of the Sex Offender Classification Board to the Sex Offender Management Board.  The Board was increased from four (4) to nine (9) members and those members were now eligible for reappointment to the Board without limitations.   The amendments removed the section stating that the board was to assess the risk of reoffense of any offender convicted and incarcerated for commission of a crime that may classify them as a violent sexual predator, recidivist, or an aggravated offender.  It was further stated that the board was charged with the advancement and oversight of sexual offender management policies and practices statewide.

166.     Amendments to Idaho Code Section 18-8314 removed all duties from the Sex Offender Management Board involving the evaluation and resulting classification of sex offenders, limiting the duties of the Board to the creation of standards and procedures which sex offender evaluators must follow, and administering certification of sex offender evaluators

167.     Idaho Code Section 18-8315 was amended to provide that the Sex Offender Management Board was subject to Idaho Open Meeting laws and further providing that no written record be kept of any sex offender classification vote taken by the Board.

168.     Idaho Code Section 18-8316 was amended to state that offenders "may" submit to an evaluation rather than they "shall" submit to an evaluation.

169.     Idaho Code Section 18-8323 was amended to state that the department or

sheriff shall provide public access to sex offender registry information via the internet. This information was now limited to the offender's name, date of birth, address of each residence, address of any place the offender may be a student, physical description, offense the offender was registering for, photograph, temporary lodging information.  In addition, this code section stated that the identity of the victim, offender's social security number, any arrests of the offender that did not result in conviction, any internet identifier used by the offender, any passports and immigration documents, and any information identifying any person related to, living with, working for, employing, or otherwise associated with the offender would not be released to the public.

170.    Idaho Code Section 18-8324 was amended to provide that the department be required to, within three (3) days, disseminate any registration information, including any changes in registry information, to: the attorney general of the United States, each school and public housing agency in each area the offender resided, each jurisdiction where the sexual offender resided, criminal justice agencies through the public safety and security information system, social service entities, volunteer organizations, and any organization, company, or individual who requests notification of changes in registry information.

171.    Idaho Code Section 18-8329 was amended so that subsections (1)(a) and (1)(b) now applied to an offender who was attending an academic conference or other scheduled extracurricular school event, an offender who was dropping off or picking up a child or children and the person was the child or children's parent or legal guardian, an offender who was temporarily on school grounds, during school hours, for the purpose of making a mail, food, or other delivery unless they had contacted the school district office

annually and had obtained written permission from the district. These also applied to an

offender who had written permission from a school principal, vice-principal to be on the

school grounds.

**2012**

172.    In 2012, amendments were made to Idaho Code Section 18-8304 removing

subsection(4) which previously stated that when a defendant was convicted of rape under

Idaho Code Section 18-6101(2), and at the time of the offense the defendant was nineteen

(19) or twenty (20) years of age and not more than three (3) years older than the victim of

the rape, the court could order that the defendant be exempt from the duty to register.

Additionally, Idaho Code Section 18-8310A was added which stated that any person who

was convicted under Idaho Code Section 18-6101(1) as it existed before July 1, 2010,

where such person would not have been convicted under Idaho Code Section 18-6101(1)

or (2), could petition the district court for a determination of exemption.

**2013**

173.    In 2013, amendments were made to Idaho Code Sections 18-8304 and 18-

8307. Those amendments included, among other things, the addition of Idaho Code

Section 18-5610 (utilizing a person under eighteen (18) years of age for prostitution) as an

offense that required registration.  Idaho Code Section 18-8307 doubled the registration

fee to a total of eighty dollars ($80.00) per year.

**V.  FACTUAL ALLEGATIONS: CLASSIFICATION AND RETROACTIVE
APPLICATION OF SORNA 2001, 2009, 2011**

174.    Idaho SORNA 2001, 2009, 2011 classifies registrants based upon whether

their offense was an "aggravated offense," and determines the length of time that a person

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 114

must register and the frequency of reporting.  Idaho SORNA 2001, 2009, 2011 classifications are based solely on the offense of conviction.

175.    Idaho SORNA 2001, 2009, 2011 classifications are not based on, and do not correspond to, a registrant's actual risk of re-offending or the danger any registrant poses to the public.

176.    Prior to Idaho SORNA 2011, most Idaho registrants were required to register for ten (10) years.  The amendment of Idaho SORNA 2011 required that registrants that were previously required to register for ten (10) years, were extended to life.  There was no individualized determination about the risk or whether lifetime registration was warranted.

177.    Although the plaintiffs have clinically been determined to be low risk, under Idaho SORNA 2001, 2009, 2011 they were retroactively classified as "aggravated offenders" and required to register and comply with Idaho SORNA 2011 until they die.

178.    Even upon the clearest proof that the plaintiffs are not dangerous, there is no mechanism under Idaho SORNA that would allow the plaintiffs to have their registration obligations eliminated or reduced.

179.    Idaho SORNA 2001, 2009, 2011 are not limited to individuals who committed sex offenses, but in some cases required registration and reporting by individuals convicted of other offenses that do not have a sexual component, at least as far as out-of-state registrants are concerned.

## VI.  FACTUAL ALLEGATIONS: IMPACT OF Idaho SORNA 2001, 2009 AND 2011 ON THE PLAINTIFFS

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 115

180.    Idaho SORNA 2001, 2009, 2011 imposes obligations, disabilities, and restraints that are so extensive that they cannot be set out in full here, but by way of summary, are as follows:

Plaintiffs are subject to continuous reporting, surveillance, and supervision. In addition, Idaho SORNA 2001, 2009, 2011 severely limits their ability to direct the upbringing of their children, find housing and employment, get an education, travel, engage in free speech activities (including use of the Internet), be free from harassment and stigma, and understand what is required of them under the statute.

181.    Finally, registration under Idaho SORNA 2001, 2009, 2011 triggers a vast array of additional obligations, disabilities, and restraints under other federal, state, and local laws, as well as private policies barring or limiting registrants from access to goods or services available to the public.

**A. Reporting, Surveillance, and Supervision**

The plaintiffs must report in person regularly and must provide:

- all names and nicknames, Social Security number, and date of birth;

- residential address, including any address where the individual expects to spend more than seven days, as well as the dates of any such temporary stays;

- employer names and addresses, including information on any person who agrees to hire a registrant for a temporary job, as well as the routes of travel for non-stationary employment;

- schools attending or schools to which accepted;

- telephone numbers registered to the individual or routinely used;

- e-mail and instant message addresses, log-in names or other identifiers assigned to the individual or routinely used, if, in fact, the registrant is granted

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 116

internet usage;

- all other designations used in Internet communications or postings;

- license plate and registration information for any vehicle owned or regularly operated by the individual, and the location where that vehicle is kept;

- driver's license or personal ID card;

- passport and immigration documents;

- occupational license information; and

- a complete physical description.

182.    Idaho SORNA 2001, 2009, 2011 also requires the plaintiffs to provide a photograph, fingerprints, and palm prints. If a plaintiff's appearance changes, he or she must update the photograph.

- In addition to reporting in person at regular intervals, the plaintiffs must report in person within two (2) working days whenever certain information changes. The immediate, in-person reporting requirement was triggered whenever the plaintiffs:

- change their residence;

- begin, change, or discontinue employment;

- enroll or dis-enroll as a student;

- change their name

- Intend to travel for more than seven days;

- establish an e-mail address, instant message address, or other Internet designation; and

- buy or begin using a vehicle, or cease owning or using a vehicle.

183.    There are no good-cause exceptions to the reporting requirements or to the "immediate" notification requirements. Regardless of illness, injury, transportation problems,

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 117

or other emergencies, the plaintiffs must report in person within two (2) days or face criminal

charges.

- Idaho SORNA 2001, 2009, 2011's reporting, surveillance, and supervision requirements are similar to, but more restrictive and onerous than, the reporting, surveillance, and supervision that the plaintiffs experienced while serving their sentences on probation or parole.

- Under Idaho SORNA 2001, 2009, 2011, the plaintiffs must report significantly more information than what they were required to report while they were serving their sentences on probation or parole.

- Idaho SORNA 2001, 2009, 2011's requirement that minor changes be reported in person within two (2) business days is a level of reporting that far exceeds what the plaintiffs experienced while they were serving their sentences on probation or parole.

- As a result of Idaho SORNA 2001, 2009, 2011's immediate reporting requirements, coupled with the reporting requirements themselves, the plaintiffs must – for the rest of their lives – report in person to law enforcement with a frequency that is similar to, and often greater than, their reporting obligations when they were on probation or parole.

- For the plaintiffs, the lifetime surveillance imposed by these reporting requirements is not only intrusive, but burdensome. The time required to register or update information varies depending on where and when the plaintiffs report.  Each registration can take up to an hour-and-a-half, not including travel time.

**B. Family and Parenting**

184.  Idaho SORNA 2001, 2009, 2011 has severely impaired the plaintiffs' family

relationships and ability to parent, in large part because the statute bars the plaintiffs from

"residing" or  "loitering" within five hundred (500) feet of school property.  "To loiter"

means "to remain for a period of time and under circumstances that a reasonable person

would determine is for the primary purpose of observing or contacting minors." This

provision contains no exception for the plaintiff-parents, who are observing or contacting

their own children.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 118

- For example, permission has to be obtained for parents to attend their children's school and extra-curricular events, whereupon many have to be accompanied by an approved supervisor.

## C. Housing

185.    Idaho SORNA 2001, 2009, 2011 also severely limits the plaintiffs' access to housing.

- Idaho SORNA 2001, 2009, 2011 bars the plaintiffs from "residing" within five hundred (500) feet of school property, making a substantial amount of housing unavailable as a matter of law. The plaintiffs are also prohibited from living with family members if those family members live within 500 feet of school property.

- Because sex offender registry address information is public, many landlords outside geographic exclusion zones refuse to rent to registrants, since their properties can then be easily identified on the registry.

- In some cases, Plaintiffs have been denied subsidized housing for reasons that under Federal Law, individuals subject to lifetime sex offender registrations are barred from subsidized housing.

## D. Employment

186.    Idaho SORNA 2001, 2009, 2011 bars the plaintiffs from working within five hundred (500) feet of school property, making a substantial number of jobs unavailable to the plaintiffs as a matter of law.

- Moreover the possible public posting of employment by employers who hire the plaintiffs can create a significant disincentive for employers to hire the plaintiffs, and regularly lose employment opportunities because of their status of registered sex offenders.

- It is a virtual impossibility for registrants to obtain employment dealing with the public.

## E. Education

187.    Idaho SORNA 2001, 2009, 2011 has also made it more difficult for the plaintiffs to get an education.

- Many plaintiffs have been denied opportunities for education, such as medical

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 119

assistant, nursing, teaching, and several GED programs, as many of those programs automatically reject registered sex offenders.

**F. Travel**

188.    The plaintiffs' status as registrants has severely restricted their ability to

travel, both interstate and intrastate.

- The plaintiffs must provide advance notice when they intend to travel anywhere for more than seven (7) days. They must tell the police where they are going, where they will stay, how long they will be there, and when they will return.

- The plaintiffs must provide advance notice if they travel outside the U.S. for more than seven (7) days.

- If the plaintiffs travel, they must comply with any applicable sex offender registration laws in other jurisdictions and must register there if they intend to stay over a prescribed period of time. Because sex offender laws are exceedingly complex and vary from state to state, it is extremely difficult to obtain accurate information about either affirmative reporting obligations (such as registering one's presence in a state) or prohibitions on ordinary behavior (such as visiting a library or park) in other jurisdictions.

**G. Speech & Internet**

189.    Idaho SORNA 2001, 2009, 2011 severely restricts the plaintiffs' ability to

speak freely on the Internet. The plaintiffs not only must provide law enforcement with all

electronic mail addresses, instant message addresses, log-in names, or other identifiers that

are assigned to or routinely used by them, but must also immediately report whenever they

establish any electronic mail address, instant message address, or other designation used in

Internet communications or postings.

- The plaintiffs are concerned about using the Internet because Idaho SORNA 2001,2009, 2011 is unclear about whether, for example, they must report immediately and in person if they set up an on-line account to pay their taxes, register with Netflix, purchase or review products on Amazon, or use a college on-line bulletin board.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 120

**H. False Information and Public Stigmatization**

190.    The public registry website labels registrants which stigmatizes them, and publicly and falsely identifies them as among the most dangerous sex offenders on the registry.

191.    The public registry website posts extensive personal information about each registrant, including residential address, date of birth, physical description (weight, height, etc.), and a photograph.

192.    Because they are stigmatized as sex offenders on the public registry website, the plaintiffs and their families are subjected to harassment, social ostracism, and even threats of violence.

**I. Vagueness, Strict Liability, and Impossibility of Compliance**

193.    The plaintiffs have been further harmed because the restrictions and obligations of Idaho SORNA 2001, 2009, 2011's requirements for reporting personal information are so vague that the plaintiffs do not understand what information must be reported, or what changes in information subject them to the in-person immediate reporting requirement, which some jurisdictions impose.  That because some of the restrictions and obligations are so vague and confusing, plaintiffs are concerned that they will inadvertently violate requirements because they did not understand what they are.  For example, Idaho Code Section 18-8305 requires registrants to provide the name and address of any place where the offender is a student or will be a student unless the offender is only participating in courses remotely through the mail or the internet.  It further provides in subsection (h) that registrants are to provide the license plate number and a description of any vehicle owned or regularly operated.  Subsection (k) provides the registrant must provide the name and

address of any place where the offender is employed or will be employed.  Finally, Idaho Code Section 18-8329 prohibits sex offender registrants from knowingly "loitering" on a public way or residing within five hundred (500) feet from the property line of school grounds.  That these terms for which sex offender registrants are held strictly liable, are defined nowhere within Idaho SORNA.

194.   Idaho SORNA 2001, 2009, 2011's requirements for reporting personal information are so vague that the plaintiffs do not understand what information must be reported, or what changes in information subject them to the in-person immediate reporting requirement, which some jurisdictions impose.  That because some of the restrictions and obligations are so vague and confusing, plaintiffs are concerned that they will inadvertently violate requirements because they did not understand what they are.

195.   Finally, Idaho SORNA 2001, 2009, 2011 imposes criminal liability despite the impossibility of compliance. Idaho SORNA 2001, 2009, 2011 imposes liability regardless of whether illness, injury, or practical difficulties make compliance impossible.

196.   Idaho SORNA 2001, 2009, 2011 imposes penalties of up to ten (10) years imprisonment for violations of the Act.

**J. Consequences Beyond Idaho SORNA 2001, 2009, 2011**

197.   Because the plaintiffs are required to register as sex offenders under Idaho SORNA 2001, 2009, 2011, they are also subject to a vast and complex array of laws and ordinances imposed on registered sex offenders by the federal government, other states or tribal governments, and local municipalities.

198.   Because registration in one state generally triggers registration in another state, the fact that the plaintiffs are subject to Idaho SORNA 2001, 2009, 2011 means they

are also subject to the sex offender laws of other jurisdictions if they travel or move.

199.    In addition, because the plaintiffs are required to register as sex offenders under Idaho SORNA 2001, 2009, 2011, they are subject to policies by private entities that refuse to provide goods or services to registered sex offenders. But for the fact that the plaintiffs are labeled by the state as registered sex offenders, the goods and services provided by those private entities would generally be available to them.

## VII.  FACTUAL ALLEGATIONS: Idaho SORNA 2001, 2009, 2011 IS NOT RATIONALLY RELATED TO THE GOAL OF PUBLIC SAFETY

200.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

201.    Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

202.    The avowed purpose of Idaho's sex offender registry is to "assist efforts of local law enforcement agencies to protect communities by requiring sexual offenders to register with local law enforcement agencies and to make certain information about sexual offenders available to the public..." I.C. Section 18-8302.

203.    The idea that Idaho SORNA 2001, 2009, 2011 will promote public safety is based on the assumption that sex offender registration will reduce recidivism by convicted offenders and thereby reduce the risk to the public.

204.    That assumption is false.

205.    In fact, the research shows that public registries are likely to *increase, rather than decrease, recidivism,* and are therefore counterproductive to their avowed purpose of

public protection.

206.    As outlined in more detail in the declaration of James J. Prescott, (Exh. A, incorporated by this reference as if fully set forth herein) large scale empirical research on the impact of sex offender registries has found that *public* sex offender registries have likely increased, and almost certainly not reduced, the frequency of sex offenders.  (By contrast, the research has also found that *private law enforcement* registries have reduced recidivism against family members, neighbors, etc., though not against strangers).

207.    Specifically, this research shows that the more people a state subjects to public sex offender registration, the higher the relative frequency of sex offenses in that state. Public registries (based on the offense of conviction) correlate with an *increase* in frequency of sex offenses against all types of victims (family members, neighbors, acquaintances, and strangers).  Prescott Decl., at 3-4 (Exh. A).

208.     Although it may seem counter-intuitive that public registration increases rather than decreases recidivism, these results reflect the fact that sex offender registration and the attendant consequences exacerbate risk factors for recidivism, such as lack of employment and housing, and prevent healthy reintegration into the community.  Prescott Decl., at 7-8 (Exh. A).

209.    These results are mirrored by other evidence-based research on the impact of sex offender registration.  Most studies reveal no significant reduction in sex crime rates that can be attributed to sex offender laws and policies.  Rather, there is a significant body of empirical work that overwhelmingly shows that, at best, public registration makes no difference to recidivism rates, and that it may well be counter-productive.  *See* Levenson Decl., at 3 (Exh. B, incorporated by this reference as if fully set forth herein); Prescott Decl.,

at 12 (Exh. A).

210.    The two studies that detected reductions in sex crime recidivism after the passage of registration laws were both in states that have risk-based, rather than offense based, classification, and that limit public notification to those offenders who have been individually determined to pose the greatest threat to community safety. *See* Levenson Decl., at 3 (Exh. B).

211.    Moreover, there is no research to support the hypothesis that registrants who live closer to child-oriented settings are more likely to reoffend.  Rather, the research shows that where registrants live is not a significant contributing factor to recidivism. *See* Levinson Decl., at 4 (Exh. B).

212.     Residency restrictions reduce housing options for registrants, leading to housing instability.  Housing instability is consistently correlated with higher criminal recidivism, and may help account for the increases in recidivism triggered by registration. *See* Prescott Decl., at 7-8 (Exh. A); Levenson Decl., at 5-6 (Exh. B).  Thus, residency restrictions are likely to increase rather than decrease sexual offending.

213.    Similarly, requirements that interfere with employment, social support, and engagement in pro-social activities undermine the avowed public safety goals of sex offender registration laws.  Social policies that ostracize and disrupt the stability of sex offenders are counterproductive to increasing public safety. *See* Levenson Decl., at 7, 10 (Exh. B).

214.    Failure to comply with registration requirements does not predict sexual recidivism.  Levenson Decl., at 11-12 (Exh. B).

215.    There is no empirical evidence to support the notion that more frequent registration check-ins lower recidivism, nor is there evidence that reporting additional

information (*e.g.,* email addresses, employment information) reduces recidivism.  Levenson Decl., at 10 (Exh. B).

216.    In sum, Idaho SORNA 2001, 2009, 2011 is not rationally related to the public safety goal it purports to serve.

## VIII.  FACTUAL ALLEGATIONS: THE REQUIREMENTS OF Idaho SORNA 2001, 2009, 2011 BEAR NO REASONABLE RELATIONSHIP TO THE RISK THAT INDIVIDUAL REGISTRANTS POSE TO THE COMMUNITY

217.    Idaho SORNA 2001, 2009, 2011 is also premised on the assumption that all individuals convicted of sex offenses pose a great risk in public safety, which justifies continuous and lengthy supervision and restrictions.

218.    In fact, while some individuals convicted of sex offenses will reoffend, the vast majority of new sex offenses are committed not by registered offenders, but by individuals without prior sex offenses.  For example, a study in New York found that 95% of all arrests for sexual offenses were for individuals who did not have a prior sexual offense conviction and who were not on a sex offender registry.  *See* Levenson Decl., at 8 (Exh. B). Among those with prior sex offenses, recidivism rates vary with the presence of certain risk factors.  *See* Levenson Decl., at 8 (Exh. B).  While some individuals convicted of sex offenses pose a significant risk to public safety, most do not.

219.    Most sex offenders do not re-offend sexually.  First-time sexual offenders are significantly less likely to re-offend than those with multiple sexual convictions, and offenders over the age of fifty (50) years are less likely to re-offend than younger offenders. Moreover, recidivism rates differ significantly depending on the nature of the offense (*e.g.,*

rape, incest, child victim, *etc.*).

220.    Research indicates that the risk for sexual re-offending is reduced by half when a person has spent 5-10 years offense-free in the community.  The risk continues to decline the more time the person spends offense-free in the community.  Risk for sexual recidivism also declines with age.  *See* Levenson Decl., at 10 (Exh. B).

221.    Idaho SORNA 2001, 2009. 2011 is not based on risk.  The tier to which an individual is assigned, whether the individual is listed on the public registry, and how long an individual must register, are all based solely on the offense of conviction, not on the individual's level of risk.

222.    Because recidivism risk declines significantly with advancing age and with time spent offense-free in the community, requiring registration for twenty-five (25) years to life is both inefficient and unnecessary.  *See* Levenson Decl. (Exh. B) at 10.

223.    In addition, Idaho SORNA 2001, 2009, 2011, by focusing on the danger posed by strangers (who can be identified through the registry), misidentifies the source of risk.  In 93% of cases of child sexual abuse, the offender was a family member or acquaintance, not a stranger listed on the registry.

224.    Public sex offender registration and residency restrictions, which focus on "stranger danger," give parents a false sense of security by implying that knowing where sex offenders live or banishing them from the community in fact reduces the risk of sex offenses being committed, when such measures do not have this effect.  *See* Levenson Decl., at 9 (Exh. B).

225.   In sum, the requirements of Idaho SORNA 2001, 2009, 2011 bear no rational relationship to the risks that individual registrants pose to the community.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 127

## IX.  THE ACTIONS OF THE LEGISLATURE IN AMENDING THE SEX

## OFFENDER REGISTRY IN 2009 REPRESENT A VIOLATION OF ALL

## REGISTRANTS' RIGHTS TO DUE PROCESS

226.    In February 2009, the Idaho Supreme Court in _Smith vs. State of Idaho,_ 146 Idaho 822, ruled that "Idaho's statutory scheme for VSP designation minimizes, at every turn, the possibility that an offender has the required notice and opportunity to be heard." The Court further stated "due process requires that the State bears the burden of proving, in some meaningful time, that the Defendant deserves the classification assigned."

227.    At the time of the _Smith_ decision, a sex offender had a right to a due process hearing to determine whether he or she should be put in a class requiring VSPs to update their information every ninety (90) days and to remain on the Registry for life.  In other words, classification as a VSP was based upon a factual determination of probable future conduct (i.e., that the offender posed a high risk of committing another offense or engage in predatory sexual conduct).

The Supreme Court in its determination that the defendant had been denied his rights to due process stated:

> "The legislature created the Board to 'assess the risk of reoffense of any offender convicted and incarcerated for commission of a crime as set forth in section 18-8314, Idaho Code, to determine whether the offender should be designated a violent sexual predator.'  I.C. § 18-8312(1).  The legislature imposed the duty upon the Board to establish objective guidelines to be used in the determination of whether an offender should be designated a VSP.
>
> The board shall establish guidelines to determine whether an offender who meets the criteria of this section is a violent sexual predator presenting a high risk of reoffense.  The guidelines shall be established with the assistance of sexual offender treatment and law enforcement professionals who have, by education, experience or training, expertise in the assessment and treatment of sexual offenders.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 128

(a) Factors to be used in establishment of the guidelines must be supported in the sexual offender assessment field as criteria reasonably related to the risk of reoffense and be objective criteria that can be gathered in a consistent and reliable manner.

(b) The guidelines shall include, but are not limited to, the following general categories for risk assessment: seriousness of the offense, offense history, whether the offense was predatory, characteristics of the offender, characteristics of the victim, relationship of the offender to the victim, the number of victims and the number of violations of each victim."

I.C. § 18-8314(5). Further, the legislature authorized the Board to promulgate rules to carry out the provisions of the Act. I.C. § 18-8314(8). The Court further stated:

"This Court has previously stated that judicial review is turned into a superfluous exercise of rubberstamping when the decision of a state board sitting in a disciplinary or quasi-judicial position relies on the "expertise," "experience," and "collective knowledge" of its members on an "ad hoc basis" rather than declaring and applying clearly articulated standards to the cases before it. *H & V Eng'g, Inc. v. Idaho State Bd. of Prof. Eng'rs & Land Surveyors,* 113 Idaho 646, 650, 747 P.2d 55, 59 (1988); *Tuma v. Bd. of Nursing,* 100 Idaho 74, 81, 593 P.2d 711, 718 (1979). In *Tuma,* we rejected the Board of Nursing's argument that it need not further define "unprofessional conduct" when disciplining a registered nurse. 100 Idaho at 79, 593 P.2d at 716. The Board of Nursing unsuccessfully argued that providing a definition was unnecessary since that board was composed of experts who were fit and capable in their own right to determine the standards of their profession from their personnel knowledge and experience. *Id.* at 81, 593 P.2d at 718. In *H & V,* we similarly rejected the Board of Engineers' reliance on the knowledge and expertise of its members in rendering a disciplinary decision on what constituted professional "misconduct" in the absence of a clearly defined standards. 113 Idaho at 650, 747 P.2d at 59. Both of these cases noted the due process ramifications implicit in a board's failure to avail itself of the opportunity to expand upon the legislative grounds under which its determinations are based. *H & V,* 113 Idaho at 651, 747 P.2d at 60; *Tuma,* 100 Idaho at 79, 593 P.2d at 716. This is because reliance on "the phantom of unknown standards" robs the opportunity for notice. *H & V,* 113 Idaho at 651, 747 P.2d at 60. We find the instant case to be analogous to *Tuma* and *H & V* and conclude that, in the absence of objective 12 and clearly defined guidelines and standards upon which Smith's VSP designation may

be evaluated, his due process rights could not be protected by the process of judicial review."

228.    The legislature's response to the decision in _Smith vs. State of Idaho_, within approximately four (4) months, was to simply amend Idaho SORNA by changing the name of the Sexual Offender Classification Board to the Sexual Offender Management Board, and requiring all sexual offenders, whether violent or not, to be classified as _aggravated_ offenders, and to be treated exactly as VSPs (i.e., to remain on the Registry for life).

229.    The original Board was required to establish guidelines to determine whether an offender was a violent sexual predator depending on a high risk to reoffend.  The Guidelines were to be established with the assistance of sexual offender treatment and law enforcement professionals who had, by education, experience or training, expertise in the assessment and treatment of sexual offenders.

230.    By eliminating the Sexual Offender Classification Board and replacing it with the Sexual Offender Management Board, with no further classification powers, the legislature very cleverly side-stepped the Supreme Court's requirements espoused under _Smith vs. State of Idaho_, and effectively removed any provisions regarding classification by putting all sex offenders in the same boat (i.e., to be treated as violent sex offenders for life).

231.    Essentially, prior to the 2009 amendment to Idaho SORNA, designation as a VSP resulted in consequences beyond requiring the designee to register as a sex offender.  NonVSP sex offenders needed only to update their information and photographs on the registry annually, while VSPs were required to do so every ninety (90) days.  And, non-VSP offenders could petition the court for relief from the duty to register after a period of ten (10) years, while a VSP had to remain on the registry for life.  Thus, for an offender at that time,

only the designation as a VSP resulted in the *indelible* scarlet letters.

232.    What the legislature did in response to *Smith vs. State of Idaho*, and as a result of the 2009 amendment to Idaho SORNA, was to simply create a situation where the scarlet letters became indelible to all sex offenders, rather than provide the due process required by the Supreme Court.

## X. FIRST CAUSE OF ACTION

## Violation of the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983 (Due Process)

233.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

234.    Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

235.    Idaho SORNA 2001, 2009, 2011 is vague and ambiguous and fails to sufficiently define who is subject to the laws, what their effects are, and what the penalties for failure to comply with them are, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

236.    Idaho SORNA 2001, 2009, 2011 also violates the Due Process Clause because it reassesses offenders and subjects them to new restrictions and requirements, regardless of any actual risk to society and without the possibility of any hearing and without any requirement by the State of Idaho to provide offenders with any notice of their classification or any new prohibitions or requirements.

237.    Further, Idaho SORNA 2001, 2009, 2011 violates the Due Process Clause

of the U.S. Constitution because it fails to further any legitimate governmental purpose.

238.   Each of the Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XI. SECOND CAUSE OF ACTION

**Violations of the First Amendment to the United States Constitution under 42 U.S.C. § 1983 (Free Exercise of Religion)**

239.  Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

240.   Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

241.   Because churches and other places of worship fall within the places certain sex offenders may not "knowingly be" within five hundred (500) feet of under Idaho SORNA 2001, 2009, 2011, regardless of the actual known risk posed by these offenders, Idaho SORNA 2001, 2009, 2011 improperly interferes with plaintiffs' right to practice religion without undue governmental interference.

242.   The Plaintiffs have been, or imminently will be, injured by these constitutional violations, and Plaintiffs are entitled to declaratory and injunctive relief.

## XII. THIRD CAUSE OF ACTION

**Violations of the First Amendment to the United States Constitution under 42 U.S.C. § 1983 (Substantive Due Process)**

243.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

244.   Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs

against all State Defendants.

245.    Idaho SORNA 2001, 2009, 2011, impacts the plaintiffs' ability to travel throughout Idaho, attend church or other religious services, go to Court or attorney offices, parent their children, and live with their families.  Idaho SORNA 2001, 2009, 2011 impinges on their fundamental rights to free association, travel, and to raise their children without undue governmental interference.

246.    Each of the Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

### XIII. FOURTH CAUSE OF ACTION

### Violations of the First Amendment to the United States Constitution under 42

### U.S.C. § 1983 (Equal Protection)

247.    Plaintiffs incorporate by reference each and every allegation contained in thepreceding paragraphs as set forth fully herein.

248.    Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

249.    The Idaho legislature has enacted separate sex offender registration requirements, one (1) for adult sex offenders (Idaho Code Sections 18-8301, et seq., "Sexual Offender Registration Notification and Community Right-To-Know-Act") and one (1) for juvenile sex offenders (Idaho Code Sections 18-8401, et seq., "Juvenile Sex Offender Registration Notification and Community Right-To-Know-Act").

250.    The Juvenile Sex Offender Registration Act imposes sex offender registration requirements for all juvenile offenders, who were between the ages of fourteen (14) years and eighteen (18) years at the time of the commission of the offense, and who were

adjudicated to be guilty of those criminal offenses set forth in Idaho Code Section 18-8304.

251.   The adult sex offender registration act imposes sex offender registration requirements for all offenders, who were the age of eighteen (18) years or over, at the time of the commission of the offense, and who were found to be guilty of those criminal offenses set forth in Idaho Code Section 18-8304.

252.   That by the inclusionary provisions of each sex offender registration act, the Idaho legislature has created two (2) separate but similarly situated groups, one (1) between fourteen (14) and eighteen (18) years of age, and one (1) eighteen (18) years of age and older, members of each group having committed and been found guilty of one (1) or more of a group of included criminal offenses.

253.   That the Idaho legislature further created important distinctions in the registration requirements, and consequences for failure to register, ascribed to each group. Those differences are as follows:

a. Juvenile sex offenders are not subject to the same tiered designations as adult sex offenders ( i.e., "rescidivist", those convicted of an "aggravated offense", and "violent sexual predator").

b. Juvenile sex offenders, even in those circumstances where they would otherwise qualify as an adult "violent sexual predator", are limited to registration as a sex offender annually, as opposed to the more onerous requirement of every ninety (90) days, are not faced with more burdensome and frequent verification of address, and are not subject to the requirement that they wear an electronic monitoring device at all times, faced by adult offenders in that same class.

c. In the event of a failure to register, juvenile offenders are subject to a general

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 134

misdemeanor criminal charge, whereas adult sex offenders are subject to being charged criminally at a felony level for the identical conduct.

d.   Upon reaching the age of twenty-one (21) years, all juvenile sex offenders are entitled to be removed from the juvenile sex offender registry, unless the prosecuting attorney files a petition with the court asking that the juvenile offender be transferred to the adult registry and, after hearing, that the court determines the juvenile poses and ongoing threat to the safety of others.  The level of the burden of proof on the State in making such a showing is not prescribed by the statute.  By contrast, adult sex offenders who have been designated as a "recidivist", a "violent sexual predator", or those who were convicted of an "aggravated offense" are required to register for life.  Only those adult sex offenders whose conviction(s) do not fall within one (1) of those designations may petition for removal from the sex offender registry.  The petition may be filed on or after a period of ten (10) years from the date the adult offender was released from incarceration or placed on parole, supervised release or probation, whichever is greater, at which time the court is required to schedule a show cause hearing to determine whether the offender is to be exempted from the duty to register as a sexual offender.  The burden of proof required to be shown by the petitioner is clear and convincing evidence.

254.   That there is no rational legislative purpose or basis for the disparate treatment of registration requirements and penalties for non-compliance between these two (2) similarly situated groups.

255.   Furthermore, there is no rational legislative purpose or basis for the disparate post-conviction treatment of those offenders having been convicted of crimes under Idaho Code Section 8304, and other serious felony level crimes where evidence indicates sexual

offenders are no more likely to re-offend, nor any more likely to pose a threat to the safety of others.

256.  That Idaho SORNA 2001, 2009, 2011 is designed only to burden an unpopular group and thus violates the Equal Protection Clause of the U.S. Constitution.

257.  Each of the Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XIV. FIFTH CAUSE OF ACTION

### Violations of the Eighth Amendment to the United States Constitution under 42 U.S.C. § 1983 (Cruel and Unusual Punishment)

258.  Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

259.  Idaho SORNA 2001, 2009, 2011 imposes extensive punishments, both on persons previously convicted of sexual offenses and prospectively, that are excessive in relation to the crimes for which offenders are convicted January 20, 2017.  For example, anyone convicted of a crime with any "sexual element" or any crime that is considered an "aggravated" offense, no matter when they were convicted, is considered a sex offender under Idaho SORNA 2001, 2009, 2011 and is subject to community notification and registration requirements.

260.  Community notification can subject offenders to violence at the hands of vigilantes.  Human Rights Watch, in a comprehensive 2007 study of sex offender laws (laws that were far less extreme than Idaho SORNA 2001, 2009, 2011) and their effects and utility,

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 136

found that public safety was not furthered by expanding notification and restriction provisions, but offenders were subjected to vigilantism:

> Information provided by state online sex offender registries, as well as information provided during community notification by law enforcement, is not just used by private citizens to determine what streets their children can walk on, or whom to avoid. Neighbors as well as strangers harass, intimidate and physically assault people who have committed sex crimes. At least four registered sex offenders have been killed.

P. 89, "*No Easy Answers: Sex Offender Laws in the United States,*" Human Rights Watch, available at http://222.hrw.org/reports/2007/us0907/usO907web.pdf, which is incorporated by this reference as if set forth fully herein. Each of the Plaintiffs has been, or imminently will be, injured by these Eighth Amendment violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XV. SIXTH CAUSE OF ACTION

## Violation of Article 1, §9 of the United States Constitution under 42 U.S.C. § 1983

## (Ex Post Facto)

261.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

262.    Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

263.    The effect and intent of Idaho SORNA 2001, 2009, 2011 are punitive and impose new punishments, including but not limited to the affirmative disability of having to register in person every twelve (12) months, banishment from their families and communities, on offenders convicted before their enactment.

264.    Each of the Plaintiffs has been, or imminently will be, injured by these

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 137

constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XVI. SEVENTH CAUSE OF ACTION

## VIOLATIONS OF THE FIFTH AMENDMENT TO THE UNITED STATES

## CONSTITUTION UNDER 42

## U.S.C. § 1983 (DOUBLE JEOPARDY)

265.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

266.    Pursuant to 42 U.S.C. Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

267.    Idaho SORNA 2001, 2009, 2011 impose new punishments on persons previously convicted, and impose registration duties, community notification, and movement and residence restrictions based on the crime originally committed, rather than any actual risk of recidivism, in violation of the Double Jeopardy Clause of the U.S. Constitution.

268.    Each of the above-described Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XVII. EIGHTH CAUSE OF ACTION

## Violation of Article 1, §10 to the United States Constitution under 42 U.S.C. §

## 1983

## (Contracts Clause)

269.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 138

270.   Pursuant to <u>42 U.S.C. Section 1983</u>, this claim is brought by all Plaintiffs against all State Defendants.

271.   Idaho SORNA 2001, 2009, 2011 operates as a substantial impairment to the preexisting contractual relationship between the state and Plaintiffs Guilty Plea Agreements by imposing new terms not negotiated which drastically increase, and, or require lifetime supervision, registration and community notification.

272.   Each of the above-described Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XVIII.  NINTH CAUSE OF ACTION VIOLATION OF ARTICLE 1, §16 TO THE IDAHO CONSTITUTION (STATE CONTRACTS CLAUSE)

273.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

274.   Pursuant to <u>42 U.S.C. Section 1983</u>, this claim is brought by all Plaintiffs against all State Defendants.

275.   For the same reasons that the Idaho SORNA 2001, 2009, 2011 violate the contracts clause of the United States Constitution, that also violate the contracts clause of the Idaho State Constitution.

276.   Each of the above-described Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive

relief.

# XIX. TENTH CAUSE OF ACTION

**Violation of the Fifth Amendment to the United States Constitution under <u>42 U.S.C. § 1983</u> (Takings Clause)**

277.   Plaintiffs  incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

278.   Pursuant to 42 U.S.C., Section 1983, this claim is brought by all Plaintiffs against all State Defendants.

279.   Idaho SORNA 2001, 2009, 2011, by placing residential and movement restrictions on Plaintiffs, unconstitutionally restricts Plaintiffs' property rights to the point that constitutes a regulatory taking requiring just compensation.

280.   Each of the Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

# XX.  ELEVENTH CAUSE OF ACTION

**Violation of Article II, Section I of the Idaho Constitution**

**(Separation of Powers)**

281.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

282.   Pursuant to <u>42 U.S.C. Section 1983</u>, this claim is brought by all Plaintiffs against all State Defendants.

283.   Idaho SORNA 2001, 2009, 2011 violates the States Separation of Powers doctrine as it limits the judicial power of sentence finality as the law vacates existing court

judgments regarding sex offenders' classifications, and community notification and reverses final court judgments setting the length of time that sex offenders must register.

284.   Each of the Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XXI.  TWELFTH CAUSE OF ACTION

## VIOLATION OF ARTICLE 11, SECTION 8 OF THE IDAHO

## CONSTITUTION (POLICE POWERS)

285.   Plaintiffs, John Does 4, 7, 18, 53, 62, 80, 85, 100, 105, and 132 incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

286.   Pursuant to 42 U.S.C. Section 1983, this claim is brought by Plaintiffs, John Does 4, 7, 18, 53, 62, 80, 85, 100, 105, and 132 against all State Defendants.

287.   These named Plaintiffs had been unconditionally released from custody, probation/parole and any sex offender registration requirements prior to the enactment of Idaho SORNA 2001, 2009, 2011.  These named plaintiffs were, therefore, not in any special relationship with the government of the state of Idaho at the time of the enactment of SORNA 2001, 2009, 2011.  That by reason thereof, the provisions of Idaho SORNA have been unconstitutionally extended to this class of Plaintiffs in violation of the residual police powers granted to the states pursuant to Article 1, Section 10 of the U.S. Constitution and the Police Powers clause of Article 11, Section 8 of the Constitution of the state of Idaho.

288.   Each of the Plaintiffs has been, or imminently will be, injured by these constitutional violations, and the Plaintiffs are entitled to declaratory and injunctive relief.

## XXII.  ATTORNEY'S FEES

That pursuant to 42 U.S.C.A. §§1983 and 1988, and further pursuant to Rule 54 of the Federal Rules of Civil Procedure (F.R.C.P.), plaintiffs, and each of them as the prevailing party(ies) herein, are entitled to an award of costs of suit, including attorney fees determined in the Court's discretion to be reasonable in the premises, incurred by plaintiffs in their prosecution of this action, against defendants, jointly and severally

## XXIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Honorable Court for the following:

1.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the due process clause of the United States Constitution (U.S. CONST., Amend. XIV);

2.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the due process clause of the Idaho Constitution (ID CONST., Article I, § 13 );

3.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the First Amendment to the United States Constitution (U.S. CONST., Amend. I);

4.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the right to practice religion without governmental interference protected by the Idaho Constitution (ID CONST., Article I, § 4 );

5.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the equal protection clause of the United States Constitution (U.S. CONST., Amend. IV);

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 142

6.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the right to equal protection guaranteed by the Idaho Constitution (ID CONST., Article I, § 1 );

7.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the prohibition against cruel and unusual punishment contained in the United States Constitution (U.S. CONST., Amend. VIII).

8.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the prohibition against cruel and unusual punishment contained in the Idaho Constitution (ID. CONST., Article I, § 6 );

9.      A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the ex post facto clause of the United States Constitution (U.S. CONST., Art. 1, §9, cl. 10);

10.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the ex post facto clause of the Idaho Constitution (ID CONST., Article I, § 16);

11.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the double jeopardy clause of the United States Constitution (U.S. CONST., Am. V, AM. XIV);

12.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the double jeopardy clause of the Idaho Constitution (ID CONST., Article I, §13);

13.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the contracts clause of the United States Constitution (U.S.

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 143

CONST., Art. 1, § 10);

14.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the contracts clause of the Idaho Constitution (ID CONST., Article I, §16);

15.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the takings clause of the United States Constitution (U.S. CONST., Amend. V);

16.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the takings clause of the Idaho Constitution (ID CONST., Article I, § 14);

17.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the separation of powers doctrine of the Idaho Constitution (ID CONST., Article I, § 3);

18.     A declaration that Idaho SORNA 2001, 2009, 2011 violate, both facially and as applied by the Defendants, the residual and specific grants of police powers to the State of Idaho contained in Article 1, Section 10 of the U.S. Constitution and Article 11, Section 8 of the Constitution of the state of Idaho;

19.     A permanent injunction prohibiting each Defendant from enforcing Idaho SORNA 2001, 2009, 2011;

20.     Reasonable costs and attorney's fees, and

- - -

- - -

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 144

21.     Any further relief the Court deems appropriate.

DATED This 26th  day of April, 2017.

                              FULLER LAW OFFICES


                              By_____/s/ Greg J. Fuller_____
                                   GREG J. FULLER
                                   161 Main Avenue West
                                   P.O. Box L
                                   Twin Falls, ID 83303
                                   fullerlaw@cableone.net
                                   (208) 734-1602

AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 145