**Greg J. Fuller**
**Daniel S. Brown**
**FULLER LAW OFFICES**
Attorneys at Law
161 Main Avenue West
P. O. Box L
Twin Falls, ID 83303
Telephone: (208) 734-1602
Facsimile : (208) 734-1606
ISB #1442
ISB #7538
fullerlaw@cableone.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

\* \* \* \* \*

| | |
|---|---|
| JOHN and JANE DOES 1-134, ) | |
| ) | Case No. 1:16-cv-429-DCN |
| Plaintiffs, ) | |
| ) | |
| vs. ) | PLAINTIFFS' RESPONSE |
| ) | TO DEFENDANTS' MOTION |
| LAWRENCE WASDEN, Attorney General ) | TO DISMISS (ECF NO. 40) |
| of the State of Idaho, *et al.*, ) | |
| ) | |
| Defendants. ) | |

\* \* \* \* \*

COME NOW Plaintiffs, by and through their attorneys of record, Fuller Law Offices, and hereby responds to Defendants' Motion to Dismiss as follows:

The Plaintiffs in this matter have not incorporated the prior Complaint with the intent of having this Court re-litigate the legal claims that have already been decided. The prior complaint was incorporated by reference to the extent that each of the Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 1

have important factual information in support of their claims (i.e. nature of conviction, date of conviction, etc.). As opposed to re-writing the same factual information, Plaintiffs elected to incorporate the prior Complaint into the Amended Complaint, Part II. Pursuant to the Court's Memorandum Decision and Order, it is the intent of Plaintiffs that this Court apply the various, as-applied constitutional analysis to the Amended Complaint Part II.

Defendant's claim in their Brief in Support of their Motion to Dismiss this action that Plaintiffs' claims are barred in their entirety by what they claim to be the applicable Statute of Limitations.

This action is being brought pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Section 2201 for injunctive and declaratory relief to address the unconstitutionality of Idaho's Sexual Offender Registration Notification and Community Right to Know Act as being both facially and as-applied to Plaintiffs, and each of them, unconstitutional under a variety of grounds.

In the case of *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d. 254 (1985), the U.S. Supreme Court set about simplifying, and unifying, the holdings of various jurisdictions as it related to the establishment of a statute of limitations in civil rights actions under Section 1983. In its analysis, the Supreme Court first looked to the language of 42 U.S.C. Section 1988, which directs that the matter of characterization of the civil rights claim should be treated as a federal question. The Court went on to conclude that characterization of all Section 1983 claims as a tort action for the recovery of damages for personal injuries was the best alternative available. *Wilson v. Garcia*,

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 2

*supra*, 471 U.S. at 276.  Finally, the Supreme Court concluded that, "only the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law."  *Wilson v. Garcia*, 471 U.S. at 268.  However, see *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), holding that the accrual date of a Section 1983 cause of action is a question of federal law that is not resolved by reference to state law.  Idaho sets that limitation period for the commencement of an action at two (2) years.  Section 5-219 Idaho Code.  See also, *McCabe v. Craven*, 145 Idaho 954, 188 P.3d 896 (2008), holding that the statute of limitations applicable to a Section 1983 action is that which the state provides for personal injury torts.

  Later, in 1990, Congress enacted 28 U.S.C. Section 1658 which contained a four (4) year catch-all statute of limitations that applied to all Federal statutory enactments occurring after December 1, 1990.  Therefore, any Section 1983 civil rights causes of action enacted on or after that date were and are subject to the federal four (4) year statute of limitations, as opposed to the personal injury statute of limitations applicable to the particular state court forum.  See, *Jones v. R.R. Donnelly & Sons Co.,* 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004).

  All of the above authority relates to civil rights actions seeking claims for damages.  They deal with an event(s) which may be clearly pinpointed as causing damage to the plaintiff and commencement of the statute of limitations period.  This is in contrast to the facts and claims before this Honorable Court wherein Plaintiffs seek declaratory and injunctive relief that Idaho SORA is unconstitutional, both facially and as-applied to the individual Plaintiff, resulting in virtually daily, on-going harm to Plaintiffs in direct

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 3

violation of their civil rights under both the Idaho and United States Constitutions. Defendants' claim that the filing under this case is barred by the statute of limitations must fail in that it does not take into consideration that the claims of the various Plaintiffs fall within the "Doctrine of Continuing Violations" and that Idaho's two (2) year personal injury statute of limitations has yet to accrue due to the ongoing daily civil rights violations suffered by these Plaintiffs.  See, *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S. Ct. 2061 (2002).

While the Plaintiffs assert that no statute of limitations should apply to the instant case given the nature of the relief requested (declaratory and injunctive), *Morgan* presents an apt analogy of the doctrine of continuing violations, should this Court seek to apply a statute of limitations.  The Plaintiffs are not alleging that a singular act or event damaged them, for which they seek recourse.  The specific factual incidences that Plaintiffs allege are not being submitted to the Court for the purposes of determining whether or not that act, standing alone, was a violation of their constitutional rights, but that the conduct is a continuous chain of violations that is occurring each and every day.  In effect, the Plaintiffs are alleging an ongoing unlawful practice.

In *Morgan*, the court stated that "[w]e conclude that a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period—180 or 300 days—set forth in 42 U.S.C. § 2000e–5(e)(1). A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period. *Id* at 122.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 4

A law can violate the Ex-Post Facto Clause in one of two ways: (1) where the intent is shown to be punitive, the analysis ends - the law violates the Ex-Post Facto Clause; or (2) where the intent is civil, a law nonetheless violates the Ex-Post Facto Clause if its effects are punitive. *Smith v. Doe*, 538 U.S. 84, 92 (2003).

In arguing that Idaho SORA does not violate Ex-Post Facto requirements, Defendants place great weight on the above-referenced case. However, it has been clearly shown in the Declarations of Dr. James J. Prescott and Dr. Jill Levinson filed as attachments to Plaintiffs' Amended Complaint on file herein that the research and data upon which the United States Supreme Court made its decision in 2004 was prompted by a study submitted to the Court conducted by a person substantially unqualified in that field of study and that his conclusions have later been debunked by researchers in the field of sex offender recidivism far more qualified than the original author. This has resulted in a long line of cases which have understandably relied upon the holding of the United States Supreme Court in *Smith v. Doe*, *supra*, without taking into consideration more recent and extensive studies on the matter.

Furthermore, with the evolution and development of SORA laws in recent years which have converted regulatory and administrative procedures for safeguarding the public from those sexual offenders who have been clinically determined to be true dangers to the public, to statutory schemes that arbitrarily and without any subjective basis pigeonhole virtually all sexual offenders into a classification of a lifetime of probation. Also, in the fourteen (14) years which have transpired since the Opinion in *Smith v. Doe*, technology in terms of the amount of readily available information through

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 5

internet services has exponentially compounded the grossly disproportionate affect that lifetime registration has on convicted sex offenders, as compared to the punitive level which the registration imposed upon offenders in 2004.

Over the past several years, more and more Courts have courageously moved away from the precedential impact of *Smith*, rethinking the ex-post facto punitive affect of lifetime sex offender registration requirements.

The following cases have considered the validity, under ex-post facto prohibitions, of state laws requiring sex offenders to register with authorities.  Fifth Circuit - *Brown v. Cockrell*, 2003 WL 21458751 (N.D. Tex. 2003); Ninth Circuit - *American Civil Liberties Union of Nevada v. Cortez Masto*, 719 F. Supp. 2d 1258 (D. Nev. 2008), -  Ala., *State v. C.M.*, 746 So. 2d 410 (Ala. Crim. App. 1999), Alaska - *Doe v. State*, 189 P.3d 999 (Alaska 2008), *Johnson v. State*, 50 P.3d 404 (Alaska Ct. App. 2002), *State v. Martin*, 33 P.3d 495 (Alaska Ct. App. 2001) - Ark., *Setzke v. Norris*, 2009 WL 723244 (W.D. Ark. 2009) - D.C. *Washington v. Fenty*, 611 F. Supp. 2d 45 (D.D.C. 2009), Ind. - *Hevner v. State*, 919 N.E.2d 109 (Ind. 2010), *State v. Pollard*, 908 N.E.2d 1145 (Ind. 2009), *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), *Doe v. O'Connor*, 781 N.E.2d 672 (Ind. 2003), *Blakemore v. State*, 925 N.E.2d 759 (Ind. Ct. App. 2010), *Greer v. Buss*, 918 N.E.2d 607 (Ind. Ct. App. 2009), *Dowdell v. City of Jeffersonville*, 907 N.E.2d 559 (Ind. Ct. App. 2009), transfer denied, 919 N.E.2d 552 (Ind. 2009), *Thompson v. State*, 875 N.E.2d 403 (Ind. Ct. App. 2007), Ky. - *Cardona v. Com.*, 2010 WL 199394 (Ky. Ct. App. 2010), review granted, decision vacated, (June 9, 2010), *Johnson v. Com.*, 2009 WL 102980 (Ky. Ct. App. 2009), La. - *Smith v. State*, 2009-1765 La. App. 1 Cir.

3/26/10, 2010 WL 1173071 (La. Ct. App. 1st Cir. 2010), *State v. Calhoun*, 669 So. 2d 1359 (La. Ct. App. 1st Cir. 1996), Me. - *State v. Letalien*, 2009 ME 130, 985 A.2d 4 (Me. 2009), *State v. Diecidue*, 2007 ME 137, 931 A.2d 1077 (Me. 2007), Mass. - *Roe v. Farwell*, 999 F. Supp. 174 (D. Mass. 1998), Mo.- *Doe v. Blunt*, 225 S.W.3d 421 (Mo. 2007), Neb. - *State v. Simnick*, 279 Neb. 499, 779 N.W.2d 335 (2010), N.J. - *In re T.S.*, 364 N.J. Super. 1, 834 A.2d 419 (App. Div. 2003) (disapproved of on other grounds by, *In re T.T.*, 188 N.J. 321, 907 A.2d 416, 39 A.L.R.6th 747 (2006)), Ohio - *State v. Strickland*, 2009-Ohio-5424, 2009 WL 3255305 (Ohio Ct. App. 11th Dist. Lake County 2009), appeal allowed, 124 Ohio St. 3d 1441, 2010-Ohio-188, 920 N.E.2d 372 (2010) and aff'd on other grounds, 126 Ohio St. 3d 322, 2010-Ohio-3753, 933 N.E.2d 801 (2010), order vacated in part on reconsideration on other grounds, 127 Ohio St. 3d 1201, 2010-Ohio-4980, 936 N.E.2d 45 (2010), S.D., *State v. Trower*, 2001 SD 72, 629 N.W.2d 594 (S.D. 2001), Wash. - *Doe v. Gregoire*, 960 F. Supp. 1478 (W.D. Wash. 1997), *Flowers v. Doyle*, 2002 WL 32362243 (W.D. Wis. 2002), *Valenti v. Hartford City, Indiana*, 225 F. Supp. 3d 770 (N.D. Ind. 2016), *Doe v. Nebraska*, 898 F. Supp. 2d 1086 (D. Neb. 2012), *Doe v. Miami-Dade County, Florida*, 846 F.3d 1180 (11th Cir. 2017), *McGuire v. Strange*, 83 F. Supp. 3d 1231 (M.D. Ala. 2015), *Florida Action Committee, Inc. v. Seminole County*, 212 F. Supp. 3d 1213 (M.D. Fla. 2016), *Charles v. State*, 287 P.3d 779 (Alaska Ct. App. 2012), *Ray v. State*, 262 P.3d 234 (Alaska Ct. App. 2011), *Gonzalez v. State*, 980 N.E.2d 312 (Ind. 2013), *McVey v. State*, 56 N.E.3d 674 (Ind. Ct. App. 2016), *Healey v. State*, 986 N.E.2d 825 (Ind. Ct. App. 2013), *State v. Redmond*, 371 P.3d 900 (Kan. 2016), *State v. Buser*, 371 P.3d 886 (Kan. 2016), *State v. Petersen-Beard*,

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 7

304 Kan. 192, 2016 WL 1612851 (2016)), *Doe v. Department of Public Safety and Correctional Services*, 62 A.3d 123 (Md. 2013), *Connor v. State*, 223 Md. App. 1, 115 A.3d 201 (2015), *Quispe del Pino v. Maryland Dept. of Public Safety and Correctional Services*, 222 Md. App. 44, 112 A.3d 522 (2015), *Sanchez v. State*, 215 Md. App. 42, 79 A.3d 405 (2013), *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016) (applying Michigan law), *Doe v. State*, 2015 WL 575847 (N.H. 2015), *Doe v. State*, 111 A.3d 1077 (N.H. 2015),  *Riley v. New Jersey State Parole Bd.*, 2014 WL 4672353 (N.J. 2014), *Matter of G.H.*, 455 N.J. Super. 515, 190 A.3d 1059 (App. Div. 2018),  *State v. F.W.*, 443 N.J. Super. 476, 129 A.3d 359 (App. Div. 2016), *State v. Williams*, 2011-Ohio-3374, 2011 WL 2732261 (Ohio 2011), *Starkey v. Oklahoma Dept. of Corrections*, 2013 OK 43, 305 P.3d 1004 (Okla. 2013), *Commonwealth v. Horning*, 2018 PA Super 204, 193 A.3d 411 (2018),  *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017),  *Gregory v. Pennsylvania State Police*, 185 A.3d 1202 (Pa. Commw. Ct. 2018).

In each of these cases, "the courts expressed the view, either directly or implicitly, when considering a state sex offender registration law enacted or amended after a sexual offense was committed, that the law was not valid under ex-post facto prohibitions."  63 A.L.R. 6th 351 (2011).

Plaintiffs assert that no statute of limitations should apply to the instant case, that the information contained in the Amended Complaint Part II is sufficient to survive dismissal, and that the facts pled demonstrate ongoing violations, for all Plaintiffs.  As such, Plaintiffs respectfully request that the Defendants' Motion to Dismiss be denied in

all respects and that they take nothing thereby.

DATED This 7th day of December, 2018.

FULLER LAW OFFICES


/s/ Greg J. Fuller
Greg J. Fuller
Attorneys for Plaintiffs


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lawrence G. Wasden
Attorney General

Steven L. Olsen
steven.olsen@ag.idaho.gov

Chris Kronberg
chris.kronberg@itd.idaho.gov

/s/ Greg J. Fuller

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS - 9