Matthew Strugar (*pro hac vice*)
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

David B. Rankin (*pro hac vice*)
Regina Powers (*pro hac vice*)
BELDOCK LEVINE & HOFFMAN, LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
T: (212) 277-5825
drankin@blhny.com
rpowers@blhny.com

Greg J. Fuller (Bar No. 1442)
Daniel S. Brown (Bar No. 7538)
FULLER LAW OFFICES
161 Main Avenue West
P.O. Box L
Twin Falls, ID 83303
T: (208) 734-1602
F: (208) 734-1606
fullerlaw@cableone.net

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANE DOE #35, JANE DOE #36, JOHN DOE #64, JOHN DOE #115, JOHN DOE #117, and JOHN DOE #123<br><br>Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR,[1] Attorney General of the State of Idaho; and COLONEL KEDRICK WILLS, Director of the Idaho State Police, in their official capacities,<br><br>Defendants. | Case No. 1:16-cv-429-DCN<br><br>**Plaintiffs' Notice of Supplemental Authority** |

---

[1] Raúl Labrador is substituted for former Attorney General Lawrence Wasden. Fed. R. Civ. P. 25(d).

Plaintiffs Jane Doe #35, Jane Doe #36, John Doe #64, John Doe #115, John Doe #117, and John Doe #123 submit this Notice of Supplemental Authority to inform the Court of the decision by the Supreme Court of the State of Montana in *State v. Hinman*, 2023 MT 116 (June 14, 2023), attached as an exhibit here.

As in this case, *Hinman* addressed whether increasingly restrictive amendments to a state sex offender registration scheme violate the prohibition on ex post facto laws. *Id.*, ¶ 4. As in Idaho, Montana, starting in 2007, passed a series of amendments to its sex offender registration law that increased the duration of registration, increased the amount of information registrants must provide to the state, and, for a few registrants, restricted where they could live. *Id.*, ¶¶ 10, 19. And like Idaho, Montana applied those amendments retroactively to people who had pleaded or been convicted under much less restrictive schemes. *Id.*, ¶ 8.

The Montana Supreme Court found that amendments to the sex offender registration scheme beginning in 2007 and through to the law's current version made the current law "punitive in nature . . . [and found it] cannot be retroactively applied to defendants whose convictions predate [the amendments]." *Id.*, ¶ 4. While the Montana Supreme Court grounded its decision in the Montana Constitution's ex post facto clause, the opinion makes clear that the analysis for an ex post facto violation under the Montana Constitution is identical to that under the U.S. Constitution. *Id.*, ¶¶ 13–16.

The Montana Supreme Court distinguished earlier U.S. and Montana Supreme Court decisions finding that first-generation sex offender registration laws did not constitute punishment by seriously considering the effects of the amendments on registrants' lives. *Id.*, ¶ 19. The Montana law now constitutes an affirmative restraint on registration because the "amendments in 2007 and 2013 fundamentally abandoned the limited nature of the restraint [of

the first-generation laws].." *Id.* And the modern registration statute imposes a disability on registrants, too, including collateral consequences that have developed since first-generation sex offender registration laws and the precedents analyzing them. *Id.*, ¶¶ 21–22. And while the burdens of first-generation registration were not excessive in relation to the law's aims, that doesn't hold true for the increased and expanded law because "the burdens and intrusiveness of [the law] have increased substantially through the subsequent amendments." *Id.*, ¶ 23. In sum, the Montana Supreme Court found that "[i]t defies common sense and sound judgment not to view . . . as punishment" a system "designed to facilitate social ostracism" by placing registrants "under a probationary surveillance system in perpetuity." *Id.*, ¶ 18.

As the opinion itself notes, *Hinman* joins the "a growing body of caselaw in other jurisdictions regarding the constitutionality of applying similar laws retroactively." *Id.*, ¶ 11; *see also id.* ¶ 14 n.10, ¶ 19 n.11, ¶ 22 n.12, ¶ 23 n.13 (compiling growing body of caselaw finding modern restrictive sex offender registration schemes punitive).

Idaho's Sexual Offenders Registration Notification and Community Right-to-Know Act, I.C. § 18-8301, *et seq.*, is even more punitive than the law *Hinman* found to be punitive. Idaho's law, for instance, restricts where every registrant may live, work, or loiter, and who registrants may live with. I.C. §§ 18-8327(1), 18-8329, 18-8331. Montana has no similar restrictions (save a residency restriction for offenders designated as sexually violent predators who committed a sexual offense against a victim 12 years old or younger, Mont. Code Ann. § 45-5-513). And while most of Montana's registrants can petition for release from lifetime registration after 10 years, Mont. Code Ann. § 46-23-504(1)(b), only a fraction of Idaho's registrants—and none of the Plaintiffs here—can ever do the same, I.C. § 18-8310.

*Hinman* provides more authority not just to deny the State's motion to dismiss, but, at the appropriate time, to find applying the restrictive amendments to the Idaho Sexual Offenders Registration Notification and Community Right-to-Know Act to people whose convictions predate the amendments violates the ex post facto clause.

This Court should deny the State's motion to dismiss based on this supplemental authority and the authority Plaintiffs provided in their opposition to the motion and at argument. And it should do so straightaway. Plaintiffs filed this case in 2016. After a successful trip to the Ninth Circuit, Plaintiffs are still prohibited from developing a record to prove their case while the State's motion to dismiss remains pending. That motion was fully briefed on October 8, 2021– more than 20 months ago. Four of the six Plaintiffs here are over 60 years old. Two are over 70. One turns 78 next month. Justice delayed any longer for these Plaintiffs will likely be justice denied.

Date:   June 15, 2023                    Respectfully submitted,

/s/ Matthew Strugar
Matthew Strugar (*pro hac vice*)

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 15, 2023, electronically filed the foregoing with the Clerk of the Court using the CMF/ECF filing system that served a true and correct copy of the foregoing to the CMF/ECF participants listed below:

Alan W. Foutz
State of Idaho, Office of the Attorney General
alan.foutz@ag.idaho.gov

Lincoln D. Wilson
State of Idaho, Office of the Attorney General
Lincoln.wilson@ag.idaho.gov

*Attorney for Defendants*

                                    */s/ Matthew Strugar*
                                    Matthew Strugar