# Exhibit G:

## Defendants' Responses to Plaintiffs' First Set of Requests for Admission

RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

KYLE D. GRIGSBY, ISB #10709
GADER WREN, ISB #12108
Deputy Attorneys General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
kyle.grigsby@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANE DOE #36; JOHN DOE #6; JOHN DOE #115; and JOHN DOE #117,<br><br>*Plaintiffs*,<br><br>v.<br><br>RAÚL LABRADOR, Attorney General of the State of Idaho, *et al.*,<br><br>*Defendants*. | Case No. 1:16-cv-429-DCN<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Defendants, by and through their counsel of record, submit the following responses to Plaintiffs' First Set of Requests for Admission. Discovery in this lawsuit is ongoing and, under I.R.C.P. 26(e), Defendants will supplement their answers accordingly. If additional relevant non-privileged documents are identified during discovery, Defendants will supplement these answers in accordance with the Idaho Rules of Civil Procedure.

### REQUESTS FOR ADMISSION

**Request for Admission No. 1**:   Idaho's sex offender registry has about 5,200 total registrants.

**Response to Request for Admission No. 1**:   Admit.

**Request for Admission No. 2**:   Idaho's sex offender registry has at least 13 registrants who are 90 years or older.

**Response to Request for Admission No. 2**:   Deny. As of April 17, 2025, there are only 12 registrants who are 90 years old or older.

**Request for Admission No. 3**:   Idaho's sex offender registry has at least 130 registrants who are 80 years old or older.

**Response to Request for Admission No. 3**:   Deny. As of April 17, 2025, there are only 126 registrants who are 80 years old or older.

**Request for Admission No. 4**:   Idaho's sex offender registry has at least 625 registrants who are 70 years old or older.

**Response to Request for Admission No. 4**:   Deny. As of April 17, 2025, there are only 605 registrants who are 70 years or older.

**Request for Admission No. 5**: Idaho's sex offender registry has at least 1,625 registrants who are 60 years old or older.

**Response to Request for Admission No. 5**: Deny. As of April 17, 2025, there are only 1605 registrants who are 60 years or older.

**Request for Admission No. 6**: Idaho's sex offender registry has at least 2,800 registrants who are 50 years old or older.

**Response to Request for Admission No. 6**: Deny. As of April 17, 2025, there are only 2794 registrants who are 50 years or older.

**Request for Admission No. 7**: Idaho's sex offender registry has a least 600 registrants whose only registrable conviction or convictions were prior to July 1, 1993.

**Response to Request for Admission No. 7**: Admit. As of April 17, 2025, there are 613 registrants whose only registrable conviction or convictions were prior to July 1, 1993.

**Request for Admission No. 8**: Idaho's sex offender registry contains registrants who were convicted of their only registerable offense or offenses 50 or more years ago.

**Response to Request for Admission No. 8**: Admit. As of April 17, 2025, there are 2 registrants who were convicted of their only registerable offense or offenses 50 or more years ago.

**Request for Admission No. 9**: As a result of amendments to SORA, thousands of people have had their registration terms retroactively extended without any individualized assessment or risk assessment (as defined above).

**Response to Request for Admission No. 9**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 9. Defendants

"ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny". I.R.C.P. 36(a)(5).

**Request for Admission No. 10**:   Idaho's sex offender registry contains thousands of registrants who have not been arrested for or convicted of a new sexual offense for ten years or more.

**Response to Request for Admission No. 10**:   Defendants object to this request as unduly burdensome. Without waiving said objection, to obtain the data required to respond to this request would require Defendants to expend more than 160 man-hours to gather and review information related to this Request from courts and possible other government entities. Dkt. 93 at 3 (explaining that the parties agree not to request ESI that would require more than 160 hours to produce). Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 10. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny". I.R.C.P. 36(a)(5).

**Request for Admission No. 11**: Hundreds of Idaho registrants have been convicted of failure to register or other SORA compliance violations.

**Response to Request for Admission No. 11**:   Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 11. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 12**:   Hundreds of Idaho registrants who were convicted of failure to register or other SORA compliance violations have been sentenced to jail or to prison for such crimes.

**Response to Request for Admission No. 12**:   Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 12. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 13**: Hundreds of Idaho registrants have had their probation revoked following a conviction for failure to register or other SORA compliance violations, or for a violation of SORA even without a conviction.

**Response to Request for Admission No. 13**:   Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 13. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 14**:   Hundreds of Idaho registrants have had their parole revoked following a conviction for failure to register or other SORA compliance violations, or for a violation of SORA even without a conviction.

**Response to Request for Admission No. 14**:   Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 14. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 15**: Thousands of Idaho registrants have been convicted of failure to register or other SORA compliance violations.

**Response to Request for Admission No. 15**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 15. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 16**: Thousands of Idaho registrants who were convicted of failure to register or other SORA compliance violations have been sentenced to jail or to prison for such crimes.

**Response to Request for Admission No. 16**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 16. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 17**: Thousands of Idaho registrants have had their probation revoked following a conviction for failure to register or other SORA compliance violations, or for a violation of SORA even without a conviction.

**Response to Request for Admission No. 17**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 17. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 18**:   Thousands of Idaho registrants have had their parole following a conviction for failure to register or other SORA compliance violations, or for a violation of SORA even without a conviction.

**Response to Request for Admission No. 18**:   Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 18. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 19**:   The risk of reoffending sexually varies among registrants.

**Response to Request for Admission No. 19**:   Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 19. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 20**:   The risk of reoffending sexually goes down the longer a person has lived offense free in the community.

**Response to Request for Admission No. 20**:   Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 20. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 21**:   Over 90 percent of people who are arrested for or convicted of a sexual offense are people who have never been arrested for or convicted of a sexual offense in the past.

**Response to Request for Admission No. 21**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 21. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 22**: Most people who are convicted of a sexual offense are never arrested for or convicted of another sexual offense.

**Response to Request for Admission No. 22**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 22. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 23**: Males convicted of sex offense in Idaho and sentenced to prison are currently given a risk assessment using a standardized instrument like the Static-99R.

**Response to Request for Admission No. 23**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 23. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 24**: The majority of males convicted of a sex offense in Idaho and sentenced to prison in the past twenty years have since been given a risk assessment using a standardized instrument like the Static-99R.

**Response to Request for Admission No. 24**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 24. Defendants

"ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 25**: The Idaho Department of Corrections has staff or contractors qualified to perform risk assessments like the Static-99R.

**Response to Request for Admission No. 25**: Defendants are without sufficient knowledge to admit or deny the allegations in Request for Admission No. 25. Defendants "ha[ve] made reasonable inquiry . . . the information it knows or can readily obtain is insufficient to enable [them] to admit or deny. I.R.C.P. 36(a)(5).

**Request for Admission No. 26**: Sex offender registration can impact plea negotiations where a defendant faces registerable sexual offense charges.

**Response to Request for Admission No. 26**: Admit.

**Request for Admission No. 27**: The Idaho State Police has not summarized or prepared reports regarding vigilantism towards or harassment of registrants.

**Response to Request for Admission No. 27**: Admit.

**Request for Admission No. 28:** The Idaho State Police does not track complaints regarding the registry by registrants, law enforcements, school/higher education institutions, employers, or landlords.

**Response to Request for Admission No. 28**: Admit.

**Request for Admission No. 29**: The Idaho State Police does not have information regarding how many times the sex offender registry has been used by the public.

**Response to Request for Admission No. 29**: Deny.

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION—8

**Request for Admission No. 30**:   The Idaho State Police has not summarized or prepared reports regarding the demographics of registrants.

**Response to Request for Admission No. 30**:   Deny.

**Request for Admission No. 31**:   The Idaho State Police does not track vigilantism towards or harassment of registrants.

**Response to Request for Admission No. 31**:   Admit.

**Request for Admission No. 32**: The State of Idaho has not analyzed whether Idaho's sex offender registry is effective in preventing sexual recidivism.

**Response to Request for Admission No. 32**:   Admit, in part. Neither Defendant analyzes whether Idaho's sex offender registry is effective in preventing sexual recidivism. The State of Idaho is not a Defendant in this case and Defendants do not have knowledge to answer on behalf of other state agencies or the State of Idaho generally.

**Request for Admission No. 33**:   The only ways in which the State of Idaho has provided information to registrants to explain what their obligations are under SORA are by making the text of SORA available online and by providing registrants with a Registration Requirements Information.

**Response to Request for Admission No. 33**:   Deny. The Idaho State Police provides registrants with various materials regarding their obligations under SORA, including annual registration notifications, quarterly registration notifications, address verification letters, legislative changes letters, and expungement letters.

**Request for Admission No. 34**: The Registration Requirements Information does not spell out every duty under SORA.

**Response to Request for Admission No. 34**: Admit that Registration Requirements Information does not spell out every duty under SORA. However, registrants are free to contact the Idaho State Police or their local sheriffs' offices to ask questions about their obligations under SORA.

**Request for Admission No. 35**: The Idaho State Police does not provide legal advice to registrants about their obligations under SORA.

**Response to Request for Admission No. 35**: Admit. The Idaho State Police is a law enforcement entity, not a law firm, and cannot provide legal advice.

**Request for Admission No. 36**: The State of Idaho does not have a help line where registrants who have questions about their obligations under SORA can get answers to such questions.

**Response to Request for Admission No. 36**: Defendants object to this question as vague. Without waiving said objection, Defendants admit only that there is not a phone number described as a "help line." However, registrants "who have questions about their obligations under SORA can get answers to such questions" by contacting the Idaho State Police or their local sheriffs' offices' to ask questions about their obligations under SORA. Accordingly, Defendants deny Request to Admission No. 36 in all other respects.

**Request for Admission No. 37**: Registrants must report the following charges in person within two working days: residential address changes, starting or discontinuing employment, name changes, and enrolling or discontinuing enrollment as a student.

**Response to Request for Admission No. 37**: Admit. These obligations are required by statute.

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION—10

**Request for Admission No. 38**: Registrants must report the following changes in person immediately: any lodging lasting seven or more days, any changes to vehicle information, any changes in designations used for self-identification in internet communications, and any changes in designations used for self-identification or routing in internet communications or postings or telephonic communications.

**Response to Request for Admission No. 38**: Admit.

**Request for Admission No. 39**: Routing is the process of selecting a path for traffic on the internet between or across multiple networks.

**Response to Request for Admission No. 39**: Admit.

**Request for Admission No. 40**: A device's IP address is a designation used for routing in internet communications.

**Response to Request for Admission No. 40**: Admit.

**Request for Admission No. 41**: The State of Idaho has the ability to obtain registrants' residential address information from the United States Postal Service and private vendors.

**Response to Request for Admission No. 41**: Defendants object to this Request for Admission as vague. Without waiving said objection, Defendants admit that the State of Idaho is able to obtain registrants' residential address information from various sources.

**Request for Admission No. 42**: The State of Idaho has the ability to obtain registrants' employment information from state and federal employment and tax records, and from private vendors.

**Response to Request for Admission No. 42**:  Defendants object to this Request for Admission as vague. Without waiving said objection, Defendants admit that the State of Idaho is able to obtain registrants' employment information from various sources.

**Request for Admission No. 43**:  Admit that the State of Idaho is able to obtain registrants' vehicle information the Idaho Transportation Department, federal databases and private vendors.

**Response to Request for Admission No. 43**:  Defendants object to this Request for Admission as vague. Without waiving said objection, Defendants admit that the State of Idaho is able to obtain registrants' vehicle information from various sources.

**Request for Admission No. 44**: The State of Idaho has the ability to obtain information about registrants' involvement in higher education from information reported to the State of Idaho and federal government by education institutional, or from private vendors.

**Response to Request for Admission No. 44**:  Defendants object to this Request for Admission as vague. Without waiving said objection, Defendants admit that the State of Idaho has multiple state institutions of higher education which would have information on registrant's involvement in higher education in Idaho, but the education records are protected by federal law.

DATED: May 1, 2025.

                                    STATE OF IDAHO
                                    OFFICE OF THE ATTORNEY GENERAL

                                    */s/ Gader Wren*
                                    GADER WREN
                                    Deputy Attorney General

                                    *Attorney for Defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on May 1, 2025, the foregoing was E-mailed to the following persons:

| | |
|---|---|
| Greg J. Fuller<br>fullerlawtwinfalls@gmail.com | David B. Rankin<br>drankin@blhny.com |
| Daniel S. Brown<br>brown_law@hotmail.com | Regina Powers<br>rpowers@blhny.com |
| Matthew Strugar<br>matthew@matthewstrugar.com | |

*Attorneys for Plaintiff*

/s/ *Gader Wren*
GADER WREN
Deputy Attorney General

DEFENDANTS' RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION—14