RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

KYLE D. GRIGSBY, ISB #10709
Deputy Attorney General
GADER WREN, ISB #12108
Assistant Solicitor General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
kyle.grigsby@ag.idaho.gov
gader.wren@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JANE DOE #36; JOHN DOE #64; JOHN DOE #115; and JOHN DOE #117,<br><br>*Plaintiffs*,<br><br>v.<br><br>RAÚL LABRADOR, Attorney General of the State of Idaho, *et al.*,<br><br>*Defendants*. | Case No. 1:16-cv-429-DCN<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS [DKT. 114-2]** |

DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS [DKT. 114-2]

Defendants submitted declarations with their Motion for Summary Judgment that are admissible evidence. Dkts. 113-3; 113-4. Plaintiffs contend that the declarations from the law enforcement officers are inadmissible because they lack foundation and offer legal conclusions. Dkt. 114-2 at 2. But these arguments should be dismissed. The declarations are provided by two individuals with a significant background supporting their statements, which is explained in the declarations. The statements also cannot be fairly characterized as objectionable due to legal conclusions.

Foundation is the "basis on which something is supported." Black's Law Dictionary (2024). Fed. R. Civ. P. 56(c)(4) requires that a declaration "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." As foundation describes a party's background and reason for having personal knowledge, the Ninth Circuit has denied challenges to declarations based on lack of foundation where an individual has personal knowledge to make statements in their declarations. *See, e.g., Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1039 (9th Cir. 2011); *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 n.9 (9th Cir. 2000). Additionally, personal knowledge and competence can reasonably be inferred from declarations and the declarant's employment position described in a declaration. *See Bordeaux v. Lions Gate Entertainment, Inc.*, 703 F.Supp.3d 1117, 1132 (C.D. Cal. 2023) (citing *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990).

Given declarants' significant law enforcement experience described in their declarations, Corporal Kernan's and Detective Whittier's declarations provide adequate foundation for their statement. The basis for the officers' opinions is well supported by their experience and training as described in their declarations. As stated in her declaration, Corporal Kernan is a law

enforcement officer for the City of Caldwell where the subject church is located. Dkt. 113-3 ¶ 1. And she has worked for the City of Caldwell since 2019, with three of those years as a patrol officer. *Id*. ¶¶ 1–3. Based on her experience, she has personal knowledge regarding the church in question and whether sex offenders may attend services at the location. The same is true of Detective Whitter—he has worked in Caldwell for years and patrolled Canyon County (which included Caldwell) for five years. Dkt. 113-4 ¶¶ 1–4. Their declarations state "[b]ased on my experience and training" a registered sex offender may attend church services and activities at Boone Memorial Presbyterian Church, Dkt. 113-3 ¶ 11; Dkt. 113-4 ¶ 14, which connects their opinion to the extensive experience they have patrolling the jurisdiction where the church is located. Given Corporal Kernan's and Detective Whittier's extensive backgrounds that show they are well qualified to make opinions provided in their declarations, reasonable foundation for their statements has been provided.

And as to Plaintiffs' legal conclusion objection, these declarations are offered for the very reason the Court suggested—to show how law enforcement interprets SORNA's provisions. Dkt. 90 at 24. The Court stated, "[Defendants] may present evidence that [Idaho Code § 18-8329(1)(b)] is not interpreted—by police or others—to preclude attendance at religious services within five hundred feet of a school or daycare on summary judgment . . . " *Id*. Thus, the Court has already concluded that such testimony is admissible and not a legal conclusion.

Accordingly, Plaintiffs' evidentiary objections are without basis and should be denied.

DATED: July 10, 2025

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/ Gader Wren
Gader Wren
Assistant Solicitor General
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on July 10, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Greg J. Fuller
fullerlawtwinfalls@gmail.com

Daniel S. Brown
brown_law@hotmail.com

Matthew Strugar
matthew@matthewstrugar.com

David B. Rankin
drankin@blhny.com

Regina Powers
rpowers@blhny.com

*Attorneys for Plaintiffs*

*/s/ Gader Wren*
Gader Wren